# EXHIBIT 20



June 13, 2018

**VIA U.S. PRIOIRTY MAIL AND EMAIL**

Apple Inc. and
Memofun Apps LLC
Attn: Thomas R. La Perle
One Apple Park Way
Cupertino, CA 95014
trademarkdocket@apple.com
laperle@apple.com

RE:     **"MEMOJI" Trademark**

Dear Mr. La Perle:

We represent Social Technologies LLC ("**Social Technologies**"), a digitally-seated enterprise, focused on bringing innovative social media products to the marketplace. Social Technologies is the owner of the pending federal trademark, Serial Number 86961925, which includes as the dominant feature the word "MEMOJI" (the "**Mark**")[1]. This Mark is currently a 1b intent to use mark which Social Technologies fully anticipates converting into a 1a actual use mark. Once converted into an actual use mark Social Technologies will maintain prior trademark rights from the original filing date of April 1, 2016.

We recently became aware of Apple Inc.'s ("**Apple**") use of the mark "MEMOJI" as well as Memofun Apps LLC's ("**Memofun**") suspended application before The United States Patent and Trademark Office with Serial Number 87397135 for the word "Memoji" (the "**Suspended Application")** (Apple's and Memofun's use of "MEMOJI" are hereinafter referred to as the "**Conflicting Marks**"). As the Conflicting Marks are used in connection with computer application software for mobile phones and other computing devices, Social Technologies would be damaged by the continued use and/or advertising of the Conflicting Marks on or in connection with Apple's or Memofun's products and services. The following recitation and analysis is solely for purposes of discussion and shall not be construed as an admission of facts or legal conclusions. This letter is not an exhaustive list of all positions, claims, rights or remedies and nothing contained herein

---

[1] The Mark lists the Goods and Services as "Computer application software for mobile phones, namely, software for recording, editing, and distributing images, videos, and audio; Computer application software for mobile phones, computers, and tablets, namely, software for recording, editing, and distributing images, videos, and audio; Downloadable mobile applications for recording, editing, and distributing images, videos, and audio; Downloadable software in the nature of a mobile application for recording, editing, and distributing images, videos, and audio"

shall be deemed to limit any of Social Technologies rights or remedies, all of which are expressly reserved. That being said, here are the facts as we understand them and respectfully state as follows:

1. During the 2018 Apple Worldwide Developers Conference (the "**WWDC**") Apple publically introduced the new "MEMOJI" feature that allows users to create virtual versions of themselves. In marketing this feature it used the Conflicting Mark and made reference to it during the WWDC as well as on several places on the Apple.com website, see generally https://www.apple.com/ios/ios-12-preview/. Apple also presumably intends to use its Conflicting Mark in several of the upcoming iOS platforms.
2. Upon information and belief, Apple is affiliated with Memofun and has an interest in the Suspended Application, filed on April 3, 2017, as it now has a corresponding attorney of record thereupon.
3. The Suspended Application appears to have been filed for goods and services in Class 09 for "*Computer application software for mobile phones and other computing devises, namely, software for creating and sending emoticons; downloadable software in the nature of a mobile application for creating and sending emoticons.*" Such use, as well as Apple's advertised "Memoji" product, is virtually indistinguishable from the Mark.
4. Upon information and belief, at the time Apple started to use the Conflicting Mark, it knew and/or should have known of Social Technologies and its Mark and related goods and services.
5. Upon information and belief, Apple's advertised goods and services are commercially related to the goods and services to be offered by Social Technologies under its pending application for the Mark, whereas both relate to computer application software.
6. The Suspended Application was also filed for goods and services within the exact same class of goods and services and with a virtually identical description of services to Social Technologies' Mark.
7. The Conflicting Marks are confusingly similar to the Social Technologies' Mark, whereas all marks contain the distinctive "MEMOJI" component as the most dominant element.
8. In point of fact, on June 26, 2017 and subsequently on June 5, 2018 the Suspended Application was suspended by the trademark examining attorney in accordance with 37 C.F.R. §2.67; TMEP §§716 *et seq* because the examiner determined that the Social Technologies Mark was a prior-filed pending application which precluded registration of Conflicting Mark on the basis of likelihood of confusion.
9. By virtue of this ruling by the UPTO, Memofun (or its predecessors) and Apple were placed on notice of Social Technologies Mark.
10. Once the Mark is converted into an actual use registration, Social Technologies will maintain prior trademark rights from the original filing date of April 1, 2016. Any continued unlawful uses of the Conflicting Marks in the interim will constitute willful infringement of the Mark and be inconsistent with Social Technologies rights in the Mark.

Given the similarity of the Mark, the Conflicting Marks, and the goods and services in question, Social Technologies would be damaged by Apple's continued use of the Conflicting Mark. The Conflicting Marks are confusingly similar to the Mark since they all contain the literal element of "MEMOJI" which forms the dominate portion of each respective marks.

In light of the foregoing, by this letter, Social Technologies hereby requests that Apple and Memofun immediately: (1) cease and desist from any and all unlawful use of the Conflicting Marks; and (2) remove any content from any website(s), social media and/or marketing materials displaying the Conflicting Marks.

Social Technologies treats this as a serious matter. Please confirm that you agree to immediately comply with the stated requests. Please provide any written reply to this letter by contacting me by email at gmavronicolas@mavrolaw.com, no later than end of business, June 22, 2018.

This letter is written without prejudice to any and all rights and remedies of our client at law or in equity, including without limitation the right to seek injunctive relief and monetary damages and attorney's fees, all of which are hereby expressly reserved.

Very truly yours,

Gregori Mavronicolas, Esq

cc:   Peter C Dee, Esq
      Social Technologies LLC