# EXHIBIT 21



Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
+1  215  994  4000  Main
+1  215  994  2222  Fax
www.dechert.com

**GLENN A. GUNDERSEN**

glenn.gundersen@dechert.com
+1 215 994 2183  Direct

June 14, 2018

**VIA EMAIL**

Gregori Mavronicolas
Mavronicolas & Dee
3 Park Avenue, 15th floor
New York, NY  10016

Re:  MEMOJI trademark -- Apple / Social Technologies

Dear Mr. Mavronicolas:

We represent Apple Inc.  We are responding to your June 13, 2018 letter on behalf of Social Technologies, in which you alleged that Apple's adoption of the MEMOJI mark constitutes trademark infringement and demanded that Apple cease use of the mark.

Your client does not currently hold any trademark rights in MEMOJI, and has no legal basis to demand that Apple cease use.  Social Technologies has only an intent-to-use application for MEMOJI in a particular design, and that application may or may not mature to registration.  If the application does indeed mature to registration, Apple will be able to cancel the registration because Apple's common law rights in the MEMOJI mark predate your client's April 1, 2016 filing date.  In order to avoid the need for such a proceeding, your client should abandon its application and any plans it may have to use MEMOJI.

You assert that Apple "knew and/or should have known of Social Technologies and its Mark and related goods and services."  However, you also indicate that you are aware of U.S. application SN 87/397,135 for MEMOJI, and that you believe Apple has an interest in that application.  Your assumption is correct -- Apple does indeed own rights in the MEMOJI mark and has become the applicant of record.  If you reviewed that application, you saw that it asserts first use in 2014, which predates your client's filing date -- and preempts your client's use of the mark.

This should come as no surprise.  If you or your client had conducted a trademark search prior to filing, it would have found a prior application asserting use of MEMOJI in 2014 as a mark for software for creating and sending emoticons.  If your client had investigated further, it would have found that the mark was still in use at the time your client filed its application.  Thus, if your client had conducted appropriate due diligence, it



Gregori Mavronicolas
June 14, 2018
Page 2

would have discovered that it was not entitled to claim trademark rights in MEMOJI because the mark was already in use.

You assert that Apple's goods are commercially related to the goods identified in your client's application, and that the Apple and Social Technologies marks are confusingly similar. If we accept your assertions, then it is Social Technologies that would infringe Apple, because Apple's rights are prior to those of your client.

Your client should therefore abandon its application and any plans it may have to use MEMOJI. Please respond by providing us with evidence of abandonment and your client's agreement not to use MEMOJI in the future.

Sincerely,

Glenn A. Gundersen