# EXHIBIT 22


**Mavronicolas & Dee LLP**
*Attorneys at Law*

June 22, 2018

**VIA EMAIL**
Glenn A. Gundersen
Dechert LLP
Cira Centre
2929 Arch St.
Philadelphia, PA  19104
glenn.gundersen@dechert.com

RE:   "MEMOJI" Trademark

Dear Mr. Gundersen:

We write on behalf of Social Technologies LLC in response to your letter of June 14, 2018

As an initial matter, we note that Memofun Apps LLC, not Apple, is the assignee of the Suspended Application, SN 87397135.  Thus, contrary to your assertion that "Apple does indeed own rights in the MEMOJI mark and has become application of record", the recent filings with the USPTO plainly indicate otherwise, despite Apple's counsel being listed as the attorney for Memofun Apps.  We assume based on your letter that you are also counsel for Memofun Apps but please let us know if that is not the case.

Our client did conduct a trademark search prior to filing and found an abandoned application by the predecessor to Memofun Apps, which, despite notice of our client's application via the June 26, 2017 Suspension Notice it received from the USPTO, failed to timely file a notice of opposition to registration of our client's trademark after publication on Dec. 5, 2017.  The Memofun-predecessor's abandoned application is consistent with the failure to launch of its product and wholesale abandonment of the mobile application which despite numerous iPhone software updates has been updated only during the first month of its release, contains links to app support and a developer website that are defunct, and social media feeds that ceased supporting the mobile application almost immediately after its release.

While we standby the contents of our letter dated June 13 (and otherwise disagree with the content of your response), we write to seek any further information that you are able to provide regarding the alleged common law rights asserted by your clients.  As such, please provide us with the specific geographic market(s) within which common law rights are asserted and on behalf of which entity, Apple and/or Memofun Apps.  Please also

**Mavronicolas & Dee LLP**
**Page 2 of 2**

provide information regarding your client(s) market penetration such that common law trademark rights could inure in such market(s), including the volume and dates of sales (or downloads); location of sales or downloads; extent of use by users; amount and timing of any advertising in connection with the alleged use of the Mark; and/or any other information you deem relevant to the rights asserted by your clients.

     This letter is written without prejudice to any and all rights, remedies and defenses of our client at law or in equity, including without limitation the right to seek injunctive relief and monetary damages and attorney's fees, all of which are hereby expressly reserved.

Very truly yours,

Peter C. Dee, Esq.