Diana M. Torres (S.B.N. 162284)
diana.torres@kirkland.com
Lauren J. Schweitzer (S.B.N. 301654)
lauren.schweitzer@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400

Dale M. Cendali (S.B.N. 1969070)
dale.cendali@kirkland.com
Mary Mazzello (admitted *pro hac vice*)
mary.mazzello@kirkland.com
Megan L. McKeown (admitted *pro hac vice*)
megan.mckeown@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800

Attorneys for Defendant Apple Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SOCIAL TECHNOLOGIES LLC, a Georgia limited liability company, | ) CASE NO.: 3:18-cv-05945-VC |
| | ) |
| Plaintiff, | ) **ANSWER TO THE COMPLAINT AND** |
| | ) **COUNTERCLAIM** |
| vs. | ) |
| | ) |
| APPLE INC., a California corporation, | ) |
| | ) |
| Defendant. | ) |

Defendant Apple Inc. ("Apple"), by and through its counsel, and for its Answer, Affirmative Defenses, and Counterclaims in response to the Complaint of Plaintiff Social Technologies LLC ("Social Tech"), states as follows:

## ANSWER

Except to the extent expressly admitted herein, Apple denies each and every allegation in Social Tech's Complaint.  The numbered paragraphs in this Answer correspond to the numbered paragraphs of the Complaint.

1.      Apple admits that the publicly-available records for the PTO indicate that, on April 1, 2016, Social Tech filed an intent-to-use application with the PTO for a "MEMOJI" design mark (the "MEMOJI Design Mark").  The PTO lists as the Description of the Mark: "The MEMOJI Design Mark consists of the stylized wording 'MEMOJI' appearing in white on a black background with a white oval with gray highlighting replacing the letter 'O,' a woman's cross-eyed face appearing within the oval with brown hair, tan skin, brown eyebrows, black and white eyes, pink cheeks and red lips. A partial reflection of the wording and design appears inverted directly below 'MEMOJI' in gray, tan, brown, black red and pink."  To the extent not expressly admitted herein, Apple denies all remaining allegations in paragraph 1 of the Complaint.

2.      Apple admits that the publicly-available records for the PTO indicate that the PTO issued a registration certificate to Social Tech for the MEMOJI Design Mark on September 18, 2018.  To the extent not expressly admitted herein, Apple denies all remaining allegations in paragraph 2 of the Complaint.

3.      Apple admits that Lucky Bunny LLC and Big 3 Ent LLC (together, the "Prior Owners") assigned their common law rights and pending application for the MEMOJI mark (Serial No. 87397135) and all associated goodwill to an Apple-owned Delaware LLC named MemoFun Apps LLC ("MemoFun") before Social Tech obtained a registration for the MEMOJI Design Mark. Apple further admits that Apple was aware of Social Tech's pending intent-to-use trademark application for the MEMOJI Design Mark when it formed MemoFun Apps LLC.  To the extent not expressly admitted herein, Apple denies all remaining allegations in paragraph 3 of the Complaint.

**ANSWER TO COMPLAINT AND COUNTERCLAIM**                                    **CASE NO. 3:18-cv-05945-VC**

4.      Apple admits that, MemoFun assigned to Apple the common law rights and pending application for the MEMOJI mark (Serial No. 87397135) together with the goodwill connected with and symbolized by the mark, after such rights and goodwill had been assigned from the Prior Owners to MemoFun.  To the extent not expressly admitted herein, Apple denies all remaining allegations in paragraph 4 of the Complaint.

5.      Apple admits that on June 4, 2018, Apple announced at its annual Worldwide Developers Conference ("WWDC") that its Memoji software feature would be part of its iOS 12 operating system and that iOS 12 became available to all users of compatible iOS devices on September 17, 2018.  To the extent not expressly admitted herein, Apple denies all remaining allegations in paragraph 5 of the Complaint and specifically denies that iOS 12 was first made available to members of the public on September 17, 2018, and that Apple infringed any rights of Social Tech.

6.      Apple admits that the Memoji software feature allows users to create customizable personalized characters that resemble the individual and then create and save animated video messages or digital stickers of the personalized characters and share them with others through the Messages app of the users' iPhone mobile devices.  To the extent not expressly admitted herein, Apple denies all remaining allegations in paragraph 6 of the Complaint and specifically denies that it infringed any rights of Social Tech.

7.      Apple admits that it was aware of Social Tech's pending trademark application for the MEMOJI Design Mark when it announced the Memoji Software feature, but that at that time Social Tech had no "MEMOJI" app in the App Store or Google Play and had not submitted a specimen of use to the PTO demonstrating use.  Apple further admits that an app bearing the MEMOJI Design Mark is listed on Google Play, that the app appears to have launched on or about June 28, 2018, and that the Google Play page for this app says it is "offered by" Social Technologies LLC.  To the extent not expressly admitted herein, Apple denies all remaining allegations in paragraph 7 of the Complaint.

8.      Apple lacks knowledge or information sufficient to form a belief as to the truth of paragraph 8 of the Complaint and therefore, denies those allegations.

2

9.      Apple admits that the publicly-available records for the PTO indicate that the PTO issued Reg. No. 5,566,242 for the MEMOJI Design Mark to Social Tech on September 18, 2018. To the extent not expressly admitted herein, Apple denies all remaining allegations in paragraph 9 of the Complaint.

10.     Apple denies that Social Tech has any valid rights to the MEMOJI mark and further denies that Memoji infringes, intentionally or otherwise, the alleged rights Social Tech claims.  The remainder of paragraph 10 contains no factual allegations to which a response is required, but to the extent any response is required, denies all remaining allegations in paragraph 10 of the Complaint.

11.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of Social Tech's Complaint, and therefore, denies those allegations.

12.     Apple admits that Apple is a corporation organized and existing under the laws of the State of California and has a principal place of business in Cupertino, California, but denies that its corporate name is "Apple, Inc." as Apple's name has no comma.

13.     Paragraph 13 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required, but to the extent a response is required, Apple admits that this Court has jurisdiction over this action.

14.     Paragraph 14 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required, but to the extent a response is required, Apple admits that that venue is proper in this district.

15.     Paragraph 15 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required, but to the extent a response is required, Apple admits that that venue in Santa Clara County is proper.

16.     Apple admits that an app bearing the MEMOJI Design Mark is listed on Google Play, that the app appears to have launched on or about June 28, 2018, and that the Google Play page for this app says it is "offered by" Social Technologies LLC.  Apple further admits that an app called Hellojis was available prior to June 28, 2018 and lists Social Technologies LLC as its developer. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

the remainder of paragraph 16 of Social Tech's Complaint, and therefore denies the allegations on that basis.

17.     Apple admits that the publicly-available records for the PTO indicate that, on April 1, 2016, Social Tech filed an intent-to-use application with the PTO for the MEMOJI Design Mark. Apple denies that the name MEMOJI was not in use on April 1, 2016.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 17 of Social Tech's Complaint, and therefore denies the allegations on that basis.

18.     Apple admits that the publicly-available records for the PTO indicate that on November 15, 2017, the PTO issued a "Notice of Publication" for the MEMOJI Design Mark, which states that "The mark of the application identified appears to be entitled to registration," and that the mark would be published on December 5, 2017.  Apple denies that the PTO issued a "Notice of Publication" to Social Tech for the word mark MEMOJI, without the stylization, design elements, and color claim, which are described on the PTO website to include the "stylized wording 'MEMOJI' appearing in white on a black background with a white oval with gray highlighting replacing the letter 'O,' a woman's cross-eyed face appearing within the oval with brown hair, tan skin, brown eyebrows, black and white eyes, pink cheeks and red lips. A partial reflection of the wording and design appears inverted directly below 'MEMOJI' in gray, tan, brown, black red and pink."

19.     Apple admits that the publicly-available records for the PTO indicate that the PTO e-mailed a Notice of Allowance for the MEMOJI Design Mark on January 30, 2018 and no opposition to the MEMOJI Design Mark was filed during the opposition period.

20.     Apple admits that on or around May 21, 2018, its agent contacted Social Tech to inquire whether Social Tech was interested in assigning its then pending Intent-to-Use application in the MEMOJI Design Mark.

21.     Apple admits that Social Tech told Apple's agent that it was not interested in selling its then pending Intent-to-Use application in the MEMOJI Design Mark.  Apple also admits that its agent declined to identify the company for which he was working.

22.     Apple admits that according to PTO records, Social Tech filed its Statement of Use on June 30, 2018, the PTO registered Social Tech's MEMOJI Design Mark on September 18, 2018 (Reg. No. 5,566,242), and the registration lists a "First Use Anywhere" and "First Use in Commerce" date of June 28, 2018.  Apple further admits that an app bearing the MEMOJI Design Mark is listed on Google Play, that the app appears to have launched on or about June 28, 2018, and that the Google Play page for this app says it is "offered by" Social Technologies LLC.

23.     Apple admits that on June 4, 2018, Apple announced at its annual WWDC conference that the Memoji software feature would be part of its iOS 12 software.  Apple admits it issued the press release located at https://www.apple.com/newsroom/2018/06/apple-previews-ios-12/, which contains the text quoted in paragraph 23 of the Complaint.  To the extent not expressly admitted herein, Apple denies all remaining allegations in paragraph 23 of the Complaint and specifically denies that it infringed any rights of Social Tech.

24.     Apple admits that it markets and promotes its Memoji software feature.  To the extent not expressly admitted herein, Apple denies all remaining allegations in paragraph 24 of the Complaint and specifically denies that it infringed any rights of Social Tech.

25.     Apple denies the allegations in paragraph 25 of Social Tech's Complaint and specifically denies that it infringed any rights of Social Tech.

26.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of Social Tech's Complaint.

27.     Apple admits that the Memoji software feature allows users to create customizable personalized characters that resemble the individual and then create and save animated video messages or digital stickers of the personalized characters and share them with others through the Messages app of the users' iPhone mobile devices.  Apple further admits that publicly-available records for the PTO indicate that Social Tech's trademark application for the MEMOJI Design Mark, U.S. Serial No. 86961925, was filed in International Class 9 and that the PTO issued a registration certificate for the MEMOJI Design Mark.  Apple further admits that its trademark application for the MEMOJI mark, U.S. Serial No. 87397135, was filed in International Class 9 and that on June 5, 2018, the PTO suspended U.S. Serial No. 87397135 because of Application Serial

5

No. 86961925.  To the extent not expressly admitted herein, Apple denies all remaining allegations in paragraph 27 of the Complaint.

28.     Apple admits it issued the press release located at https://www.apple.com/newsroom/2018/06/apple-previews-ios-12/ and that this press release contains the language quoted in paragraph 28 of Social Tech's Complaint concerning Apple's Memoji software feature.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of Social Tech's Complaint, and therefore denies the allegations on that basis and specifically denies that it infringed any rights of Social Tech.

29.     Apple admits that the Memoji software feature can be used in the Messages app on iPhone and iPad devices.  Apple further admits that an app bearing the MEMOJI Design Mark is listed on Google Play and that the Google Play page for this app says it is "offered by" Social Technologies LLC.  Apple denies the allegations in the remainder of paragraph 29 of Social Tech's Complaint and specifically denies that it infringed any rights of Social Tech.

30.     Apple denies that the allegations in paragraph 30 of Social Tech's Complaint.

31.     Apple admits that on June 4, 2018, Apple announced at its annual WWDC that the Memoji software feature would be part of iOS 12 operating system.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 31 of Social Tech's Complaint, and therefore denies the allegations on that basis and specifically denies that it infringed any rights of Social Tech.

32.     Apple admits that an app bearing the MEMOJI Design Mark is listed on Google Play, that the app appears to have launched on or about June 28, 2018, and that the Google Play page for this app says it is "offered by" Social Technologies LLC.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of Social Tech's Complaint, and therefore denies the allegations on that basis.

33.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of Social Tech's Complaint, and therefore denies the allegations on that basis and specifically denies that it infringed any rights of Social Tech.

34.     Apple denies the allegations in paragraph 34 of Social Tech's Complaint.

35.     Apple denies the allegations in paragraph 35 of Social Tech's Complaint and specifically denies that it infringed any rights of Social Tech and that Social Tech has senior rights to the MEMOJI Mark.

36.     Apple denies the allegations in paragraph 36 of Social Tech's Complaint and specifically denies that it infringed any rights of Social Tech, that Social Tech was using the MEMOJI mark or had any rights at the time Apple chose the MEMOJI mark or announced its Memoji feature, and that the assignment from Lucky Bunny was in gross.

37.     Apple denies the allegations in paragraph 37 of Social Tech's Complaint and specifically denies that there is reverse confusion.

38.     Apple admits that Social Tech sent Apple a letter on June 13, 2018 asserting that Social Tech "fully anticipates converting" its trademark application for the MEMOJI Design Mark "into a 1a actual use mark," but denies the remainder of the allegations in paragraph 38 of Social Tech's Complaint.

39.     Apple admits that it has not changed the name of its Memoji software feature but denies the remaining allegations in paragraph 39 of Social Tech's Complaint and specifically denies that it infringed any rights of Social Tech, including by willful or deliberate infringement.

40.     Apple admits that it released the iOS 12 software, including the Memoji software feature, to the general public on September 17, 2018 but specifically denies that the iOS 12 software was not made available to any members of the public prior thereto, as Apple released a beta version of its iOS 12 operating system, including the Memoji software feature, to developers and managed seed audiences on June 4, 2018 and released the public beta version of iOS 12, which also included the Memoji software feature, through Apple's Beta Software Program on June 25, 2018.  To the extent that paragraph 40 of Social Tech's Complaint contains additional factual allegations that are not legal conclusions, Apple denies those allegations and specifically denies that it infringed any rights of Social Tech.

41.     Apple denies the allegations in paragraph 41 of Social Tech's Complaint.

42.     Apple answers and incorporates by reference paragraphs 1 through 41 as though fully set forth here.

**ANSWER TO COMPLAINT AND COUNTERCLAIM**                          **CASE NO. 3:18-cv-05945-VC**

43.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of Social Tech's Complaint, and therefore denies the allegations on that basis.

44.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of Social Tech's Complaint, and therefore denies the allegations on that basis.

45.     Apple admits that an app bearing the MEMOJI Design Mark is listed on Google Play, that the app appears to have launched on or about June 28, 2018, and that the Google Play page for this app says it is "offered by" Social Technologies LLC.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of Social Tech's Complaint, and therefore denies the allegations on that basis.

46.     To the extent that paragraph 46 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations.

47.     Paragraph 47 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required.  To the extent that paragraph 47 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations and specifically denies that it infringed any rights of Social Tech.

48.     Paragraph 48 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required.  To the extent that paragraph 48 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations and specifically denies that it infringed any rights of Social Tech.

49.     Paragraph 49 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required.  To the extent that paragraph 49 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple admits that it continues to use the MEMOJI mark but denies all remaining allegations in Paragraph 49 and specifically denies that it infringed any rights of Social Tech.

50.     Paragraph 50 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required.  To the extent that paragraph 50 of Social

8

Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations and specifically denies that it infringed any rights of Social Tech.

51.     Paragraph 51 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required.  To the extent that paragraph 51 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations.

52.     Paragraph 52 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required.  To the extent that paragraph 52 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations and specifically denies that it infringed or willfully infringed any rights of Social Tech.

53.     Apple answers and incorporates by reference paragraphs 1 through 52 as though fully set forth here.

54.     Apple admits that an app bearing the MEMOJI Design Mark is listed on Google Play, that the app appears to have launched on or about June 28, 2018, and that the Google Play page for this app says it is "offered by" Social Technologies LLC.  Apple further admits that on June 4, 2018, Apple announced at its annual WWDC that its Memoji software feature would be part of its iOS 12 operating system.  Apple lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 54 of the Complaint and therefore, denies those allegations and specifically denies that it infringed any rights of Social Tech.

55.     Paragraph 55 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required.  To the extent that paragraph 55 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations and specifically denies that it infringed any rights of Social Tech.

56.     Paragraph 56 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required.  To the extent that paragraph 56 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations and specifically denies that it infringed any rights of Social Tech.

57.     Paragraph 57 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required.  To the extent that paragraph 57 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations and specifically denies that it infringed or willfully infringed any rights of Social Tech.

58.     Apple answers and incorporates by reference paragraphs 1 through 57 as though fully set forth here.

59.     Paragraph 59 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required.  To the extent that paragraph 59 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations.

60.     Paragraph 60 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required.  To the extent that paragraph 60 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations and specifically denies that it infringed any rights of Social Tech.

61.     Paragraph 61 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required.  To the extent that paragraph 61 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations.

62.     Paragraph 62 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required.  To the extent that paragraph 62 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations and specifically denies that it infringed any rights of Social Tech.

63.     Paragraph 63 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required.  To the extent that paragraph 63 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations.

64.     Apple answers and incorporates by reference paragraphs 1 through 63 as though fully set forth here.

**ANSWER TO COMPLAINT AND COUNTERCLAIM**                    **CASE NO. 3:18-cv-05945-VC**

65.     Paragraph 65 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required.  To the extent that paragraph 65 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations.

66.     Apple admits the allegations contained in paragraph 66 of Social Tech's Complaint.

67.     Apple admits that in the letter dated June 14, 2018 referenced in paragraph 66 of Social Tech's Complaint, it stated that "Apple's rights are prior to those of [Social Tech]."  Apple also admits that it filed a Petition to Cancel Social Tech's trademark registration for the MEMOJI Design Mark in which it stated that "Registrant's use of the Registered Mark in connection with Registrant's goods is likely to cause confusion as to the source of Registrant's goods."  To the extent that paragraph 67 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations and specifically denies that it infringed any rights of Social Tech.

67.     Paragraph 67[1] of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required.  To the extent that paragraph 67 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations.

68.     Paragraph 68 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required.  To the extent that paragraph 68 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations.

69.     Paragraph 69 of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required.  To the extent that paragraph 69 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations.

---

[1]     Plaintiff repeats paragraph numbering; for ease of reference, Apple has done the same.

70.     Apple answers and incorporates by reference paragraphs 1 through 70 as though fully set forth here.

70.     Paragraph 70[2] of Social Tech's Complaint consists of legal conclusions and contains no factual allegations to which a response is required.  To the extent that paragraph 70 of Social Tech's Complaint contains factual allegations that are not legal conclusions, Apple denies those allegations.

## PRAYER FOR RELIEF

Apple respectfully requests that Social Tech's request for injunctions, damages, costs, attorneys' fees, and declaratory relief be denied, Apple be awarded costs and fees incurred by defending Social Tech's Complaint, and Apple be granted any other such relief that this Court deems appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Laches and Undue Delay)

1.     Social Tech's claims against Apple are barred, in whole or in part, by laches and/or Social Tech's undue delay.

2.     The Prior Owners had a software application that operated under the trademark MEMOJI (the "MEmoji App").  The MEmoji App was available through the App Store continuously from September 22, 2014 through July 2018 and garnered significant goodwill during this time.  On May 31, 2018, the Prior Owners transferred and assigned "all right, title and interest in and to" the mark MEMOJI and the Prior Owners' pending trademark application "together with the goodwill connected with the use of and symbolized by" the mark MEMOJI to MemoFun.  On June 5, 2018, Apple recorded with the PTO the assignment of those rights from MemoFun to Apple. Apple, thus, has rights in the MEMOJI mark dating back to at least September 22, 2014.

---

[2]     Plaintiff repeats paragraph numbering; for ease of reference, Apple has done the same.

3.      Social Tech knew, or should have known, of these rights at or about that time.  Social Tech admits it knew of the use of the Prior Owners' trademark rights at least as early as April 1, 2016, when Social Tech filed its intent-to-use application for the MEMOJI mark.

4.      On June 4, 2018, Apple announced at its annual WWDC that its Memoji software feature would be part of its iOS 12 operating system.

5.      Nine days later, Social Tech sent Apple a cease and desist letter alleging that it would be damaged by Apple's use of the MEMOJI mark.

6.      Apple responded on June 14, 2018 explaining that Apple had rights to the MEMOJI mark that predated Social Tech's intent-to-use application.

7.      Social Tech responded on June 22, 2018 reaffirming its position.  Social Tech then remained silent for over three months.

8.      Apple released a beta version of its iOS 12 operating system, including the Memoji software feature, to developers and managed seed audiences on June 4, 2018.  It released the public beta version of iOS 12, which also included the Memoji software feature, through Apple's Beta Software Program on June 25, 2018.  Apple then released the iOS 12 software to the general public on September 17, 2018.  Apple also released the iPhone XS and iPhone XS Max mobile devices, both of which come pre-loaded with the iOS 12 software.

9.      On September 26, 2018, Apple petitioned the PTO to cancel Social Tech's trademark registration.

10.     Finally, on September 28, 2018, after three months of silence, and nearly four months after Apple's announcement of its Memoji software feature, Social Tech informed Apple that it had filed this lawsuit.

11.     Apple reasonably relied on Social Tech's inaction to alter its position and release iOS 12 using Memoji as the name of the software feature.

12.     It would be unjust for Apple to have to rebrand its Memoji software feature given Social Tech's inaction.

13

## Second Affirmative Defense

### (Waiver and/or Estoppel)

13.     Apple answers and incorporates by reference paragraphs 1 through 12 of its Affirmative Defenses as though fully set forth here.

14.     Social Tech's claims against Apple are barred, in whole or in part, by waiver and/or estoppel.

15.     Social Tech waived any rights to pursue this action due to its unreasonable delay.

16.     Apple reasonably relied on Social Tech's inaction in its release of iOS 12.

## Third Affirmative Defense

### (Acquiescence)

17.     Apple answers and incorporates by reference paragraphs 1 through 16 of its Affirmative Defenses as though fully set forth here.

18.     Social Tech's claims against Apple are barred, in whole or in part, by acquiescence.

19.     Social Tech, through its inaction, acquiesced to Apple's release of iOS 12.

## Fourth Affirmative Defense

### (Unclean Hands)

20.     Apple answers and incorporates by reference paragraphs 1 through 19 of its Affirmative Defenses as though fully set forth here.

21.     On information and belief, after more than two years allowing its intent-to-use trademark application for the MEMOJI Design Mark to languish, Social Tech hurriedly launched an app under the MEMOJI Design Mark after Apple announced its Memoji software feature and released the beta version of the iOS 12 software.

22.     On information and belief, Social Tech's app was not ready to be released and Social Tech's sole purpose in launching the app was to be able to claim that it had sold a product or service in interstate commerce under the MEMOJI Design Mark and thereby perfect its dormant intent-to-use trademark application, so that it could sue Apple.

23.     Social Tech's claims against Apple are barred, in whole or in part, by Social Tech's unclean hands.

**Fifth Affirmative Defense**

**(Priority)**

24.     Apple answers and incorporates by reference paragraphs 1 through 23 of its Affirmative Defenses as though fully set forth here.

25.     Social Tech's claims against Apple are barred, in whole or in part, by Apple's priority of rights.

26.     Apple's rights date back to September 22, 2014.  On the other hand, on information and belief, Social Tech filed its intent-to-use application for the MEMOJI Design Mark on April 1, 2016 and did not release its app until after Apple's purchase of the MEMOJI mark and associated goodwill from the Prior Owners, after Apple announced at its annual WWDC that its Memoji software feature would be part of its new iOS 12 operating system, and after Apple's beta releases of iOS 12, including the Memoji software feature.

27.     Accordingly, Apple has priority in the MEMOJI mark.

*          *          *

Apple reserves the right to raise additional defenses, counterclaims, cross-claims, and third-party claims not asserted herein of which it may become aware through discovery or otherwise.

## COUNTERCLAIMS

For its Counterclaims against Social Tech, Apple states and alleges the following:

### NATURE OF THE CASE

1.     Apple seeks cancellation of Social Tech's trademark registration for the MEMOJI Design Mark on the basis that Apple has prior rights in the trademark MEMOJI.

2.     The Prior Owners had a software application that operated under the trademark MEMOJI (the "MEmoji App").  The MEmoji App was available through the App Store continuously from September 22, 2014 through July 2018 and garnered significant goodwill during this time.  On May 31, 2018, the Prior Owners transferred and assigned "all right, title and interest in

15

and to" the mark MEMOJI and the Prior Owners' pending trademark application "together with the goodwill connected with the use of and symbolized by" the mark MEMOJI to MemoFun.  On June 5, 2018, Apple recorded with the PTO the assignment of those rights from MemoFun to Apple. Apple, thus, has rights in the MEMOJI mark dating back to at least September 22, 2014.

3.      On the other hand, on information and belief, Social Tech filed its intent-to-use application for the MEMOJI Design Mark on April 1, 2016 and did not release its app until after Apple's purchase of the MEMOJI mark and associated goodwill from the Prior Owners, after Apple announced at its annual WWDC that its Memoji software feature would be part of its new iOS 12 operating system, and after Apple's beta releases of iOS 12, including the Memoji software feature.

4.      Accordingly, Social Tech's trademark registration should be cancelled because Apple has priority in the MEMOJI mark.

## THE PARTIES

5.       Apple is a corporation organized under the laws of California with its principal place of business located at Cupertino, California.

6.      On information and belief, Social Tech is a limited liability company organized and existing under the laws of the State of Georgia and has a principal place of business in Atlanta, Georgia.

## JURISDICTION AND VENUE

7.      This action arises under the federal Trademark Act, 15 U.S.C. § 1051, *et seq.*  This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1367(a), 1338(a), and (b), and 15 U.S.C. § 1119.

8.      This Court has personal jurisdiction over Social Tech as Social Tech initiated litigation in this district against Apple concerning the trademark that is the subject of this counterclaim.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and/or § 1400 because, upon information and belief, Social Tech conducts substantial business directly and/or through third parties or agents in this judicial district by conducting business in this judicial district and initiated this case in this judicial district.  Furthermore, Apple conducts substantial business in

**ANSWER TO COMPLAINT AND COUNTERCLAIM**                    **CASE NO. 3:18-cv-05945-VC**

this judicial district, sells products in this district, and has been harmed by Social Tech's conduct in this judicial district.

## GENERAL ALLEGATIONS

### Prior Owners' Use of the MEmoji Mark

10.     The Prior Owners released the MEmoji App on or about September 22, 2014.  It was the first personalized emoji application in the App Store to operate under the name MEMOJI.  The MEmoji App allowed users to "TURN YOURSELF INTO AN EMOJI" and then "TEXT YOUR MEMOJI PHOTOS & VIDEOS TO YOUR FRIENDS."

11.     The Prior Owners promoted the MEmoji App through various sources, such as through Twitter and on their website www.thememojiapp.com.

12.     The MEmoji App also was publicized nationally in the media, such as in retweets from Howie Mandel, retweets from the Huffington Post, an article in USA Today, and an appearance on the Ellen DeGeneres show.

13.     In total, the MEmoji App was downloaded 92,862 times from the App Store, by consumers in all 50 states.

14.     The Prior Owners used the MEMOJI mark continuously in connection with the MEmoji App from the date the application launched until July 2018.

15.     The Prior Owners also filed two trademark applications for the MEMOJI mark.  The first was abandoned on December 28, 2015 because the Prior Owners did not file a Statement of Use for the intent-to-use portion of the application, which asserted an intent to use the mark on baseball caps and hats, shirts, and t-shirts.

16.     The Prior Owners filed a second application for the MEMOJI mark on April 6, 2017 (Serial No. 87397135) covering computer software only.

17.     The second was suspended on June 26, 2017 pending the disposition of an intent-to-use application (Serial No. 86961925) filed by Social Tech for the registration of the MEMOJI Design Mark.

**Apple Purchases the MEMOJI Mark and All Associated Goodwill**

18.     On May 31, 2018, the Prior Owners transferred and assigned to MemoFun "all right, title and interest in and to" the MEMOJI mark and pending trademark application, "together with the goodwill connected with the use and symbolized by" the MEMOJI mark.  MemoFun then transferred these rights to Apple.

19.     On June 5, 2018, Apple recorded at the PTO the assignment of Prior Owners' rights to MemoFun, and the assignment of those rights from MemoFun to Apple.

20.     With this assignment, Apple became the holder of the earliest rights for the MEMOJI mark in connection with a software product that allows users to send emojis that look like themselves.

**Social Tech's Purported Trademark Registration**

21.      On April 1, 2016, Social Tech filed an intent-to-use application for the MEMOJI Design Mark.  It did not identify the Prior Owners' MEmoji App in its trademark application.

22.     At the time it filed its application, Social Tech was aware of the Prior Owners' MEmoji App.

23.     On information and belief, at the time it filed its application, Social Tech was not using the MEMOJI Design Mark, or the word "Memoji" alone, in commerce.  It had not launched an app under a trademark that contained the word "Memoji," nor was it engaged in advertising or promotion using the word "Memoji."

24.     On June 4, 2018, Apple announced at its WWDC its Memoji software feature would be part of its iOS 12 operating system, and released a beta version of that software that same day to developers and managed seed audiences.  Apple also began immediately promoting the new feature on its website.  Apple released the public beta version of iOS 12, which also included the Memoji software feature, through Apple's Beta Software Program on June 25, 2018.

25.     On information and belief, following Apple's announcements, Social Tech hurriedly launched its own application under the MEMOJI Design Mark.  On information and belief, it did so in order to perfect its as of yet unregistered intent-to-use trademark application, so that it could obtain a registration certificate for purposes of suing Apple.  On information and belief, Social Tech

18

is offering for sale and selling in California and in interstate commerce an app under the MEMOJI Design Mark.

26.     On September 18, 2018, according to publicly-available records for the PTO, the PTO issued a registration certificate to Social Tech for the MEMOJI Design Mark.

27.     Social Tech is trying to use this registration certificate to prevent Apple from using the MEMOJI trademark.  The use-based application that Apple acquired from the Prior Owners also is being blocked from registration by Social Tech's registration for the MEMOJI Design Mark. Thus, Apple is being harmed by Social Tech's trademark registration.

## CLAIMS FOR RELIEF

## COUNT I

### Petition for Cancellation of Trademark Registration

28.      Apple incorporates and realleges by reference each and every paragraph herein as if set forth in full in this count.

29.     Social Tech's actions as alleged herein violate 15 U.S.C. § 1064.  Apple is being irreparably harmed and damaged by Social Tech's registration of the MEMOJI Design Mark, Reg. No. 5,566,242, on the principal register.

30.     Apple has rights to the MEMOJI mark that are prior to Social Tech's claimed rights.

31.     Social Tech's MEMOJI Design Mark registration falsely identifies the source of Social Tech's goods and services and is likely to cause confusion.

32.     Social Tech did not engage in bona fide use of the MEMOJI Design Mark because it used the mark merely to reserve a right in the mark.

33.     In addition, at the time Social Tech filed its application, the Prior Owners were, in fact, using the MEMOJI mark; Social Tech did not disclose the existence of this use on its application; the Prior Owners had legal rights superior to Social Tech's; Social Tech knew that the Prior Owners had prior rights in the MEMOJI mark and believed that a likelihood of confusion would result from the simultaneous use of the MEMOJI mark by the Prior Owners and Social Tech;

and (4) Social Tech, in failing to disclose these facts to the United States Patent & Trademark Office, intended to procure a registration for the MEMOJI Mark to which it was not entitled.

34.     For the foregoing reasons, Social Tech's Registration No. 5,566,242 should be cancelled.

## COUNT II

### Trademark Infringement - Lanham Act

35.     Apple incorporates and realleges by reference each and every paragraph herein as if set forth in full in this count.

36.     Social Tech's actions as alleged herein violate at least Section 43(a) of the Lanham Act.

37.     Social Tech's Reg. No. 5,566,242 is invalid and should not have been granted because Apple has rights to the MEMOJI mark that are prior to Social Tech's claimed rights.

38.     Apple is the rightful owner of the MEMOJI mark, which is valid and has priority over Social Tech's registration.

39.     Apple, by and through the Prior Owners, has used the MEMOJI mark continuously since at least September 22, 2014.

40.     Social Tech's use of the MEMOJI mark infringes Apple's rights.  Social Tech's use of the MEMOJI mark is likely to continue to cause confusion as to the source, sponsorship, affiliation, or association of Social Tech's goods.

41.     Social Tech's actions have caused Apple irreparable injury, at least in the form of loss of control over Apple's brand, which cannot be quantified.

42.     Apple is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 restraining and enjoining Social Tech and all persons acting on its behalf or at its direction from using in commerce the MEMOJI mark or any colorable imitation thereof.

43.     Pursuant to 15 U.S.C. § 1117, Apple is also entitled to recover Social Tech's profits and Apple's costs of suit.

**ANSWER TO COMPLAINT AND COUNTERCLAIM**                    **CASE NO. 3:18-cv-05945-VC**

44.     Social Tech's willful infringement of Apple's MEMOJI mark with knowledge of Apple's prior rights and no justification renders this an exceptional case and entitles Apple to its reasonable attorneys' fees and punitive damages.

## COUNT III

### Trademark Infringement - Common Law

45.     Apple incorporates and realleges by reference each and every paragraph herein as if set forth in full in this count.

46.     Social Tech's actions as alleged herein violate at least Apple's common law rights in the MEMOJI mark under California law.

47.     Apple, by and through the Prior Owners, has used the MEMOJI mark continuously since at least September 22, 2014 in California.

48.     The Prior Owners promoted the MEmoji App through various sources, such as through Twitter and on their website www.thememojiapp.com.  The MEmoji App also was publicized nationally in the media, such as in retweets from Howie Mandel, retweets from the Huffington Post, an article in USA Today, and an appearance on the Ellen DeGeneres show.  In total, the MEmoji App was downloaded 92,862 times from the App Store, by consumers in all 50 states

49.     Social Tech's use of the MEMOJI mark infringes on Apple's rights.  Social Tech's use of the MEMOJI mark has caused and is likely to continue to cause confusion as to the source, sponsorship, affiliation, or association of Social Tech's goods.

50.     Social Tech's actions have caused Apple irreparable injury, at least in the form of loss of control over Apple's brand, which cannot be quantified.

51.     Apple is entitled injunctive relief restraining and enjoining Social Tech and all persons acting on its behalf or at its direction from using in commerce the MEMOJI mark or any colorable imitation thereof.

52.     Apple is also entitled to recover Social Tech's profits and Apple's costs of suit.

53.     Social Tech's willful infringement of Apple's MEMOJI mark with knowledge of Apple's prior rights and no justification renders this an exceptional case and entitles Apple to its reasonable attorneys' fees and punitive damages.


## PRAYER FOR RELIEF

Wherefore, Apple prays that this Court enter judgment in its favor on its claim for relief set forth above and aware it relief including, but not limited to, the following:

1. Cancelling Registration No. 5,566,242;

2. Injunctive relief enjoining Social Tech and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce Apple's MEMOJI mark or any colorable imitation or confusingly similar variation thereof;

3. Costs, expenses, attorneys' fees, and other fees under, among others, 15 U.S.C. § 1117(a) *et seq.* as an exceptional case;

4. Social Tech's profits attributable to is unauthorized use of Apple's MEMOJI mark;

5. Social Tech's unjust enrichment from its unauthorized use of Apple's MEMOJI mark; and

6. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Apple hereby demands a jury trial as to all issues that are so triable.


Dated: October 22, 2018                         Respectfully submitted,

                                                KIRKLAND & ELLIS LLP


                                                */s/ Dale M. Cendali*
                                                Dale M. Cendali (S.B.N. 1969070)

                                                Attorney for Defendant Apple Inc.

## <u>CERTIFICATE OF SERVICE</u>

On October 22, 2018, I electronically filed the foregoing with the Clerk of the Court by using

CM/ECF system which will send a notice of electronic filing to all persons registered for ECF.  All

copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.


_____*/s/ Dale M. Cendali*_____
Dale M. Cendali