UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIAL TECHNOLOGIES LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No. 18-cv-05945-VC<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 4 |

       The motion for a preliminary injunction is denied. To begin, Social Tech has not shown that it will be irreparably harmed if Apple is not enjoined. *See Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013). Social Tech primarily argues that it will lose control of its business reputation if Apple continues to use the MEMOJI mark, but Social Tech cannot lose something it never had. It may be that Social Tech has invested in the MEMOJI brand, but it has not presented any concrete evidence that this investment has yielded results with respect to goodwill or reputation. Because Social Tech stands to lose only money and business opportunity, it can be compensated by damages in the event it ultimately prevails. *See Herb Reed*, 736 F.3d at 1250.

      That is not to say that a nascent user of a mark could never establish irreparable harm. A company could certainly demonstrate that its early use of a mark had fostered some degree of goodwill that was protectable only by a preliminary injunction. But a company must do more than point to the possibility of developing goodwill. And here, Social Tech relies entirely on the reputation it might have created at some point in the future. In other words, Social Tech's argument fails not because it was a "tiny startup company," but because it was a company

lacking a marketable product or any accompanying brand identity.

      Given that, it is also questionable – at best – whether Social Tech will succeed on the merits. Social Tech filed its Statement of Use just two days after rushing to release its MEMOJI app. Absent any evidence regarding when or how many times the app had been sold when Social Tech filed its statement, it is unclear that Social Tech had used the mark "in commerce" as necessary to secure a valid trademark registration. *See* 15 U.S.C. § 1127. And even if Social Tech clears that hurdle, Apple has a reasonable argument that Social Tech's registration should be cancelled based on Lucky Bunny's prior use of the mark. *See* 15 U.S.C. § 1052(d). In short, Social Tech is not entitled to enjoin Apple on a shaky claim with no evidence of irreparable harm. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (describing "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief").

      **IT IS SO ORDERED.**

Dated: November 6, 2018

                                VINCE CHHABRIA
                                United States District Judge