Nicholas Ranallo (SBN 275016)
nranallo@mavrolaw.com
MAVRONICOLAS & DEE LLP
2443 Fillmore St., #380-7508
San Francisco, CA 94115
T: (831) 607-9229
F: (831) 533-5073

Peter Dee (*pro hac vice*)
pdee@mavrolaw.com
MAVRONICOLAS & DEE LLP
3 Park Avenue, 15th Floor
New York, NY 10016
T: (646) 770-1256
F: (866) 774-9005

*Attorneys for Plaintiff Social Technologies LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SOCIAL TECHNOLOGIES LLC, a Georgia limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case Number: 3:18-cv-05945-VC<br><br>**PLAINTIFF SOCIAL TECHNOLOGIES LLC'S ANSWER TO DEFENDANT APPLE INC.'S COUNTERCLAIMS** |

Plaintiff and Counter-Defendant Social Technologies LLC ("Plaintiff" or "Social Tech") hereby answers the allegations of Defendant and Counterclaimant Apple Inc. ("Defendant" or "Apple") set forth in its Counterclaims, on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## ANSWER TO COUNTERCLAIMS

To the extent the Counterclaims assert conclusions of law, such conclusions of law require no response in this Answer.  Except to the extent expressly admitted herein, Social Tech denies each and every allegation in Apple's Counterclaims.

1. Social Tech admits that Apple seeks cancellation of Social Tech's trademark Registration No. 5,566,242.  Social Tech denies all remaining allegations in paragraph 1 of the Counterclaims.

2. Social Tech denies that the "MEmoji App" garnered significant goodwill from September 22, 2014 through July 2018, and denies that Apple has rights in the MEMOJI mark dating back to at least September 22, 2014.  Social Tech lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 2 of the Counterclaims, and on that basis, denies those allegations.

3. Social Tech admits that it filed its intent-to-use application for the MEMOJI Design Mark on April 1, 2016, and admits that it released its app after Apple announced at its 2018 WWDC that its Memoji software feature would be part of the its new iOS 12 operating system.  Social Tech denies that it did not release its app until after Apple's purchase of the MEMOJI mark and associated goodwill from Prior Owners as not such right(s) in the MEMOJI mark or goodwill existed to transfer to Apple from Prior Owners.  Social Tech lacks knowledge

or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 3 of the Counterclaims, and on that basis, denies those allegations.

4. Social Tech denies the allegations in paragraph 4 of Apple's Counterclaims.

5. Social Tech lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 5 of the Counterclaims, and on that basis, denies those allegations.

6. Social Tech admits the allegations in paragraph 6 of Apple's Counterclaims.

7. Paragraph 7 of Apple's Counterclaims consist of legal conclusions and contains no factual allegations to which a response is required.

8. Paragraph 8 of Apple's Counterclaims consist of legal conclusions and contains no factual allegations to which a response is required, but to the extent a response is required, Social Tech admits that Social Tech initiated litigation in this district against Apple, and otherwise denies the remaining factual allegations in paragraph 8 of the Counterclaim.

9. Paragraph 9 of Apple's Counterclaims consist of legal conclusions and contains no factual allegations to which a response is required.  To the extent a response is required, Social Tech admits that venue is proper in this judicial district, but denies that Apple has been harmed by Social Tech's conduct in this judicial district.

10. Social Tech lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of the Counterclaims, and on that basis, denies those allegations.

11. Social Tech lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 11 of the Counterclaims, and on that basis, denies those allegations.

12. Social Tech lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 12 of the Counterclaims, and on that basis, denies those allegations.

13. Social Tech lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the Counterclaims, and on that basis, denies those allegations.

14. Social Tech denies the allegations in paragraph 14 of Apple's Counterclaims.

15. Social Tech admits that publicly-available records for the PTO indicate that Prior Owners filed two trademark applications for the MEMOJI mark. Social Tech admits that the first asserted an intent to use the mark on baseball caps and hats, shirts, and t-shirts, and that it was abandoned on December 28, 2015. The same application also included a use-based portion covering computer software which was also abandoned on December 28, 2015. Social Tech denies the remainder of the allegations in paragraph 15 of the Counterclaims.

16. Social Tech admits that publicly-available records for the PTO indicate that Prior Owners filed a second application for the MEMOJI mark on April 3, 2017 – not April 6, 2017 – covering computer software only.

17. Social Tech admits that publicly-available records for the PTO indicate that Prior Owners' second application for the MEMOJI mark was suspended on June 26, 2017 because, if Social Tech's prior-filed pending application registers (which it since has), Prior Owners' mark may be refused registration under Trademark Act Section 2(d) because of a likelihood of confusion with Social Tech's registered mark. To the extent not expressly admitted herein, Social Tech denies the remainder of the allegations in paragraph 17 of the Counterclaims.

18. Social Tech denies that Prior Owners had rights or goodwill in the MEMOJI mark to transfer to Memofun, and denies that Memofun had rights or goodwill in the MEMOJI mark to transfer to Apple. Social Tech lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 18 of the Counterclaims, and on that basis, denies those allegations.

19.  Social Tech denies that Prior Owners had rights or goodwill in the MEMOJI mark to transfer to Memofun, and denies that Memofun had rights or goodwill in the MEMOJI mark to transfer to Apple.  Social Tech admits that the publicly-available records for the PTO indicate that on June 5, 2018, Apple recorded at the PTO the assignment of Prior Owners' purported rights to MemoFun, and the assignment of those purported rights from MemoFun to Apple.

20.  Social Tech denies the allegations in paragraph 20 of Apple's Counterclaims.

21.  Social Tech admits the allegations in paragraph 21 of Apple's Counterclaims.

22.  Social Tech admits that at the time it filed its application, it was aware of Prior Owners' abandoned PTO application and abandoned mobile application.  Social Tech denies the remainder of the allegations in paragraph 22 of Apple's Counterclaims.

23.  Social Tech admits the allegations in paragraph 23 of Apple's Counterclaims.

24.  Social Tech admits that on June 4, 2018, Apple announced at its WWDC its Memoji software feature would be part of its iOS 12 operating system.  Social Tech lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 24 of the Counterclaims, and on that basis, denies those allegations.

25.  Social Tech admits that it advanced the planned release date for its mobile application and is offering for free download of the app with in-app purchases for sale in California and in interstate commerce under the Memoji Design Mark.  Social Tech denies the remainder of the allegations in paragraph 25 of the Counterclaims.

26.  Social Tech admits the allegations in paragraph 26 of Apple's Counterclaims.

27.  Social Tech admits that it is using the rights conferred by its constructive use date of April 1, 2016 and registered trademark, Reg. No. 5,566,242 to prevent Apple from using the MEMOJI trademark.  Social Tech admits that publicly-available records for the PTO indicate

that Prior Owners' second application for the MEMOJI mark was suspended on June 26, 2017 because, if Social Tech's prior-filed pending application registers (which is since has), Prior Owners' mark may be refused registration under Trademark Act Section 2(d) because of a likelihood of confusion with Social Tech's registered mark. To the extent not expressly admitted herein, Social Tech denies the remainder of the allegations in paragraph 27 of the Counterclaims.

28. Social Tech hereby realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.

29. Social Tech denies the allegations in paragraph 29 of Apple's Counterclaims.

30. Social Tech denies the allegations in paragraph 30 of Apple's Counterclaims.

31. Social Tech denies the allegations in paragraph 31 of Apple's Counterclaims.

32. Social Tech denies the allegations in paragraph 32 of Apple's Counterclaims.

33. Social Tech denies the allegations in paragraph 33 of Apple's Counterclaims.

34. Social Tech denies the allegations in paragraph 34 of Apple's Counterclaims.

35. Social Tech hereby realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.

36. Social Tech denies the allegations in paragraph 36 of Apple's Counterclaims.

37. Social Tech denies the allegations in paragraph 37 of Apple's Counterclaims.

38. Social Tech denies the allegations in paragraph 38 of Apple's Counterclaims.

39. Social Tech denies the allegations in paragraph 39 of Apple's Counterclaims.

40. Social Tech denies the allegations in paragraph 40 of Apple's Counterclaims.

41. Social Tech denies the allegations in paragraph 41 of Apple's Counterclaims.

42. Social Tech denies the allegations in paragraph 42 of Apple's Counterclaims.

43. Social Tech denies the allegations in paragraph 43 of Apple's Counterclaims.

44. Social Tech denies the allegations in paragraph 44 of Apple's Counterclaims.

45. Social Tech hereby realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.

46. Social Tech denies the allegations in paragraph 46 of Apple's Counterclaims.

47. Social Tech denies the allegations in paragraph 47 of Apple's Counterclaims.

48. Social Tech lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 48 of the Counterclaims, and on that basis, denies those allegations.

49. Social Tech denies the allegations in paragraph 49 of Apple's Counterclaims.

50. Social Tech denies the allegations in paragraph 50 of Apple's Counterclaims.

51. Social Tech denies the allegations in paragraph 51 of Apple's Counterclaims.

52. Social Tech denies the allegations in paragraph 52 of Apple's Counterclaims.

53. Social Tech denies the allegations in paragraph 53 of Apple's Counterclaims.

## ANSWER TO PRAYER FOR REIEF

Social Tech admits that Apple seeks the relief requested, but denies that Apple is entitled to any of the relief it requests in its Prayer for Relief, including Paragraphs 1 through 6 of the Prayer for Relief. Social Tech respectfully requests that Apple's request for injunctions, damages, costs, attorneys' fees, and cancellation be denied, Social Tech be awarded costs and fees incurred by defending Apple's Counterclaims, and Social Tech be granted any other such relief that this Court deems appropriate.

## AFFIRMATIVE DEFENSES

As to affirmative defenses to the Counterclaims, Social Tech does not, by stating the matters set forth in these defenses, allege or admit that it has the burden of proof or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion on any matters as to which Apple has the burden of proof or persuasion.  The following affirmative defenses are based on Social Tech's knowledge, information, and belief at this time, and Social Tech specifically reserves the right to modify, amend, or supplement any affirmative defense not contained in this Answer.  Social Tech reserves the right to assert other defenses as information is gathered through discovery and investigation.

### First Affirmative Defense

### (Laches and Undue Delay)

1. Apple's claims against Social Tech are barred, in whole or in part, by laches and/or Apples undue delay.  Apple and/or its predecessors unreasonably delayed to enforce its rights, if any, despite its full awareness of Social Tech's actions and PTO application prior to the opposition period.

2. Social Tech has been promoting its forthcoming Memoji app online since January 2017.

3. Apple, by its predecessors, had notice of Social Tech's intent to use PTO application at least as early as June 26, 2017, when the PTO expressly notified Apple's predecessors of Social Tech's pending intent to use application, well before the opposition period.  No opposition was filed.

4. Social Tech reasonably relied on Apple and/or its predecessors inaction to alter its position and develop, promote and release its Memoji app using the Memoji mark.

5.	It would be unjust for Social Tech to have to rebrand its Memoji app given Apple's inaction.

## Second Affirmative Defense

### (Abandonment)

6.	Apples claims set forth in the Counterclaims are barred by the abandonment of any rights Apple's predecessors may have had.

## Third Affirmative Defense

### (Waiver and/or Estoppel)

7.	Each of the purported claims set forth in the Counterclaims are barred by the doctrines of waiver and/or estoppel.

8.	Apple waived any rights to pursue its Counterclaims due to its or its predecessors unreasonable delay, including failing to oppose Social Tech's PTO application despite express notice of same, and/or in failing to respond to Social Tech's letter requesting information regarding Apple's asserted purported rights, dated June 22, 2018.

9.	Social Tech reasonably relied on Apple's inaction in developing, promoting and releasing its Memoji app.

## Fourth Affirmative Defense

### (Unclean Hands)

10.	Apple's claims are barred in whole or in part by the doctrine of unclean hands.

## Fifth Affirmative Defense

### (Priority)

11.	Apple's claims against Social Tech are barred, in whole or in part, by Social Tech's priority of rights.

12. Social Tech's priority dates back to April 1, 2016, before Apple's use of the MEMOJI mark.

### Sixth Affirmative Defense

### (Acquiescence)

13. Social Tech repeats paragraphs 1-12 of these affirmative defenses. Each of the purported claims set forth in the Counterclaims are barred by the doctrines of acquiescence.

### Seventh Affirmative Defense

### (Failure to Mitigate)

14. Apple has failed to mitigate its damages, if any, and any recovery should be reduced or denied accordingly.

### Eighth Affirmative Defense

### (Failure to State a Claim)

15. The claims of the Counterclaims are barred, in whole or in part, for failing to state a claim upon which relief can be granted.

### Ninth Affirmative Defense

### (Good Faith)

16. The claims of the Counterclaims are barred, in whole or in part, by the doctrine of good faith.

### Tenth Affirmative Defense

### (Duplicative Claims)

17. Without admitting that the Counterclaims state a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

### Eleventh Affirmative Defense

### (No Damage)

18.     Without admitting that the Counterclaims state a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Social Tech in the Counterclaims, and the relief prayed for in the Counterclaims therefore cannot be granted.

### Twelfth Affirmative Defense

### (No Willful Conduct)

19.     Apple's claims for enhanced damages and an award of fees and costs against Social Tech have no basis in fact or law and should be denied.

### Thirteenth Affirmative Defense

### (Non-Infringement)

20.     Social Tech has not infringed any applicable trademarks under federal or state law.

### Fourteenth Affirmative Defense

### (Lack of Ownership of Valid Trademark Rights)

21.     Apple's Counterclaims fail because Apple does not own valid rights in the MEMOJI mark.

### JURY DEMAND

A jury trial is demanded on all issues so triable.

Dated:  November 13, 2018

> MAVRONICOLAS & DEE LLP
>
> By: /s/Peter Dee
> Peter Dee (*pro hac vice*)
> Nicholas Ranallo (SBN 275016)
> *Attorneys for Plaintiff Social Technologies LLC*