UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Social Technologies, LLC <br>     Plaintiff(s), <br><br> vs. <br><br> Apple Inc. <br>     Defendant(s). | Case Number: 3:18-cv-05945-VC <br><br> **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

Defendant Apple Inc. ("Defendant" or "Apple") has been served. This court has subject matter jurisdiction based on 28 U.S.C. §1331 (federal question) and §1338 (actions involving trademarks).

2. <u>Facts</u>
*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Social Technologies ("Plaintiff" or "Social Tech") filed an intent-to-use trademark application with the U.S. Patent and Trademark Office ("PTO") for a "MEMOJI" design mark ("MEMOJI & Design Mark") on April 1, 2016 for "Computer application software for mobile phones, namely, software for recording, editing, and distributing images, videos, and audio; computer application software for mobile phones, computers, and tablets, namely, software for recording, editing, and distributing images, videos, and audio; downloadable mobile applications for recording, editing, and distributing images, videos, and audio; downloadable software in the nature of a mobile application for recording, editing, and distributing images, videos, and audio." Reg. No. 5566242. Social Tech claims that it sought to register the MEMOJI & Design Mark to use in connection with a mobile app, that would allow users to edit and send photos and videos as real-life emoji messages. Social Tech further claims that it began courting investors the same month and that it has been marketing its app under the MEMOJI mark on the Internet since January 4, 2017.

Apple claims that on May 31, 2018, a wholly owned subsidiary of Apple, MemoFun Apps LLC ("MemoFun"), entered an agreement with Lucky Bunny LLC and Big 3 ENT, LLC (together, "Lucky Bunny") to acquire Lucky Bunny's trademark rights to the mark MEMOJI. Apple claims that Lucky Bunny had released an app using the MEMOJI mark in October 2014, which remained available on the Apple App Store through July 2018. Apple further claims that MemoFun then assigned to Apple the rights MemoFun acquired from Lucky Bunny. On June 4, 2018, Apple announced its new iPhone operating system, including a new feature it calls Memoji that allows users to make customizable personalized characters that resemble the individual.

Social Tech was aware of Apple's announcement and claims to have had to advance the development of its app in effort order to mitigate the damage caused by Apple's use of the MEMOJI mark and stem the loss of control and goodwill caused by Apple's announcement. Social Tech released its app on June 28, 2018.  Social Tech claims that it has used the mark since April 2016 in seeking investors and as of January 2017 in online marketing, and has asserted first use and use in commerce to the PTO based on its June 28, 2018 release.  The PTO issued to Social Tech a registration for the MEMOJI & Design Mark on September 18, 2018.  Apple does not have a registration for the mark "MEMOJI" in the United States, but claims to have acquired a pending in-use application for MEMOJI that Lucky Bunny filed on April 3, 2017. Lucky Bunny's in-use trademark application for MEMOJI was suspended by the PTO in 2017 because Social Tech had already filed an intent-to-use application, which Lucky Bunny failed to oppose. Lucky Bunny also abandoned a prior application for the MEMOJI mark.

Social Tech claims that consumers have expressed confusion and frustration with Social Tech because its app is not Apple's and that Social Tech's marketing efforts have been drowned by the attention to Apple's use of the MEMOJI mark.  Apple claims that Social Tech has no trademark rights and that Apple is the senior user of the MEMOJI mark.

3.  Legal Issues
*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiff asserts that Apple lacks nationwide common law right in the MEMOJI name for mobile messaging software.  Plaintiff asserts Lucky Bunny failed to achieve sufficient market penetration in any geographic region to establish common law trademark rights in the "Memoji" mark.  Even if at some point Lucky Bunny had established common law rights

somewhere (which Plaintiff asserts it did not), Plaintiff asserts that Lucky Bunny failed to continuously use the Memoji mark, abandoning its app almost as soon as it was released. Plaintiff argues that without continuous use and market penetration, Apple cannot establish common law rights prior to Social Tech's constructive use date of April 1, 2016.

Plaintiff asserts that it is entitled to a permanent injunction (15 U.S.C. § 1116) enjoining Apple's use of Memoji and damages.

On November 6, 2018, this Court denied Plaintiff's motion for a preliminary injunction. Among other things, the Court found that there was "no evidence of irreparable harm" and that "[b]ecause Social Tech stands to lose only money and business opportunity, it can be compensated by damage in the event it ultimately prevails." Nov. 6, 2018 Order at 1–2.

Apple claims that it is the senior user of the MEMOJI mark by virtue of having acquired common law rights from Lucky Bunny. Apple claims that Social Tech, as the junior user, is infringing Apple's rights and that Apple is entitled to injunctive relief, Social Tech's profits, and costs and attorneys' fees. Apple also seeks to cancel Social Tech's trademark registration on the grounds that Apple's rights are senior, and further challenges Social Tech's registration as invalid because Social Tech did not have actual use on the date it claims.

4. Motions
*All prior and pending motions, their current status, and any anticipated motions.*

Plaintiff previously filed a motion seeking a preliminary injunction. This motion was denied by Order dated November 6, 2018. There are no pending motions. The parties anticipate motions for summary judgment.

5. Amendment of Pleadings
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

At this time neither party anticipates further amendment of the pleadings.

6. Evidence Preservation

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding ESI issues and preservation of evidence.

7. Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

The parties have agreed to exchange initial disclosures within 14 days following the case management conference scheduled for January 8, 2019.

8. Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

Neither party has propounded discovery requests to date. The parties anticipate conducting written discovery and depositions on issues related to liability and damages, including from third parties but, as set forth below, request bifurcation so that liability may be decided before any complex discovery on damages. The parties do not anticipate any other changes or departures from the federal rules.

9. Class Actions

*If a class action, a proposal for how and when the class will be certified.*

Not Applicable.

10. Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

There are no related cases pending before this or another district court. The parties do have a pending action in the PTO wherein Apple has sought cancellation of Social Tech's trademark, Cancellation Petition No. 92069578. The action in the PTO has been stayed pending the outcome of the instant case.

11. Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff has sought a permanent injunction against further infringement, and monetary damages based on royalty fees, Defendant's profits and costs of remedial advertising necessary to remedy the damage caused by infringement.

As relief for its counterclaims, Apple seeks injunctive relief preventing Social Tech from using the trademark MEMOJI; Social Tech's profits attributable to its infringing use of the trademark MEMOJI; Social Tech's unjust enrichment from its improper use of the trademark MEMOJI; and cancellation of Social Tech's trademark registration. Apple also seeks costs, expenses, and attorneys' fees because this is an exceptional case given that Apple has priority in the MEMOJI mark, which it demonstrated in connection with preliminary injunction briefing.

12. Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred*

*option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have discussed settlement and ADR and have agreed that they would prefer an early settlement conference with a magistrate. The parties are considering the following magistrates for this purpose:

- Judge Ryu
- Judge Laporte
- Judge Kim

### 13. Consent to Magistrate Judge For All Purposes

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*      ____ YES   __x__ NO

The parties have previously declined magistrate jurisdiction in this matter.

### 14. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

Not Applicable.

### 15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The parties request that this matter be bifurcated between issues of liability and damages, as both parties believe such bifurcation would expedite this case.

### 16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited*

*Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not believe that this matter can be handled under the Expedited Trial Procedure set forth in General Order 64.

17. Scheduling

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The parties suggest the following deadlines on issues of liability.  In the event the Court agrees to bifurcation, the parties would request an abbreviated discovery period on the issue of damages following trial on the issue of liability.

Deadline to Amend Pleadings: March 8, 2019

Deadline to Complete ADR:  April 5, 2019

Further CMC: May 7, 2019

Deadline to Complete Fact Discovery:  June 4, 2019

Opening Expert Reports:  July 2, 2019

Rebuttal Expert Reports:  August 9, 2019

Expert Discovery Cutoff: August 29, 2019

Brief #1 Dispositive Motions:  September 13, 2019

Brief #2 Dispositive Motions:  October 10, 2019

Brief #3 Dispositive Motions:  October 24, 2019

Brief #4 Dispositive Motions:  November 7, 2019

Dispositive Motions Hearing: November 21, 2019

Pretrial Conference: January 27, 2020

Liability Trial: February 10, 2020

18. Trial

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiff has requested a jury trial on all issues so triable. The parties anticipate that trial on liability issues could be limited to 3-5 days.

19. Disclosure of Non-party Interested Entities or Persons
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Each party has filed its Certification of Interested Entities or Persons in accordance with local rules.

20. Professional Conduct
*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other
*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Not Applicable.

Respectfully Submitted,

| | |
|---|---|
| Dated: 1/2/19 | /s/ Peter Dee |
| | Counsel for plaintiff |
| | |
| Dated: 1/2/19 | /s/ Diana Torres |
| | Counsel for defendant |

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE