**Pierce Bainbridge Beck Price & Hecht LLP**
John M. Pierce (SBN 250443)
jpierce@piercebainbridge.com
600 Wilshire Boulevard, Suite 500
Los Angeles, California 90017
(213) 262-9333

David L. Hecht (*pro hac vice*)
dhecht@piercebainbridge.com
20 West 23rd St Fifth Floor
New York, NY 10010
(212) 484-9866

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Social Technologies LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**Apple Inc.**<br><br>Defendant. | Case No. CV 18-05945-VC<br><br>**PLAINTIFF SOCIAL TECHNOLOGIES LLC'S OPPOSITION TO CHRISTOPHER ANTHONY'S MOTION TO INTERVENE**<br><br>Judge:          Hon. Vince Chhabria<br>Date Filed:     September 27, 2018<br>Trial Date:    February 10, 2020 |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii,iii

I.      INTRODUCTION ............................................................................................................. 1

II.     BACKGROUND ................................................................................................................ 2

III.    ARGUMENT ...................................................................................................................... 3

        A.      Legal Standard ...................................................................................................... 3

        B.      Legal Argument .................................................................................................... 4

                1.      Anthony Cannot Intervene as a Matter of Right Because His Untimely
                        Motion Does Not Demonstrate a Significant Protectable Interest ................... 4

                        a.      Anthony's Motion Is Not Timely ........................................................ 4

                        b.      Anthony Has No Trademark Rights Related to This Action ................ 5

                        c.      Anthony's Ability to Protect His Interest, If Any, Would Not Be
                                Impaired By The Disposition of This Action ...................................... 8

                2.      Anthony Should Not Be Permitted to Intervene Because Intervention
                        Would Prejudice Social Tech and Not Further Judicial Economy ................... 8

IV.     CONCLUSION ................................................................................................................. 10

CERTIFICATE OF SERVICE ........................................................................................... 11

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**............................................................................................................... **Pages**

3

*Associated General Contractors of California v. Secretary of Commerce of U. S. Dept.*
4   *of Commerce,*
       77 F.R.D.31 (C.D.Cal. 1977)............................................................................ 9
5

*California Dept. of Toxic Substances Control v. Commercial Realty Projects, Inc.,*
6      309 F.3d 1113 (9th Cir.(Cal.) 2002) ................................................................ 4

7   *Casual Corner Associates, Inc. v. Casual Stores of Nevada, Inc.,*
       493 F.2d 709, (9th Cir.(Cal.)1974) .................................................................. 6
8

9   *Committee for Idaho's High Desert, Inc. v. Yost,*
       92 F.3d 814, (9th Cir.(Idaho) 1996) ................................................................. 8
10

11  *Dilks v. Aloha Airlines,*
       642 F.2d 1155, (9th Cir.(Hawai'i)  1981) ........................................................ 6
12

*Donnelly v. Glickman,*
13     159 F.3d 405 (9th Cir.(Cal.) 1998) .............................................................. 4, 5

14  *Flynn v. Hubbard,*
       782 F.2d 1084, (1st Cir.(Mass.) 1986)............................................................. 6
15

16  *Greene v. U.S.,*
       996 F.2d 973, (9th Cir.(Wash.) 1993) ............................................................. 6

17  *Montana v. E.P.A.,*
       525 U.S. 921, (U.S. 1998) ............................................................................... 6
18

19  *Optimal Pets, Inc. v. Nutri-Vet, LLC,*
       877 F. Supp. 2d 953, (C.D.Cal. 2012) ............................................................. 6
20

21  *Prete v. Bradbury,*
       762 F. Supp. 268 (N.D. Cal. 1991) ................................................................. 4
22
    *Southern California Edison Co. v. Lynch,*
23     307 F.3d 794, (9th Cir.(Cal.)  2002) ................................................................ 6

24  *Southwest Center for Biological Diversity v. Berg,*
       268 F.3d 810, (9th Cir.(Cal.) 2001) ................................................................ 4

25  *Spin Master, Ltd. v. Zobmondo Entertainment, LLC,*
       944 F. Supp. 2d 830, (C.D.Cal. 2012) ............................................................. 6
26

27  *State of Montana v. U.S. E.P.A.,*
       137 F.3d 1135, (9th Cir.(Mont.) 1998) ........................................................ 4,5

28

1

2

*UMG Recordings, Inc. v. Bertelsmann AG,*
  222 F.R.D. 408 (N.D.Cal. 2004*)* ............................................................... 4

3

*U.S. v. Alisal Water Corp.,*
  370 F.3d 915,  (9th Cir.(Cal.) 2004) ........................................................... 4

4

5

*U.S. v. State of Or.,*
  913 F.2d 576, (9th Cir.(Or.) 1990) ............................................................ 4

6

**Rules**

7

Fed. R. of Civ. P. 24(a)(2) ............................................................................ 3

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I.      **INTRODUCTION**

Plaintiff Social Technologies LLC ("Social Tech") submits this Opposition to the Motion to Intervene ("Motion" or "Mot.") filed by Proposed Third Party Plaintiff Christopher Anthony ("Anthony").  Anthony's Motion is nothing more than an attempt to extract a settlement from Social Tech and Defendant Apple Inc. ("Apple"), who each independently determined Anthony has no rights of value in MEMOJI.

Anthony requests that he be permitted to intervene in this trademark infringement action so that he may file a Third-Party Complaint against Social Tech and Apple (collectively, the "Parties").  Anthony's untimely Motion, however, fails to demonstrate that he has any cognizable interest in the present Action.  In fact, the bare bones assertions Anthony does include in his Motion lead to only one conclusion: Anthony has no rights related to Social Tech's MEMOJI trademark at issue in the present litigation.  Like Apple, Anthony's purported trademark is based upon the title of an app in Apple's App Store that had limited distribution and was abandoned, having not been updated in many years.  Even if Anthony had any common law trademark rights, his absence from the present Action would not impinge on any of his alleged rights or impede him from enforcing those rights, if any, in a separate litigation or other procedure.

Anthony's unexplained and inexcusable delay in attempting to intervene in the present Action, despite his admitted awareness of the subject of this litigation since its inception, will also prejudice Social Tech and delay the present Action.  The Parties have been engaged in the present Action for close to six months, have exchanged discovery, and have participated in settlement negotiations.  By the time of the scheduled hearing on April 25, 2019, there will be just over one month remaining before the fact discovery period expires and just over two months before opening expert reports are due.  Anthony's Motion should, therefore, be denied.

1

## II.        BACKGROUND

2

Social Tech is the creator and owner of a messaging mobile application called MEMOJI.

3 (Dkt. No. 1 ¶ 2).  Social Tech owns a federally registered trademark in MEMOJI with a priority

4 date of April 1, 2016 based on its intent-to-use application filing date, a publishing date of

5 December 5, 2017, a first use in commerce date of June 28, 2018, and a registration date of

6 September 18, 2018.  (Dkt. No. 1 ¶¶ 1, 18, 22).

7

Apple purchased purported common law rights to a Memoji mark from Lucky Bunny

8 LLC and Big 3 Ent, LLC (collectively, "Lucky Bunny") through a shell company called

9 Memofun Apps LLC ("Memofun") in May 2018.  (Dkt. No. 38 ¶ 18.).  Lucky Bunny debuted an

10 app in late 2014 called "Memoji," which was abandoned shortly thereafter.  Just before its

11 announcement regarding the Memoji feature in its iOS 12 software on June 4, 2018, Apple

12 transferred the purported rights from Memofun to Apple.  (*Id.* ¶¶ 5,19).  Apple has broadly

13 infringed on Social Tech's trademark by including a Memoji software feature in its latest iOS

14 release and promoting that feature widely.

15

Anthony's Motion contains several inaccuracies regarding interactions with Social Tech.

16 Prior to adopting the name MEMOJI and filing its intent-to-use application with the PTO in

17 April 2016, Social Tech discovered an abandoned mobile app called "MEmoji."  (Dkt. 4-16 ¶ 6).

18 Although Anthony cites to this discovery as proof that Social Tech was aware of Anthony's app

19 (*see* Mot. at 4n.1), such assertion is unfounded and a misrepresentation.  Anthony's app is not

20 and was never called Memoji, and Social Tech did not find Anthony's app in its 2016 searches.

21 (*See* Declaration of Samuel Bonet ¶ 2).  Social Tech discovered the Facebook page for "Memoji-

22 Emoji Yourself" in mid-2018, which showed no app-related activity since October 2014.  (*Id.* ¶

23 2; Exhibit A).  In August 2018, Social Tech received information from a consultant regarding

24 Anthony's abandoned app, including that Anthony's app had garnered very few downloads.  (*Id.*

25 ¶ 3).  Based on the information it received, Social Tech determined that Anthony had no viable

26

27

28

rights that would impact Social Tech's MEMOJI trademark.  (*Id.*).  Social Tech never attempted

to or engaged in efforts to "purchase ANTHONY'S [alleged] rights . . . ."  (*Id.*; Mot. at 4&n.1).

Anthony alleges that he released an app "using the Memoji mark" in July 2014, with

consumers able to download his app by August 2014.  (Mot. at 2).  Anthony's app was taken

down by Apple in August 2016 after Anthony failed to update his app as required by Apple.

(Mot. at 3).  Anthony alleges that by October 2018 – a full two years and two months after his

app was taken down – he determined that his developer would not be giving him the code to the

app, and Anthony alleges that he re-uploaded the original app to the Apple App Store in

November 2018.  (Mot. at 3).  Citing Anthony's failure to update his app, Anthony alleges that

his app was taken down again in January 2019.  (*Id.*).  While his app was down, Anthony alleges

that he maintained a Twitter account and Facebook page, through which he communicated that

the app would be updated (*Id.*); however, Anthony's app's Facebook page contains no activity

related to his app between October 23, 2014 and the end of 2018 (*See* Exhibit A to Bonet Decl.).

## III.    ARGUMENT

### A.    Legal Standard

Anthony moves to intervene in this litigation pursuant to Federal Rule of Civil Procedure

24(a)(2), which provides:

> On timely motion, the court must permit anyone to intervene who claims an interest
> relating to the property or transaction that is the subject of the action, and is so situated
> that disposing of the action may as a practical matter impair or impede the movant's
> ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

In order to intervene as a matter of right, Anthony must satisfy each of the following four

elements and demonstrate that:

> (1) the intervention application is timely; (2) the applicant has a "significant protectable
> interest relating to the property or transaction that is the subject of the action"; (3) "the
> disposition of the action may, as a practical matter, impair or impede the applicant's
> ability to protect its interest"; and (4) "the existing parties may not adequately represent
> the applicant's interest."

*Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (*quoting United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).  To satisfy these elements, Anthony must make "well-pleaded, nonconclusory allegations" in its motion and proposed complaint filings.  *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001).

Alternatively, Anthony seeks the Court's permission to intervene under Rule 24(b) of the Federal Rules of Civil Procedure.  Permissive intervention requires that Anthony demonstrate that "(1) an independent ground for jurisdiction exist[s], (2) that the motion to intervene [is] timely, and (3) that there exist[s] a claim or defense shared between the main and the intervenor's suit." *UMG Recordings, Inc. v. Bertelsmann AG*, 222 F.R.D. 408, 412 (N.D. Cal. 2004) (citations omitted).  Even if all three of these requirements are met, the court still retains "broad discretion" to deny a permissive intervention motion.  *Donnelly v. Glickman,* 159 F.3d 405, 412 (9th Cir. 1998).  "[I]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  Fed. R. Civ. P 24(b).

B.   <u>Legal Argument</u>

1.   Anthony Cannot Intervene as a Matter of Right Because His Untimely Motion Does Not Demonstrate a Significant Protectable Interest

*a.   Anthony's Motion Is Not Timely*

"Courts weigh three factors in determining whether a motion to intervene is timely: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'"  *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (*citing Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir.2002)).  "A party must intervene when he 'knows or has reason to know that his interests might be adversely affected by the outcome of litigation.'"  *Alisal*, 370 F.3d at 923 (*quoting United States v. State of Or.*, 913 F.2d 576, 589 (9th Cir. 1990)).

Anthony provides no explanation for his delay in attempting to assert his claims against the Parties.  Anthony alleges that he sent cease and desist letters to Apple and Social Tech in January 2019 – four months after Social Tech commenced the present Action against Apple.  (Mot. at 3-4; Dkt. No. 1).  However, Anthony acknowledges that he was aware of Apple's June 2018 use of Memoji, which is seven months before asserting his alleged rights against Apple.  (Mot. at 3-4).  Anthony also concedes that he was in communication with Social Tech just before Social Tech filed the present Action and was aware of Social Tech's use of its registered MEMOJI mark at least by that time.  (*Id.*).  Nevertheless, Anthony failed to attempt to intervene in this Action until months later.  Anthony has presented no change in circumstances or facts that would have altered his view of his alleged interest in this Action.

The Parties have been litigating the claims in the present Action for nearly six months.  The Court has already decided Social Tech's preliminary injunction motion (Dkt. No. 43), the Parties have exchanged discovery, and the Parties and the Court have expended significant time and resources engaging in settlement discussions (*see* Dkt. No. 64).  Further, the close of fact discovery is on June 4, 2019, a mere 40 days after the scheduled hearing on the Motion, and opening expert reports are due on July 2, 2019, 28 days later.  (Dkt. No. 53).  Social Tech would be significantly prejudiced by the injection of irrelevant and unsustainable claims by Anthony at this stage of the present litigation, in which Social Tech has already invested significant time and resources.

Therefore, Anthony's Motion is untimely, and he cannot be granted intervention as of right.

### b.   Anthony Has No Trademark Rights Related to This Action

The second element an applicant must show to qualify for intervention as of right is a "significantly protectable interest," which is an interest protected under the law and the interest is related to the claims at-issue in the existing litigation.  *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).  Generally, there is only a relationship to the existing action if the resolution of the at-issue claims actually will affect the applicant.  *See Montana v. United States Envtl. Protection*

*Agency*, 137 F.3d 1135, 1141-42 (9th Cir. 1998), *cert. denied*, 525 U.S. 921 (1998); *Greene v. United States*, 996 F.2d 973, 976-78 (9th Cir. 1993) (holding that an applicant lacked a "significant protectable interest" when the resolution of the action would not affect the applicant directly). "An economic stake in the outcome of the litigation, even if significant, is not enough." *Greene*, 996 F.2d at 976.

Anthony has failed to establish a "'direct, non-contingent, substantial and legally protectable'" interest required for intervention as a matter of right. *S. California Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir.) (*citing Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir.1981)). Anthony's bare assertions of trademark rights amount to nothing more than "conclusory allegations" that do not entitle him to intervention as of right. *Flynn v. Hubbard*, 782 F.2d 1084, 1093 (1st Cir. 1986).

Anthony does not claim a federal registration at the PTO. Instead, his tenuous claim of interest relies on common law trademark principles. While laws regarding the establishment of common law trademark rights vary throughout the country, in general "[t]o establish enforceable common law trademark rights in a geographical area, a plaintiff must prove that, in that area, (1) it is the senior user of the mark, and (2) it has established legally sufficient market penetration." *Optimal Pets, Inc. v. Nutri-Vet, LLC*, 877 F. Supp. 2d 953, 959 (C.D. Cal. 2012). Once established, to maintain common law priority, a mark holder must show "continuous use" of the mark. "To be a continuous use, the use must be maintained without interruption." *Spin Master, Ltd. v. Zobmondo Entm't, LLC*, 944 F. Supp. 2d 830, 851 (C.D. Cal. 2012) (*quoting Casual Corner Assocs., Inc. v. Casual Stores of Nev., Inc.*, 493 F.2d 709, 712 (9th Cir. 1974). Even short periods of nonuse can defeat a priority claim. *Id.* In *Casual Corner*, the Ninth Circuit determined that a one-year period of nonuse was sufficient to defeat a claim of priority. 493 F.2d 709, 712.

Anthony incorrectly claims that by virtue of his app named "Memoji," he owns some amorphous common law trademark rights in Memoji. (Mot. at 6). Anthony does not allege and

cannot establish any market penetration.  Anthony does not state the locations in which his app has been used in commerce or the category of goods to which his alleged mark applies.  Conveniently, Anthony's Motion excludes information regarding the actual downloads of his app.  Based on information received by Social Tech, Anthony's app had very few downloads.[1]  (Bonet Decl. ¶ 3).

Anthony also fails to establish continuous use of any alleged mark.  Notably, Anthony concedes that his app was not available on the Apple app store between August 2016, when Apple took down his app for noncompliance with upgrade requirements, and November 2018, when Anthony alleges that consumers "continued downloading" the original version of the app that Apple had previously taken down from the app store.[2]  (Mot. at 3).  Although Anthony alleges that, in the interim, he told "consumers" that his app was being updated through social media[3] and that the previously downloaded versions of the app continued to function, by Anthony's own recounting of facts, there was not a single sale or download of his app for over two years.  (*Id.*).  His lack of continuous use is also demonstrated by the fact that it took him two years to contact his developer to determine that "his developer was out of business" and that he "could not retrieve the code" for his app.  (*Id.*). Anthony lost any priority he allegedly had in the Memoji mark, and thus any enforceable claim against the Parties, through his lack of continuous use.

Even if Anthony had an interest in the mark at issue in this litigation, which he does not, that interest has no relationship to the present litigation because the resolution of the claims in the present Action would have no impact on Anthony's alleged interest or his ability to enforce that interest.  *See*

---

[1] Social Tech never attempted to purchase anything from Anthony, and his reliance on his own statement to the contrary as evidence of trademark rights is misplaced.  (*Id.*).

[2] Apple has not explained how Lucky Bunny's app was allowed to remain on the App Store without updating for a several-year period.

[3] Like Lucky Bunny, Anthony's app's social media presence abruptly stopped shortly after the debut of his app.  (*See* Exhibit A to Bonet Decl.).

*(Cont'd on next page)*

*Montana*, 137 F.3d at 1141-42.  The intellectual property at issue in this litigation is Apple's

infringement of Social Tech's MEMOJI mark.  Social Tech has not sued and has no intention to bring

a suit against Anthony for infringement of Social Tech's registered mark because Anthony is not

using Social Tech's mark in commerce.  By Anthony's own timeline, his app has not been available

for viable download since at least August 2016.[4]  (Mot. at 3).

Nor does Social Tech seek a declaration regarding Anthony's alleged rights in this litigation.

In fact, Anthony's use of Memoji in his app is inapposite to the present Action.  A third party's

alleged prior use of a mark is irrelevant to a trademark infringement action.  *See Comm. for Idaho's*

*High Desert, Inc. v. Yost*, 92 F.3d 814 (9th Cir. 1996) (holding "a third party's prior use of a

trademark is not a defense in an infringement action").

Anthony has no trademark rights related to MEMOJI and any alleged rights he does have will

not be impacted by the present Action; therefore, Anthony has no significantly protectable interest

and cannot be granted intervention as of right.

### c.   *Anthony's Ability to Protect His Interest, If Any, Would Not Be Impaired By The Disposition of This Action*

Anthony's alternative concern that he "may be deemed to have acquiesced, or otherwise slept

on enforcement obligations" if he does not intervene (Mot. at 7) is facially inaccurate.  As discussed

above, Anthony has no trademark rights and thus no enforcement obligations.  Even if he did have

rights, the present Action does not preclude him from enforcing those alleged rights in separate

litigations.  In any event, Anthony has already been dilatory in any enforcement obligations.  Despite

his concession that he knew of Apple's use of Memoji in its iOS since June 2018 and Social Tech's

use of its registered MEMOJI mark since at least August 2018, Anthony did not send a cease and

desist letter to any Party until January 2019.  (Mot. at 3-4).

---

[4] Although Anthony states that he "put the original version of [his app] back on the app store" by
November 2018, Apple had previously made clear to Anthony that such version was not up-to-date
and not compliant with Apple's store policies.  (Mot. at 3).

Since the disposition of the present Action will not impede Anthony's interest, if any, he cannot intervene as of right.

> 2.      Anthony Should Not Be Permitted to Intervene Because Intervention Would Prejudice Social Tech and Not Further Judicial Economy

Anthony also seeks to intervene under Rule 24(b) of the Federal Rules of Civil Procedure.  Like intervention as of right, permissive intervention requires that the motion to intervene be timely.  *UMG Recordings*, 222 F.R.D. at 412.  The court has "broad discretion to deny a motion for permissive intervention," especially where "the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  *Id.* (internal citations omitted).

As discussed above, Anthony's Motion is untimely, with no explanation for the delay, and Social Tech would be prejudiced if Anthony were permitted to intervene.  "The concept of prejudice to the original parties in this context, however, encompasses prejudice not only to the original parties' substantive legal rights, but also to their right to proceed without delay." *Associated Gen. Contractors of California v. Sec'y of Commerce of U. S. Dep't of Commerce*, 77 F.R.D. 31, 39 (C.D. Cal. 1977).

If allowed to intervene, Anthony would introduce "extraneous legal and factual issues" not otherwise included in the present Action.  *See UMG Recordings*, 222 F.R.D. at 414 (denying permissive motion to intervene finding prejudice to original parties where additional legal and factual determinations would be required if intervention allowed and proposed intervenor had adequate alternative remedy).  The Parties would be required to litigate the additional issues injected into the litigation.  Anthony would also be required to prove priority common law trademark rights in MEMOJI, which, as discussed above, he cannot do.  In fact, in light of Anthony's apparent inability to prevail on his proposed claims, permitting intervention would only serve to waste the Court's and the Parties' resources and delay the present Action.

Further, as discussed above, Anthony is not precluded from seeking redress for his alleged trademark rights in an alternative form.  Finally, Anthony's infringement claims do not

overlap with the infringement claims in the present Action.  The present Action relates to Apple's infringement of Social Tech's registered MEMOJI trademark – not Anthony's alleged trademark.

Therefore, Anthony should not be permitted to intervene in the present Action.

## IV.    CONCLUSION

For all of these reasons, Christopher Anthony's Motion to Intervene in the present Action should be denied.

Respectfully submitted,

Dated: March 25, 2019                **Pierce Bainbridge Beck Price & Hecht LLP**

By:   */s/ David L. Hecht*
David L. Hecht (*pro hac vice*)
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

On March 25, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

Dated: March 25, 2019                     Pierce Bainbridge Beck Price & Hecht LLP

By:  */s/ David L. Hecht*
David L. Hecht (*pro hac vice*)
Attorneys for Plaintiff