# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SOCIAL TECHNOLOGIES, LLC | Case No. 18-CV-05945-VC |
| Plaintiff, | STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE |
| v. | CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS AS |
| APPLE INC. | MODIFIED |
| Defendant. | |

1.      PURPOSES AND LIMITATIONS

       Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, commercially sensitive, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, and attempting to settle this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file

1  material under seal.

2       Protected Material designated under the terms of this Protective Order shall be used by a

3  Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose

4  whatsoever.

5  2.   <u>DEFINITIONS</u>

6       2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or

7  items under this Order.

8       2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated,

9  stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure

10  26(c).

11       2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as

12  their support staff).

13       2.4   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it

14  produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

15  CONFIDENTIAL – ATTORNEYS' EYES ONLY".

16       2.5   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or

17  manner in which it is generated, stored, or maintained (including, among other things, testimony,

18  transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery

19  in this matter.

20       2.6   <u>Expert or Consultant</u>: a person with specialized knowledge or experience in a matter

21  pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert

22  witness or as a consultant in this action, (2) is not a past or current officer, director, or employee of a

23  Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an officer,

24  director, or employee of a Party or of a Party's competitor.

25       2.7   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:

26  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-

27  Party the Producing Party reasonably believes is likely to cause economic harm or significant

28  commercial disadvantage to the Producing Party. The Parties agree that the following information, if

1    non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

2    ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or

3    marketing forecasts or plans, business plans, sales or marketing strategy, product development

4    information, engineering documents, testing documents, employee information, and other non-public

5    information of similar competitive and business sensitivity.  The Parties acknowledge that source code

6    would presumptively fall within the definition of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

7    ONLY" but would require additional protection.  As source code is unlikely to be relevant in this case,

8    the Parties have not set forth a source code discovery protocol but will amend this agreement in the

9    event discovery of source code becomes warranted.

10          2.8    <u>House Counsel</u>: attorneys who are employees of a party to this action.  House Counsel

11    does not include Outside Counsel of Record or any other outside counsel.

12          2.9    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity

13    not named as a Party to this action.

14          2.10    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but

15    are retained to represent or advise a party to this action and have appeared in this action on behalf of that

16    party or partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the

17    information for this litigation.

18          2.11    <u>Party</u>: any party to this action, including all of its officers, directors, employees,

19    consultants, retained experts, and Outside Counsel of Record (and their support staffs).

20          2.12    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in

21    this action.

22          2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g.,

23    photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or

24    retrieving data in any form or medium) and their employees and subcontractors.

25          2.14    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

26    "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

27          2.15    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing

28    Party.

**STIPULATED PROTECTIVE ORDER**             **CASE NO. 3:18-cv-05945-VC-SK**

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.  Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit

STIPULATED PROTECTIVE ORDER                                   CASE NO. 3:18-cv-05945-VC-SK

any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend

("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

Native Files.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.  When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an Expert or Consultant pre-approved pursuant to paragraph 7.4, the party printing the electronic files or documents shall attach the slip sheet bearing the confidentiality designation and the production number to the front of such printed native electronic format files and affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  No one shall seek to use in any court filing in this litigation a .tiff, .pdf, or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.  To the extent a party seeks to use an image version of a document produced in native file format at a deposition or in an expert disclosure, the Producing Party reserves the right to object to such use if it determines that the image format version of the native file format used at a deposition or in an expert disclosure includes information that has been altered.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identifies on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  All such testimony shall be treated as HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY during the 48

hours immediately following said testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or

1    item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

2    portion(s) and specify the level of protection being asserted.

3        5.3    Inadvertent Failures to Designate.  An inadvertent failure to designate qualified

4    information or items does not, standing alone, waive the Designating Party's right to secure protection

5    under this Order for such material.  Upon timely correction of a designation, the Receiving Party must

6    make reasonable efforts to assure that the material is treated in accordance with the provisions of this

7    Order.

8    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

9        6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

10   confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

11   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or

12   a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

13   confidentiality designation by electing not to mount a challenge promptly after the original designation

14   is disclosed.

15       6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by

16   providing written notice of each designation it is challenging and describing the basis for each challenge.

17   To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the

18   challenge to confidentiality is being made in accordance with this specific paragraph of the Protective

19   Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by

20   conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within

21   14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for

22   its belief that the confidentiality designation was not proper and must give the Designating Party an

23   opportunity to review the designated material, to reconsider the circumstances, and, if no change in

24   designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed

25   to the next stage of the challenge process only if it has engaged in this meet and confer process first or

26   establishes that the Designating Party is unwilling to participate in the meet and confer process in a

27   timely manner.

28       6.3    Judicial Intervention.  Failing agreement, the Receiving Party may bring a motion to the

STIPULATED PROTECTIVE ORDER                                    CASE NO. 3:18-cv-05945-VC-SK

Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The motion shall be brought under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 if applicable) on a timely basis and within 14 days of the parties' agreement that the meet and confer process will not resolve their dispute, whichever is earlier.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until (1) the court rules on the challenge, or (2) the Party who designated the Discovery Material in question withdraws such designation in writing.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party solely in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location in the

United States and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(b) Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, as well as their immediate staff, to whom disclosure is reasonably necessary for this litigation, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A) the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Any outside Experts or Consultants (as defined in this Order) retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (i) such Expert or Consultant has agreed to be bound by the provisions of the Protective Order by signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A); (ii) such Expert or Consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (iii) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 7.4 below. Without the express prior written consent of the party that produced the Protected Material, no Expert or Consultant retained by a party in this matter shall have access to "CONFIDENTIAL" Discovery

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

**STIPULATED PROTECTIVE ORDER**                    **CASE NO. 3:18-cv-05945-VC-SK**

Material produced by another party in this matter;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(i) mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(j)  any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(k)  any other person with the prior written consent of the Producing Party.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Counsel, provided that such Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have

11

signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Any outside Experts or Consultants retained by the Receiving Party to assist in this action, provided that (1) disclosure is only to the extent reasonably necessary for this litigation, (2) to perform such work; and (3) provided that (i) such Expert or Consultant has agreed to be bound by the provisions of the Protective Order by signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A); (ii) such Expert or Consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (iii) such Expert or Consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (iv) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed.  Without the express prior written consent of the party that produced the Protected Material, no Expert or Consultant retained by a party in this matter shall have access to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Discovery Material produced by another party in this matter;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(f)  graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(g)  any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(h) any other person with the prior written consent of the Producing Party.

7.4    Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts or Consultants.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert or Consultant (as defined in this Order) any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert or Consultant, (2) sets forth the full name of the Expert or Consultant and the city and state of his or her primary residence, (3) attaches a copy of the Expert's or Consultant's current curriculum vitae, (4) identifies the Expert's or Consultant's current employer(s) and title(s), (5) identifies each person or entity from whom the Expert or Consultant has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert or Consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (7) identifies the Expert's or Consultant's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Expert, including but not limited to an identification of any individual or entity with or for whom the Expert or Consultant is employed or to whom the Expert provides consulting services relating to the design, development, operation, or patenting of mobile applications.

Further, the Expert or Consultant seeking to disclose Protected Material shall provide such other information regarding the Expert's or Consultant's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.  During the pendency of and for a period of two (2) years after the final resolution of this action, including all appeals, the Party seeking to disclose

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1    Protected Material shall immediately provide written notice of any change with respect to the Expert's

2    or Consultant's involvement in the design, development, operation or patenting of digital music

3    technology, portable electronic devices, cellular phones, or personal digital assistants, or the acquisition

4    of intellectual property assets relating to digital music technology, portable electronic devices, cellular

5    phones, or personal digital assistants.  For purposes of this section, "good cause" shall include an

6    objectively reasonable concern that the Expert or Consultant will, advertently or inadvertently, use or

7    disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this

8    Order.

9            (b) A Party that makes a request and provides the information specified in the preceding

10    respective paragraphs may disclose the subject Protected Material to the identified Expert or Consultant

11    unless, within 14 days of delivering the request, the Party receives a written objection from the

12    Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

13            (c) A Party that receives a timely written objection must meet and confer with the

14    Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement

15    within seven days of the written objection.  If no agreement is reached, the Party seeking to make the

16    disclosure to the Expert or Consultant may file a motion as provided in Civil Local Rule 7 (and in

17    compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any

18    such motion must describe the circumstances with specificity, set forth in detail the reasons why the

19    disclosure to the Expert or Consultant is reasonably necessary, assess the risk of harm that the disclosure

20    would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any

21    such motion must be accompanied by a competent declaration describing the parties' efforts to resolve

22    the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting

23    forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

24        In any such proceeding, the Party opposing disclosure to the Expert or Consultant shall bear the

25    burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

26    outweighs the Receiving Party's need to disclose the Protected Material to its Expert or Consultant.

27        If relief is sought, designated materials shall not be disclosed to the Person in question until the

28    Court resolves the objection.

**STIPULATED PROTECTIVE ORDER**                          **CASE NO. 3:18-cv-05945-VC-SK**

(d) An initial failure to object to an Expert or Consultant under this Paragraph shall not preclude the nonobjecting Party from later objecting to continued access by that Expert or Consultant for good cause. If an objection is made, the Designating Party and the Party seeking to disclose Protected Material information shall meet and confer (through direct voice-to-voice dialogue) within seven (7) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Designating Party will have seven (7) days from the date of the meet and confer to seek relief from the Judge. The designated Expert or Consultant may continue to have access to information that was provided to such Expert or Consultant prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Expert or Consultant until the Court resolves the matter or the Designating Party withdraws its objection. Notwithstanding the foregoing, if the Designating Party fails to move within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Expert or Consultant.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

If the Designating Party timely seeks a protective order, the Party served with the

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

STIPULATED PROTECTIVE ORDER                              CASE NO. 3:18-cv-05945-VC-SK

subpoena or court order shall not produce any information designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a

determination by the court from which the subpoena or order issued, unless the Party has obtained the

Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking

protection in that court of its confidential material – and nothing in these provisions should be construed

as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another

court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

        LITIGATION

        (a)      The terms of this Order are applicable to information produced by a Non-Party in

this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is

protected by the remedies and relief provided by this Order.  Nothing in these provisions should be

construed as prohibiting a Non-Party from seeking additional protections.

        (b)      In the event that a Party is required, by a valid discovery request, to produce a

Non-Party's confidential information in its possession, and the Party is subject to an agreement with the

Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        1.    promptly notify in writing the Requesting Party and the Non-Party that some or

all of the information requested is subject to a confidentiality agreement with a Non-Party;

        2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in

this litigation, the relevant discovery request(s), and a reasonably specific description of the information

requested; and

        3.    make the information requested available for inspection by the Non-Party.

        (c)      If the Non-Party fails to object or seek a protective order from this court within 14

days of receiving the notice and accompanying information, the Receiving Party may produce the Non-

Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a

protective order, the Receiving Party shall not produce any information in its possession or control that

**STIPULATED PROTECTIVE ORDER**                                     **CASE NO. 3:18-cv-05945-VC-SK**

is subject to the confidentiality agreement with the Non-Party before a determination by the court.[4]
Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking
protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material
to any person or in any circumstance not authorized under this Stipulated Protective Order, the
Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized
disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)
inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,
and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound"
that is attached hereto as Exhibit A.

Unauthorized or inadvertent disclosure does not change the status of Discovery Material or
waive the right to hold the disclosed document or information as Protected.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced
material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are
those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent disclosure will not
waive the applicable privilege and/or protection if a request for return of such inadvertently produced
Discovery Material is made promptly after the Producing Party learns of its inadvertent production.
This provision is not intended to modify whatever procedure may be established in an e-discovery order
that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence
502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication
or information covered by the attorney-client privilege or work product protection, the parties may
incorporate their agreement in the stipulated protective order submitted to the court.

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

STIPULATED PROTECTIVE ORDER                                    CASE NO. 3:18-cv-05945-VC-SK

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

12.3   <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

12.4   <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

12.5   <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of

18

this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

12.6    Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

12.7    Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

12.8    Modification by Court.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California

12.9    Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California or the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders.

13.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries,

and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.  DISCOVERY FROM EXPERTS OR CONSULTANTS

(a)     Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

(b)     Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this action and Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: April 24, 2019

/s/ Melody McGowin
Melody McGowin (*pro hac vice*)
mmcgowin@piercebainbridge.com
PIERCE  BAINBRIDGE  BECK  PRICE  &
HECHT LLP
20 West 23rd St., 5th Floor
New York, NY 10010
Telephone: (212) 484-9866

*Attorney for Plaintiff Social
Technologies LLC*

Dated: April 24, 2019

/s/ Diana Torres
Diana M. Torres (S.B.N. 162284)
diana.torres@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400

*Attorney for Defendant Apple Inc.*

## CERTIFICATION

Pursuant to Local Rule 5-1(i)(3), the filing attorney attests that she has obtained concurrence regarding the filing of this document from the indicated signatories to the document.

Dated: April 24, 2019

/s/ Diana Torres
Diana M. Torres

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: April 25, 2019

Judge Sallie Kim
United States Magistrate Judge

**STIPULATED PROTECTIVE ORDER**                                    **CASE NO. 3:18-cv-05945-VC-SK**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ *Social Technologies, LLC v. Apple, Inc.*, 18-CV-05945-VC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____

                          [printed name]


Signature: _____

                      [signature]

**STIPULATED PROTECTIVE ORDER**                         **CASE NO. 3:18-cv-05945-VC-SK**