UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIAL TECHNOLOGIES LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No.  18-cv-05945-VC<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>Re: Dkt. No. 65 |

Proposed intervenor Christopher Anthony has not established that he is entitled to intervene in this action under Rule 24(a), nor has he persuaded the Court that he should be permitted to do so under Rule 24(b). *See* Fed. R. Civ. P. 24. To begin, Anthony's claimed "protectable interest" in the trademark dispute between Social Technologies and Apple is based only on conclusory allegations. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817, 820 (9th Cir. 2001). Anthony's sparse complaint does not show that he has "legally sufficient market penetration" – or, indeed, any market penetration – as necessary to assert common law trademark rights. *See Gold Club–SF, LLC v. Platinum SJ Enter.,* No. 13-cv-03797-WHO, 2013 WL 5273070, at *6 (N.D. Cal. Sept. 18, 2013) (internal quotations omitted). Moreover, despite being aware of both parties' use of the Memoji mark prior to the start of this lawsuit, Anthony waited almost six months before moving to intervene. Allowing a third party to enter the case now would upend the schedule, thus prejudicing both parties. *See Garza v. Cty. of Los Angeles*, 918 F.2d 763, 777 (9th Cir. 1990).

This does not, of course, preclude Anthony from filing a separate lawsuit, assuming he

2

has a good-faith basis for it. Anthony may also request leave to file an amicus brief in this case if he believes it necessary.

      **IT IS SO ORDERED.**

Dated: April 30, 2019

_____

VINCE CHHABRIA
United States District Judge