# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Dale M. Cendali, P.C.
To Call Writer Directly:
+1 212 446 4846
dale.cendali@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

July 10, 2019

**By ECF and Hand Delivery**

Hon. Sallie Kim
U.S. District Court for the Northern District
of California
450 Golden Gate Avenue, Courtroom C -
15th Floor
San Francisco, CA 9410

Re: *Social Technologies, LLC v. Apple Inc.*— Case No. 3:18-cv-05945-VC-SK (N.D. Cal.)

Dear Hon Judge Kim:

We write in response to Social Tech's July 10 submission to Your Honor purportedly seeking enforcement of the Court's joint letter protocol, complaining about the timing of Apple's response portion of a joint discovery letter. Notably absent from Social Tech's letter is the fact that ***Social Tech did not provide its portion of its joint letter until 6:18 p.m. last night—the last day on which to file the letter.*** As detailed below, Social Tech's submission is inaccurate and misleading in many respects, and any failure to conform with the Court's joint letter protocol is of Social Tech's own doing.

Social Tech waited until after the close of fact discovery and until the very eve of the motion deadline before informing Apple of its intent to avail itself of the Court's joint letter protocol for submitting discovery disputes. On July 2, 2019, the parties held a telephonic meet and confer. Social Tech now claims that its lead counsel (Mr. Hecht) was present, although he neither announced himself nor participated in any way, leaving the impression that he was not present. Social Tech did not follow up on any of these issues discussed on that call until July 8,

# KIRKLAND & ELLIS LLP

Hon. Sallie Kim
July 10, 2019
Page 2

2019, after Apple sent a confirming email.[1]  Social Tech then requested a further telephonic conference on a variety of substantive questions that it then raised.

      Apple agreed to talk to Social Tech about these issues yesterday by telephone, as Social Tech requested, but stated that the conference would not satisfy Social Tech's requirements under the Court's Standing Order, as it was past time to meet and confer and then properly review and prepare responses to the parties' respective sections of a letter brief.  The parties then conferred on July 9, 2019 at 2 p.m. (Pacific Time).  During that call, Apple suggested that neither side file motions, again because it was too late to review and provide substantive responses to joint letters that had not even yet been exchanged.  Social Tech refused, *stating that it was not required to give Apple an opportunity to review and respond to its side of the joint letter brief*.  Apple suggested that Social Tech's counsel speak with their colleagues who regularly practice in this District to confirm that portions of joint letters must be exchanged in advance, and insisted that Social Tech provide its proposed submission within an hour of that call.  Social Tech agreed but did not actually provide its proposed submission to Apple until 6:18 p.m. last night (July 9), i.e., on the date that it was due to be filed.

      Social Tech's letter included five separate issues on which Social Tech intended to seek relief.  Apple worked diligently to draft a response to each of these five issues, and sent over its response as soon as it could.  But, as Apple informed Social Tech, the joint letter exceeded the page limit (due to Social Tech's own largesse) and pertained to confidential information that would need to be filed under seal, and thus could not be filed as it then existed.  While Apple continued to work diligently to ready the joint letter (despite continuing to believe it was too late and improper), Social Tech, without warning, filed its unilateral letter seeking relief.

      Social Tech's gamesmanship should not be countenanced, and its untimely joint letter should not be considered.

      Sincerely,

      Dale M. Cendali, P.C.

---

[1]  Notably, lead counsel for both parties were together in person on July 3, 2019 for the deposition of Social Tech's 30(b)(6) witness Samuel Bonet.  At no point during the day did Social Tech suggest that it was contemplating submitting a joint letter regarding discovery disputes.