| | |
|---|---|
| **Subject:** | Re: Social Tech v. Apple - Document Questions |
| **Date:** | Tuesday, July 9, 2019 at 4:50:21 PM Eastern Daylight Time |
| **From:** | Melody McGowin |
| **To:** | Schweitzer, Lauren J., Mazzello, Mary C. |
| **CC:** | #Apple-MEMOJI, David Hecht, Cassie Black, Brian Dunne, Selina Kyle |
| **Attachments:** | image001.png, image002.png, image003.jpg |

Hi Lauren,

We are free now.  Do you want to hop on a call in 5 minutes or so?  We can use my dial in:

(267) 930-4000; 237 117 900

Best,

—

**Melody McGowin,** Associate
Pierce Bainbridge Beck Price & Hecht LLP

277 Park Avenue, 45th Floor
New York, NY 10172
mmcgowin@piercebainbridge.com
O: (646) 537-1334

Boston  |  Cleveland  |  Los Angeles  |  **New York**  |  Washington, D.C.

PIERCE BAINBRIDGE

---

**From:** "Schweitzer, Lauren J." <lauren.schweitzer@kirkland.com>
**Date:** Tuesday, July 9, 2019 at 4:26 PM
**To:** Melody McGowin <mmcgowin@piercebainbridge.com>, "Mazzello, Mary C." <mary.mazzello@kirkland.com>
**Cc:** #Apple-MEMOJI <apple-memoji@kirkland.com>, David Hecht <dhecht@piercebainbridge.com>, Cassie Black <cblack@piercebainbridge.com>, Brian Dunne <bdunne@piercebainbridge.com>, Selina Kyle <skyle@piercebainbridge.com>
**Subject:** RE: Social Tech v. Apple - Document Questions

Hi Melody,

We think it is too late to have another meet and confer, but it is in everyone's interest to try to reach a compromise.  Rather than send further emails, does it make sense for us to all get on the phone?  We are free right now, if you are.

Best,

Lauren Schweitzer
───────────────────
**KIRKLAND & ELLIS LLP**

333 South Hope Street, Los Angeles, CA 90071
T +1 213 680 8252
F +1 213 680 8500

---

lauren.schweitzer@kirkland.com

---

**From:** Melody McGowin <mmcgowin@piercebainbridge.com>
**Sent:** Tuesday, July 9, 2019 8:59 AM
**To:** Schweitzer, Lauren J. <lauren.schweitzer@kirkland.com>; Mazzello, Mary C. <mary.mazzello@kirkland.com>
**Cc:** #Apple-MEMOJI <apple-memoji@kirkland.com>; David Hecht <dhecht@piercebainbridge.com>; Cassie Black <cblack@piercebainbridge.com>; Brian Dunne <bdunne@piercebainbridge.com>; Selina Kyle <skyle@piercebainbridge.com>
**Subject:** [EXT] Re: Social Tech v. Apple - Document Questions

Lauren,

Contrary to your assertion, David Hecht, Social Tech's lead counsel, was present on the call held between the parties last week.  Although he came in a couple of minutes after the call started, which I informed Mary he would do, he was sitting at the table with me.  My request for a lead counsel meet and confer was due to Apple's lead counsel being absent from the call last week.  While we understand your position on the joint letter to Magistrate Judge Kim, we disagree that Apple has not had enough notice on the issues to provide its portion of a joint letter on the outstanding discovery issues.  If Apple refuses to participate in a meet and confer with lead counsel and provide its part of the joint letter, Social Tech will seek a telephonic conference with the Court to enforce the meet and confer and/or joint letter filing procedure.

Please see our responses in line below.

Best,

—

**Melody McGowin,** Associate
Pierce Bainbridge Beck Price & Hecht LLP

277 Park Avenue, 45th Floor
New York, NY 10172
mmcgowin@piercebainbridge.com
O: (646) 537-1334

Boston  |  Cleveland  |  Los Angeles  |  **New York**  |  Washington, D.C.

PIERCE BAINBRIDGE

---

**From:** "Schweitzer, Lauren J." <lauren.schweitzer@kirkland.com>
**Date:** Tuesday, July 9, 2019 at 12:45 AM
**To:** Melody McGowin <mmcgowin@piercebainbridge.com>, "Mazzello, Mary C." <mary.mazzello@kirkland.com>
**Cc:** #Apple-MEMOJI <apple-memoji@kirkland.com>, David Hecht <dhecht@piercebainbridge.com>,

Cassie Black <cblack@piercebainbridge.com>, Brian Dunne <bdunne@piercebainbridge.com>, Selina Kyle <skyle@piercebainbridge.com>
**Subject:** RE: Social Tech v. Apple - Document Questions

Melody,

I made a small correction to the below email.

Best,

**Lauren Schweitzer**

**KIRKLAND & ELLIS LLP**
333 South Hope Street, Los Angeles, CA 90071
T +1 213 680 8252
F +1 213 680 8500

lauren.schweitzer@kirkland.com

---

**From:** Schweitzer, Lauren J.
**Sent:** Monday, July 8, 2019 9:27 PM
**To:** 'Melody McGowin' <mmcgowin@piercebainbridge.com>; Mazzello, Mary C. <mary.mazzello@kirkland.com>
**Cc:** #Apple-MEMOJI <apple-memoji@kirkland.com>; David Hecht <dhecht@piercebainbridge.com>; Cassie Black <cblack@piercebainbridge.com>; Brian Dunne <bdunne@piercebainbridge.com>; Selina Kyle <skyle@piercebainbridge.com>
**Subject:** RE: Social Tech v. Apple - Document Questions

Melody,

Thank you for your response. As a preliminary matter, Social Tech is not entitled to submit any disputes to the Court because it chose not to have its lead trial counsel participate in the parties' recent conference. Moreover, even if we were to have a conference today, that would not provide Apple sufficient time to address any issues and/or draft Apple's own portion of a letter brief. Thus, while Apple is willing to participate in a conference in the spirit of compromise, any such meet-and-confer would not satisfy the prerequisite requirement to Social Tech submitting any disputes to the Court.

As to the specific issues you raise:

**Social Tech's Requests**

1. Though we were not required to do so, we searched for and produced the document we found showing that the meaning of ▮▮▮▮ is *unique personal identifier* in the Directory Services system. Apple is not required to do anything further, nor is it required to produce highly sensitive personally identifying information that has no bearing on this case.

Despite Apple's agreement to produce information regarding the number of users of the Lucky Bunny MEmoji – GIF selfies with emoji accessories! app, Apple has only produced information relating to downloads of the app and a list of ▮▮▮▮ numbers. Based on publicly available information and conflicting testimony from Apple's own witnesses, Apple's count of unique downloads may include downloads from the same accountholder on different devices, and the ▮▮▮▮ may not be a static number over the course of the life of an

account.  Apple's late production of a document stating that a ▇ is an identifier does not address these issues.  Because Apple is unable to provide documents that sufficiently show the number of unique users of the Lucky Bunny app, Social Tech will seek court relief on this issue.

2.  Social Tech requested a native of a different spreadsheet (APL-STECH_00012577), which we produced today.  We will look into whether we can produce '12586 in native format.

Please confirm whether Apple can produce the native format of that document.  If we do not hear a response by the end of the day, we will include this issue in the letter to the court.

3.  While auto-generated communications are not responsive to any of Social Tech's requests, in the spirit of compromise, we are looking into such communications further.

While we disagree that these documents are not responsive to any of Social Tech's requests, we appreciate Apple's agreement to look into the documents.

4.  This issue has not been properly raised.  That said, we are looking into the issue and will produce any non-privileged, responsive communications that we find that have not previously been logged or produced.

I am not clear on what you mean by "properly raised," but we appreciate Apple's agreement to look into the communications.  Please confirm that such research will include any notes regarding communications with Lucky Bunny and/or Big 3 ENT, whether such information was kept by Mr. Yarborough or communicated to counsel or other representative of Apple.

6.  We are looking into this and will send an updated log as soon as we have it, hopefully by the end of the week.

Thank you for the update.

7.  These documents are neither relevant nor required to be produced pursuant to any of Social Tech's RFPs.

In addition to Social Tech's RFPs, this information is responsive to the 30(b)(6) notice served on Apple.  Mr. Gamble's responses were clear that the sought information was available in the ▇ he cited.  We intend to seek court relief on this document.

8.  As previously stated, this request is grossly overbroad, and not responsive to any of Social Tech's RFPs.  Your statement that Apple is apparently relying on this ▇ to show utility of certain apps is unfounded.  As previously stated, Mr. Gamble testified to this only to provide a fuller picture of his answers.

While Apple agreed to produce information regarding the number of users of the Lucky Bunny app, the information Apple has produced thus far has not demonstrated that information.  Instead, Apple's own witnesses have testified that the information Apple has produced regarding downloads does not show that anyone that downloaded the Lucky Bunny app actually used the app.  At the prompting of counsel, Mr. Gamble introduced information regarding a ▇ that was purportedly performed by Apple ▇. As discussed below, Mr. Gamble was not able to provide further information regarding that ▇, instead referring Social Tech to an Apple software engineer.  This information is relevant and responsive – as introduced by Apple during the deposition – and Social Tech will therefore seek relief from the court on this issue.

9.  As the name implies, the ▇ Audience is not indicative of the general consumer market for any product.  Instead, it is a very specific and limited audience of persons testing early versions of Apple's

products.  Moreover, the ▓▓▓▓ at issue were **NOT** in any way, shape, or form, consumer recognition or branding ▓▓▓▓.  Any question about ▓▓▓▓▓▓▓▓▓▓ sought information about the respondent's ▓▓▓▓▓▓▓▓▓▓---not the name.  As such, demographic information about the ▓▓▓▓ Audience ▓▓▓▓ is neither relevant nor responsive to any requests.  Apple has produced several ▓▓▓▓▓▓▓▓, each of which corresponds to a set of responses.  *See* APL-STECH_00006729, APL-STECH_00006738, APL-STECH_00006747, APL-STECH_00006770 and APL-STECH_00006779.  Apple has produced all of the questionnaires related to the ▓▓▓▓▓▓ that have been produced.

<span style="color:red">As set forth in my email below, we disagree and believe that the requested information is responsive and relevant.  In fact, Social Tech's requests seeks all information regarding any survey performed relating to Memoji.  These surveys plainly do.  In my below email, I asked for additional information regarding these late produced documents, that your paragraph does not address:
1. What are the dates for the ▓▓▓▓▓▓ Apple produced (APL-STECH_00006231, APL-STECH_00008695, APL-STECH_00008192, APL-STECH_00007415, APL-STECH_00006788)?
2. Please produce the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ format as such document is maintained in Apple's own files.
3. Please produce information regarding the ▓▓▓▓▓▓▓▓▓▓▓▓ that have been redacted out (APL-STECH_00008695, APL-STECH_00008192, APL-STECH_00007415, APL-STECH_00006788).
4. Please also confirm which ▓▓▓▓▓▓ go with which questionnaires that Apple has produced.

If Apple refuses to provide the requested information, Social Tech will seek court intervention.</span>

11.  Apple conducted a reasonably diligent search to find the documents that it agreed to produce in response to Social Tech's RFPs.  If Social Tech had identified a Request for which it believed additional, responsive documents existed in ▓▓▓▓▓▓ then we would have considered the issue on a case-by-case basis.  But Social Tech has not done so.

<span style="color:red">Does this response mean that ▓▓▓▓▓▓ does contain additional responsive information?  Our understanding is that ▓▓▓▓▓▓ is a database of information – not necessarily a collection of separate documents.  As stated below, Social Tech does not have access to ▓▓▓▓▓▓ to be able to know what information is contained therein.  If Apple is unable to confirm that it has produced all responsive information from ▓▓▓▓▓▓ Social Tech would request that all such information be produced or, alternatively, that Apple provide a list of all fields in ▓▓▓▓▓▓ for which Apple maintains information related to any Lucky Bunny or Chris Anthony Memoji app, and a definition of the information each field contains.</span>

12.  We confirm that Apple would have pulled all relevant, non-duplicative documents from ▓▓▓

<span style="color:red">To the extent Apple has withheld any responsive information or documents, please confirm what category(ies) of responsive documents Apple has withheld.</span>

**Apple's Requests**

1.  There has been no waiver regarding Social Tech's privilege claims relating to FlexDev and Justin Grant.  This has been an ongoing issue that has arisen again since the last conference of counsel.  Moreover, the dispute between Social Tech/Bonet/Long and FlexDev/Grant concerning the dispute that arose between them are relevant and responsive.  Such texts relate to the validity of the assignment, Social Tech's admissions regarding its priority (or lack thereof) based on its own use of MEMOJI, and witness bias/credibility.  As the very least, Social Tech is obligated to collect these documents and review them for responsiveness (which you admitted Social Tech has not done).

<span style="color:red">Please identify what additional information Apple has received or learned of since the meet and confer held between lead counsel last month on this issue.  Social Tech has never admitted it has not collected and</span>

reviewed these documents.  On the contrary, Social Tech has reviewed all potentially responsive documents of which it is aware.

2.  Communications between Social Tech and Mr. Anthony (or their representatives/counsel) leading up to the trademark assignment from Mr. Anthony to Social Tech are relevant, at the very least, to the validity of this assignment.  Assuming that Social Tech intends to assert trademark rights based on the assignment from Mr. Anthony to Social Tech, the validity of that assignment is a relevant issue.

Apple has the assignment itself and the facts surrounding Mr. Anthony's prior use of memoji (in fact, Apple likely has much more information regarding Mr. Anthony's use of memoji than does Social Tech or even Mr. Anthony himself).  What additional information would potentially be relevant to the "validity of this assignment" that has not already been produced?

8.  Your response addresses only those text messages relating to a dispute between Social Tech and FlexDev, but we asked for all *relevant* texts among Grant, Bonet, and Long.  Moreover, as stated above re #1, any text messages about this dispute are relevant to this litigation.  Please promptly produce all of these texts.

Social Tech stands on the information we provided below and in previous meet and confers and communications.

Best,


**Lauren Schweitzer**

**KIRKLAND & ELLIS LLP**
333 South Hope Street, Los Angeles, CA 90071
**T** +1 213 680 8252
**F** +1 213 680 8500

lauren.schweitzer@kirkland.com


**From:** Melody McGowin <mmcgowin@piercebainbridge.com>
**Sent:** Monday, July 8, 2019 9:59 AM
**To:** Mazzello, Mary C. <mary.mazzello@kirkland.com>
**Cc:** #Apple-MEMOJI <apple-memoji@kirkland.com>; David Hecht <dhecht@piercebainbridge.com>; Cassie Black <cblack@piercebainbridge.com>; Brian Dunne <bdunne@piercebainbridge.com>; Selina Kyle <skyle@piercebainbridge.com>
**Subject:** [EXT] RE: Social Tech v. Apple - Document Questions

Mary,

Please see our responses in red in line below.  As you can see, there are several outstanding categories of documents that Social Tech requires confirmation on or otherwise will seek court intervention if Apple refuses production of the responsive requested information and/or documents.  As such, please let us know when you are available for a meet and confer with lead counsel either later this evening or tomorrow morning.

Best,


—

**Melody McGowin,** Associate
<u>Pierce Bainbridge Beck Price & Hecht LLP</u>

277 Park Avenue, 45th Floor
New York, NY 10172
<u>mmcgowin@piercebainbridge.com</u>
O: (646) 537-1334

**Boston  |  Cleveland  |  Los Angeles  |  New York  |  Washington, D.C.**



**From:** Mazzello, Mary C. <mary.mazzello@kirkland.com>
**Sent:** Sunday, July 7, 2019 10:41 PM
**To:** Melody McGowin <mmcgowin@piercebainbridge.com>
**Cc:** #Apple-MEMOJI <apple-memoji@kirkland.com>; David Hecht <dhecht@piercebainbridge.com>; Cassie Black <cblack@piercebainbridge.com>; Brian Dunne <bdunne@piercebainbridge.com>; Selina Kyle <skyle@piercebainbridge.com>
**Subject:** RE: Social Tech v. Apple - Document Questions

Dear Melody,

I'm writing to memorialize and follow-up on our meet and confer from last Tuesday between Diana Torres and me for Apple and you and Cassie Black for Social Tech.  During the call, we discussed both Apple's requests and Social Tech's, so I've summarized both below.  With respect to Social Tech's requests, we believe that all of these requests are resolved for the reasons described below.  If, however, you plan to move on any of these requests, please let us know by no later than 2pm PT tomorrow, July 8, 2019.

Social Tech's Requests

1. We discussed Social Tech's request for documents concerning the number of users of Lucky Bunny's app and the meaning of ▮▮▮▮   I explained that Apple's 30(b)(6) witness, Mr. Jaynes, testified that Apple measures usage by looking at the number of ▮▮▮▮ that downloaded an app, and that any other usage data is incomplete because it is available only on an opt-in basis.  I further explained that the public documents Social Tech used at Mr. Jaynes' deposition referred to a different ▮▮▮▮" than the ▮▮▮▮ associated with App Store data.  I agreed to produce a document showing the meaning of ▮▮▮▮ as used in connection with App Store data.  This document has since been produced.  We expect this resolves this issue.

<span style="color:red">We have reviewed the document Apple produced regarding ▮▮▮▮ (APL-STECH_00008930).  We disagree that this document clarifies the meaning of ▮▮▮▮ or shows that such number does not change over time or that it accounts for downloads by the same person on multiple devices – only that ▮▮▮▮ is associated with an account.  Social Tech reiterates its request that Apple produce unredacted versions of app download information or alternatively, produce documents that explain how the ▮▮▮▮ is generated and that it remains stagnant over the lifetime of an account.</span>

2. You requested data concerning in-app purchases and paid purchases of Lucky Bunny's app.  You also represented that Social Tech would not seek to re-call Mr. Jaynes for a deposition if Apple produced this data.  Based on this representation, we produced this data last week.  We expect this resolves this issue.

We are in receipt of this information, and we requested this information in native format. Once this spreadsheet (beginning at Bates APL-STECH_00012586) is produced in native format, we will consider this issue closed.

3. We discussed Social Tech's request for all communications, including auto-generated communications, between Apple and Lucky Bunny, which you claim are responsive to RFP No. 5. I explained that we do not think all communications are responsive to RFP No. 5, as this request seeks only documents concerning Lucky Bunny's use of its app or trademark. Nonetheless, we looked into this request further and confirm that there are no non-auto-generated communications between the App Review group and Lucky Bunny. We hope this resolves this issue, as we do not see how auto-generated communications are relevant or responsive.

Social Tech requested all communications between Apple and Lucky Bunny related to the MEmoji – GIF selfies with emoji accessories! app. If Apple has produced all such communications, including auto-generated communications, this request would be satisfied. Please confirm that Apple has produced all communications between Apple and Lucky Bunny relating to its MEmoji – GIF selfies with emoji accessories! app.

4. We agreed to try to get an unredacted version of APL-STECH_00000859 and to confirm that Mr. Yarborough does not have any other communications with Lucky Bunny. We believe this agreement resolves this issue.

To confirm, does Mr. Yarborough have no other communications, including emails, voicemails, text messages, and messages on any other messaging service or platform, or notes regarding communications with Lucky Bunny and/or BIG 3 ENT?

5. You asked us to provide individual copies of each email in certain email chains. We explained that many emails in the chains were not relevant and that, in any case, the manner in which the email chains were produced -- which was consistent with how Social Tech produced its own documents -- in no way impeded Social Tech's ability to question witnesses or use these documents. Therefore, we requested that Social Tech identify particular emails in the chains that it believed it needed and why, so that we could evaluate those specific requests. Social Tech has not done so. We, therefore, assume that there are no such emails and that this issue is resolved.

Based on your representation that the other emails on the chain do not include additional attachments or responsive information, we can consider this issue closed.

6. You asked us to confirm that Apple collected and produced iMessages. We explained that we collected iMessages from individuals who used iMessages to communicate about substance, to the extent the iMessages were not already collected via email. We further explained that the privilege log contains some iMessages that were sent via email. We will update the privilege log to indicate the iMessages. We, therefore, believe this issue is resolved.

When will the privilege log be updated to reflect the iMessages? During the call, once you stated that you collected iMessages from individuals who used iMessages, we asked for an identification of those individuals. Please confirm whether Apple will be providing that information.

7. You asked for policy documents concerning Apple's interpretation of the App Store review guidelines and claimed that these policy documents were responsive to RFPs 34 and 35. We explained that policy documents were not relevant and that we objected to RFPs 34 and 35. Further, RFPs 34 and 35 ask

only for documents "sufficient to show" the requested information.  Therefore, even if Apple had agreed to produce documents responsive to this request, it has no obligation to produce internal documents concerning its interpretation of the guidelines.  We assume this resolves this issue.

In addition to Social Tech's document requests, Social Tech also requested information regarding App Store requirements in its 30(b)(6) notice.  During Mr. Gamble's deposition, he testified that reviewers have access to reference materials that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Gamble Dep. at 78:21-79:12.  Therefore, Apple's produced documents and Mr. Gamble's testimony are not sufficient to understand the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Instead, Mr. Gamble referred to reliance on precedent for making decisions.  In light of the necessity of the "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to proper interpretation and understanding of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and the apparent ease of identification of and access to such materials, Social Tech reiterates its request for these materials.

8. You asked for documents about ▮▮▮▮▮▮▮▮▮▮ on the App Store in or around September 2016.  We explained that this request is grossly overbroad and not responsive to any document requests that Social Tech served.  We also explained that Mr. Gamble only talked about this ▮▮▮▮ during his deposition in order to give a fuller picture of answers he gave in response to questions from Social Tech, not because Apple was putting this ▮▮▮▮ at issue.  In addition, your claim that Mr. Gamble was "unable to testify" about details of the ▮▮ is inaccurate.  Mr. Gamble testified that, among other things, all apps were ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  We hope our explanation resolved this disagreement.

Your recounting of the events misstates what occurred during the deposition.  Mr. Gamble testified throughout his deposition that the App Store Review team would only review apps that ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮.  After I concluded my questioning and after a long break with counsel, Mr. Gamble returned and volunteered information regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ regarding all apps on the Apple Store.  Although Mr. Gamble was able to testify that certain ▮▮▮▮ was performed, he was unable to provide any testimony about:

1. What devices this ▮▮▮▮ was performed on
2. How long the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ before determining whether the app ▮▮▮▮ or not
3. Which apps were ▮▮▮▮ (other than "the catalog")
4. How such downloads would be tracked and accounted for
5. What data was collected through the ▮▮▮▮
6. The protocol and/or specifications that were implemented for the ▮▮▮▮
7. Whether information regarding the ▮▮▮▮ is stored anywhere

Instead, Mr. Gamble referred me to someone in software engineering.  In light of this testimony, and Apple's apparent reliance on this ▮▮▮▮ to show some sort of utility of certain apps, Social Tech reiterates its request for information regarding the ▮▮▮▮ that was performed, including all results for the Lucky Bunny MEmoji – GIF selfies with emoji accessories! app and Christopher Anthony's Memoji apps.  Once Social Tech reviews such information, we will let you know if we require a deposition regarding that information or not.

9. You requested demographic data regarding the ▮▮▮▮▮▮▮▮ Audience, which was ▮▮▮▮▮▮ in the ▮▮▮▮▮▮▮▮ Apple produced.  We explained that the demographic data is not relevant (as the ▮▮▮▮▮▮ do not contain any relevant information) and that the demographic data was not requested in Social Tech's RFPs.  We expect this resolves this issue.

Contrary to your assertion that the ▮▮▮▮▮▮ do not contain relevant information, the ▮▮▮▮▮▮ include questions relating to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████. As part of this litigation relates to consumer confusion stemming from Apple's infringing use of Memoji, information regarding ███████████████████████████ is highly relevant. Further, information regarding the demographics of respondents is relevant to gauging that recognition. Social Tech reiterates its request for this demographic information. Please confirm whether Apple will be producing it. In addition, Social Tech requests date information for each of the ██████████s that were produced as well as a production of those ██████████ in native format. Further, it appears that additional ██████████ that were produced (APL-STECH_00008695, APL-STECH_00008192, APL-STECH_00007415, APL-STECH_00006788) redact out participant identification information such that Social Tech is unable to determine the number of survey respondents and the respondents that provided information regarding ██████████ Please also confirm that all ██████████ that Apple has produced, including APL-STECH_00006013, are results for the ████ produced at APL-STECH_00006231. Social Tech requests that Apple produce such information immediately.

10. You asked us to confirm that Apple searched for documents containing the code name ██████. You argued that such documents are relevant because Social Tech believes that consideration of names other than "Memoji" somehow are relevant to why Apple selected the name "Memoji." We disagreed. We also explained that Apple produced all brainstorming documents about Memoji. Nonetheless, we searched the collected documents for ████████ and produced the one unproduced document that we found last week, even though this document does not appear to be relevant. We expect this resolves this issue.

Although we expect there are other documents relating to the naming of ██████ that have not been produced, we will not seek court intervention on this topic.

11. You asked that Apple produce all documents in ████████████ about Lucky Bunny's or Mr. Anthony's app. We explained that this demand is vague and overbroad and asked you to identify particular information Social Tech wants and the specific RFPs to which the information would be responsive. Social Tech has not done so. We, thus, believe that this issue is resolved.

Social Tech is not aware of all of the information that Apple has regarding each of the at-issue apps in ████████ – only Apple has that information. However, we understand that ████████████ includes at least information relating to the version histories of apps. As such, Social Tech requests that Apple produce at least the same information for the Lucky Bunny app that it provided regarding Christopher Anthony's Memoji apps during Mr. Gamble's deposition. If Apple can otherwise confirm that it has produced all responsive information from ████████████ we would consider this issue closed.

12. You asked us to confirm that Apple has reviewed documents in ███. We confirm that Apple looks for documents in ███ as part of its collection process and that it would have pulled any relevant documents from ███ Further, documents in Box usually are duplicative of documents stored elsewhere. We expect this resolves this issue.

Please confirm that Apple would have pulled all responsive documents from ███

Apple's Requests
1. We demanded that Social Tech produce communications between Social Tech/Bonet/Long, on the one hand, and FlexDev/Grant, on the other, concerning the dispute that arose between Social Tech and FlexDev. You argued that the dispute is not relevant and that the communications do not contain information about Social Tech's or Anthony's alleged rights or any other information relevant to this case. However, you later admitted that you had not collected these communications or reviewed them for relevance. These communications are responsive to, at least, RFP Nos. 23 and 33 and are relevant to bias, privilege, and the merits of Social Tech's claim. Please produce them.

Social Tech reiterates that any such communications are not relevant to this litigation as they have no bearing on any claim or defense in this matter.  Social Tech also reiterates that any "privilege" dispute Apple intends to raise regarding Justin Grant and/or FlexDev would be untimely as the parties held a meet and confer with lead counsel on Apple's arguments relating to that issue weeks ago, at which time Apple stated that it would be filing a joint letter within the five days prescribed by Magistrate Judge Kim's rules.  While Social Tech was prepared for such joint filing, Apple did not seek to file it and thus any argument Apple intends to make regarding privilege will be late.

As far as any bias Apple perceives such information to be relevant to, Social Tech has filed a certificate of interested parties that includes FlexDev and Justin Grant.  Documents relating to any dispute between Social Tech and Flex Dev would again be irrelevant to such argument.

Further, as we discussed on the call, any documents related to any dispute between Social Tech and FlexDev do not relate to the merits of Social Tech's claim.  Instead, they would only be relevant to a matter unrelated to the claims and defenses in this action.

Finally, we would reiterate what we discussed on the call (and to echo arguments Apple has made regarding its own other disputes): we are not here to engage in a mini-trial regarding any disagreement between Social Tech and FlexDev.  The Court is similarly not situated to make any determination regarding a dispute, if any, regarding any agreement between Social Tech and FlexDev.

2. We demanded that Social Tech produce communications between Social Tech and Mr. Anthony (or their representatives/counsel) leading up to the trademark assignment from Mr. Anthony to Social Tech.  You argued that such communications are not relevant because they were not substantive.  Not only do we find this difficult to believe, given that, at the very least, the final and draft agreements likely were sent electronically, we also disagree with your characterization of what is and is not relevant.  For example, you claim that calendar invites are not relevant, whereas we believe such invites should be produced as they show when Social Tech resumed its pursuit of Mr. Anthony's supposed rights.  Accordingly, please produce these communications.

Social Tech disagrees that any such communications are relevant to the claims or defenses in this action.  As stated during the call, no factual information relevant to this action is included in any communications.  As Apple already has a copy of the final agreement between Mr. Anthony and Social Tech, as well as the testimony of Social Tech, Sam Bonet, and Mr. Anthony regarding such agreement, discovery into any communications between litigation counsel for Social Tech and Mr. Anthony's counsel is irrelevant to this action.

3. You confirmed that Social Tech's supplemental certificate of interested parties is in addition to the prior list, meaning that all individuals and entities on both lists have an interest.  As one follow-up question: Does this mean that there are no litigation funders for this matter?  None are listed, but we understand that there were litigation funders at one point, so just want to confirm that if there were litigation funders, they would have been listed.

We are unsure where you have the understanding that there were litigation funders at one point in this litigation.  In any event, we are surprised at your inquiry into this topic.  Discovery regarding litigation funding is improper, privileged, and irrelevant, and disclosure of fee and/or litigation funding arrangements is not required by the local rules except in class action suits.  *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019).

4. We asked whether Social Tech had any documents supporting its claim that Hellojis was created to

   fund Memoji.  You represented that Social Tech did not have any such documents.  If it did, they would have been produced.
5. You confirmed that Social Tech had produced all documents concerning money spent on its Memoji app.
6. You represented that Social Tech could not get any more information from GitHub regarding when code was uploaded, but that any confirmation communications from GitHub that were sent when code was uploaded would have been produced.
7. You confirmed FlexDev did not have time records showing when Mr. Ashraf worked on the Memoji app.
8. You stated that Social Tech produced all relevant texts among Grant, Bonet, and Long, and that you were defining relevant as related to Memoji.  This appears to exclude many documents that would be responsive to our requests.  To the extent Social Tech is withholding documents responsive to Apple's requests, please identify which requests as we asked you to do during the prior meet and confer between the parties.

As we stated during the meet and confer, to the extent there are any text messages relating to any dispute between Social Tech and FlexDev, Social Tech would not have produced such documents as they would not be relevant to the litigation, as discussed during the meet and confer, in previous emails, and above.

Best,

Mary

**Mary Mazzello**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 446 4944
**F** +1 212 446 4900

mary.mazzello@kirkland.com

---

**From:** Melody McGowin <mmcgowin@piercebainbridge.com>
**Sent:** Monday, July 1, 2019 7:46 PM
**To:** Mazzello, Mary C. <mary.mazzello@kirkland.com>
**Cc:** #Apple-MEMOJI <apple-memoji@kirkland.com>; David Hecht <dhecht@piercebainbridge.com>; Cassie Black <cblack@piercebainbridge.com>; Brian Dunne <bdunne@piercebainbridge.com>; Selina Kyle <skyle@piercebainbridge.com>
**Subject:** [EXT] RE: Social Tech v. Apple - Document Questions

Mary,

We are available to meet and confer tomorrow at 4 or 5 p.m. regarding all outstanding discovery issues.

Social Tech rejects Apple's attempts to manufacture relevance regarding any disagreement between FlexDev and Social Tech.  Apple has Mr. Grant's testimony regarding his understood financial interest in this action as well as Social Tech's certificate of interested parties filed months ago.  Social Tech and Flex Dev have also produced numerous documents relating to the Chris Anthony application, and Apple has deposed Chris

Anthony and Mr. Grant regarding communications and facts exchanged regarding Chris Anthony's prior use of the Memoji mark.  Finally, your assertion that any communications months after the date of redacted documents would negate any privilege is without merit.  We note that, on June 14, the parties held a meet and confer including lead counsel regarding Apple's position that documents and communications including Mr. Grant and/or Mr. Ashraf do not maintain attorney-client or other privilege.  As Apple acknowledged during that meet and confer, under Magistrate Judge Kim's rules, Apple had until June 21 to file a joint letter with Social Tech regarding that dispute.  Apple chose not to move forward with that filing, presumably determining that Apple's arguments on the matter were meritless.  Apple's attempt to revive an untimely discovery dispute is transparent and meritless.

We can confirm that SocialTech_0000729 and FlexDevGrant_0177 is the attachment 8a5e3e2b-5a0b-438a-9ef8-601ee2eef1ee.mp4.

As for settlement negotiations with Chris Anthony, Social Tech maintains its position that such documents are not relevant to this action and are subject to settlement protections.  Apple already has the executed trademark agreement and any facts the parties exchanged regarding Chris Anthony's prior use of memoji.

Social Tech has produced a copy of Anthony.0055.  As for the text messages, it is not apparent that the text messages that you request are responsive, but Social Tech has produced a copy nonetheless.

There are no other responsive texts between Mr. Grant and Mr. Bonet.  If there were, they would have already been produced by Mr. Grant.

Social Tech has searched for "prior emails" and has produced any responsive "prior emails."

Best,

—

**Melody McGowin,** Associate
[Pierce Bainbridge Beck Price & Hecht LLP](#)

277 Park Avenue, 45th Floor
New York, NY 10172
[mmcgowin@piercebainbridge.com](mailto:mmcgowin@piercebainbridge.com)
O: (646) 537-1334

Boston  |  Cleveland  |  Los Angeles  |  **New York**  |  Washington, D.C.

**PIERCE BAINBRIDGE**

---

**From:** Mazzello, Mary C. <[mary.mazzello@kirkland.com](mailto:mary.mazzello@kirkland.com)>
**Sent:** Friday, June 28, 2019 12:59 PM
**To:** Melody McGowin <[mmcgowin@piercebainbridge.com](mailto:mmcgowin@piercebainbridge.com)>
**Cc:** #Apple-MEMOJI <[apple-memoji@kirkland.com](mailto:apple-memoji@kirkland.com)>; David Hecht <[dhecht@piercebainbridge.com](mailto:dhecht@piercebainbridge.com)>; Cassie Black <[cblack@piercebainbridge.com](mailto:cblack@piercebainbridge.com)>; Brian Dunne <[bdunne@piercebainbridge.com](mailto:bdunne@piercebainbridge.com)>; Selina Kyle <[skyle@piercebainbridge.com](mailto:skyle@piercebainbridge.com)>
**Subject:** RE: Social Tech v. Apple - Document Questions

Dear Melody,

Please see the below follow-up regarding my first email re Plaintiffs' document production. We await your response to my second email. I am available to discuss any open issues on Monday.

Section 1

#1 The dispute between Grant/Flex Dev and Social Tech/Bonet/Long is relevant for several reasons. For example, it relates to Mr. Grant's financial interest in this case, and, therefore, any bias that he may have as a witness. It also relates to the acquisition of Mr. Anthony's rights and, therefore, is likely to include admissions about the strength/merits of Social Tech's claim and Anthony's supposed rights. In addition, in an attempt to justify withholding certain communications as privileged, Social Tech has claimed that Grant was its agent. Communications between Grant or anyone else at FlexDev and Bonet, Long or anyone else at Social Tech are relevant to showing that such a claim is not appropriate or supportable.

#2 We note that you stated that Mr. Long does not have any responsive "and relevant" texts with Mr. Grant. This suggests he does have texts that are responsive to our requests. Please identify which requests these communications are responsive to and explain your basis for continuing to withhold responsive communications.

Section 2

#3 To be clear, is the video at SocialTech_0000729 and FlexDevGrant_0177 the video that was attached to Mr. Ashraf's email on June 28, 2018, FLEXDEVGRANT_0501? If not, please produce that attachment.

#4 Although the Federal Rules of Evidence put certain limitations on the use of settlement communications, such communications are nonetheless discoverable. Accordingly, please produce the communications between Social Tech's counsel and Anthony's concerning the negotiation of the assignment immediately.

#5 The communications produced by Mr. Anthony, but not Social Tech include (1) ANTHONY . 0055; (2) Facebook Messenger communications that were produced during his deposition; and (3) the following texts attached to Mr. Anthony's motion to intervene:



Please confirm these were the only communications with Anthony that Social Tech failed to produce. If there are others, produce them immediately.

#6  The purpose of my email was not solely to ensure that Social Tech would produce the single communication that Mr. Grant produced that Social Tech did not; instead, we also asked you to produce any other responsive texts between Mr. Grant and Mr. Bonet that have not been produced.  If there are no other responsive texts, please confirm.  If there are, please produce them.

#8  Whether Mr. Long was certain that there were emails prior to FlexDevGrant_0027 or not, Social Tech has an obligation to investigate whether there were prior emails and, if there were, produce them.  Accordingly, please confirm that Social Tech has searched for prior emails and, if such emails exist, produce them.

Best,

Mary


**Mary Mazzello**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
T +1 212 446 4944
F +1 212 446 4900

mary.mazzello@kirkland.com


**From:** Melody McGowin <mmcgowin@piercebainbridge.com>
**Sent:** Thursday, June 27, 2019 1:01 AM
**To:** Mazzello, Mary C. <mary.mazzello@kirkland.com>
**Cc:** #Apple-MEMOJI <apple-memoji@kirkland.com>; David Hecht <dhecht@piercebainbridge.com>; Cassie Black <cblack@piercebainbridge.com>; Brian Dunne <bdunne@piercebainbridge.com>; Selina Kyle <skyle@piercebainbridge.com>
**Subject:** [EXT] RE: Social Tech v. Apple - Document Questions

Mary,

Please see our responses in line.

—

**Melody McGowin,** Associate
Pierce Bainbridge Beck Price & Hecht LLP

277 Park Avenue, 45th Floor
New York, NY 10172
mmcgowin@piercebainbridge.com
O: (646) 537-1334

Boston  |  Cleveland  |  Los Angeles  |  **New York**  |  Washington, D.C.


PIERCE BAINBRIDGE


**From:** Mazzello, Mary C. <mary.mazzello@kirkland.com>

**Sent:** Tuesday, June 25, 2019 2:31 PM
**To:** Melody McGowin <mmcgowin@piercebainbridge.com>
**Cc:** #Apple-MEMOJI <apple-memoji@kirkland.com>; David Hecht <dhecht@piercebainbridge.com>; Cassie Black <cblack@piercebainbridge.com>; Brian Dunne <bdunne@piercebainbridge.com>; Selina Kyle <skyle@piercebainbridge.com>
**Subject:** Social Tech v. Apple - Document Questions

Dear Melody,

I am writing to follow up on our meet and confer from June 14. Please immediately produce the following documents, which we requested during that call:

1. Communications related to the dispute that arose between Justin Grant/Flex Dev and Social Tech, Robert Long, and/or Samuel Bonet;

   Any dispute, if any, between Justin Grant/FlexDev and Social Tech, Robert Long and/or Samuel Bonet, bears no relevance to this Action, and Apple has not articulated any reason that any such dispute would be relevant. The Federal Rules dictate that discovery is limited to: "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

2. Texts between Mr. Long and Mr. Grant that are responsive to Apple's document requests;

   Mr. Long does not have any responsive and relevant texts with Mr. Grant.

3. Texts between Mr. Long and Mr. Bonet that are responsive to Apple's document requests;

   We will produce any non-privileged responsive texts between Mr. Bonet and Mr. Long.

Additionally, we have received what appear to be the GitHub printouts regarding Social Tech's app, but these printouts do not show the date on which the files were created. Instead, they simply state a "commit date" and for most files, identify the date as "last year." Please immediately provide documents showing the actual date on which the code files for Social Tech's app were created.

Mr. Bonet has provided to you the date information to which he has access from Github.

We've also identified the following issues with Social Tech's production. Please send us your responses to the following no later than Thursday, June 27.

1. Please provide the date when each video that Social Tech produced was made. We cannot tell from the videos themselves and this is important to understanding the timeline when various events surrounding the creation and/or alleged promotion of Social Tech's Memoji app occurred.

| Bates Number | Date Created |
|---|---|
| SocialTech_0000747 | 3/31/2016 |
| SocialTech_0000729 | 6/27/2018 |
| SocialTech_0000746 | 6/13/2018 |
| SocialTech_0000743 | 5/20/2016 |
| SocialTech_0000744 | 4/13/2016 |
| SocialTech_0000745 | 4/6/2016 |
| SocialTech_0000730 | 5/20/2016 |
| SocialTech_0000866 | 4/13/2016 |

| SocialTech_0000868 | 4/8/2016 |
|---|---|
| SocialTech_0000731 | 4/13/2016 |
| SocialTech_0000867 | 4/13/2016 |
| SocialTech_0000805 | 6/9/2018 |
| SocialTech_0000806 | 4/27/2016 |
| SocialTech_0000701 | 4/13/2016 |
| SocialTech_0000673 | 4/13/2016 |
| SocialTech_0000674 | 4/8/2016 |
| SocialTech_0000807 | 4/13/2016 |

2. Similarly, please provide the date when the screenshots at the following Bates numbers were created: SocialTech_0000264; SocialTech_0000583; SocialTech_0000584; SocialTech_0000585.

SocialTech_0000264 and SocialTech_0000585 were created on June 29, 2018
SocialTech_0000583 and SocialTech_0000584 were created on June 28, 2018

3. FlexDevGrant_0501 references three attachments.  SocialTech_0000785 references four attachments, some of which may overlap with those referenced in 0501.  Please produce all attachments to the messages in these email chains with the emails to which they were attached.  The attachments appear to be highly relevant images of the Memoji app for Android just before it launched.

SocialTech_0000785 does not reference any attachments.  There is a video on the chain that was also produced at SocialTech_0000729.  That same video is produced at FlexDevGrant_0177.

4. Social Tech has not produced any communications between it/its founders/its representatives and Mr. Anthony/his representatives regarding the negotiation of the assignment agreement.  We would expect there to be communications through at least May 2019 when the assignment was sign.  Please produce those communications.

There are no documents between Social Tech and Mr. Anthony regarding any negotiation of the assignment agreement that was signed in May 2019.  Any communications between Social Tech's and Mr. Anthony's counsel leading up to the May 2019 assignment agreement would have been in an effort to settle any potential claims between Social Tech and Mr. Anthony.  Such communications, if any, would not be relevant to any claim or defense in this action.  These documents would also be protected as confidential/privileged settlement communications.

5. We note that Mr. Anthony produced at least one email and one text between him and Mr. Bonet that Social Tech did not produce, which suggests Social Tech may have withheld responsive documents.  Please produce all responsive communications (text, email, Facebook messenger, or otherwise) between Mr. Bonet and Mr. Anthony that have not been produced.

Please identify the email and text you reference here.

6. We have not seen any texts between Mr. Bonet and Mr. Grant in Social Tech's production, except for texts also involving Mr. Anthony. We, however, are aware from FlexDev's production that there was at least one such communications. Please produce all responsive communications (text, email, Facebook messenger, or otherwise) between Mr. Bonet and Mr. Grant that have not been produced.

We will produce this document.

7. SocialTech_0000703 contains a screenshot on page 5. Was this screenshot produced? If so, please let us know the Bates number. If not, please produce a copy of the screenshot together with the e-mail to which it was attached.

We will produce this screenshot.

8. Mr. Long testified that there were emails "prior to" FlexDevGrant_0027. Long Dep. Tr. 256:20-258:15. Please produce those prior emails to which he was referring.

As is clear from Mr. Long's testimony, he is not sure about any prior emails. To the extent you seek information about this email chain, it was also produced at SocialTech_0000751.

9. SocialTech_0000408 and SocialTech_0000644 each attach a file called "MeMOJI.key." We, however, cannot open the "MeMOJI.key" files in the natives, and the files do not appear to have been produced separately. Please produce the MeMOJI.key files together with the emails to which those files were attached.

We understand that .key indicates the extension for Keynote, an Apple program. We have produced a version of this document as a PowerPoint presentation at SocialTech_0000675. Please let us know if you require the production of this native email.

Best,

Mary

**Mary Mazzello**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 446 4944
**F** +1 212 446 4900

mary.mazzello@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.