UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIAL TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 18-cv-05945-VC (SK)<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Regarding Docket Nos. 92, 93, 94, 96, 97, 98, 104 |

Now before the Court are the letter briefs regarding the parties' discovery disputes as well as their related motions to seal.

**A.**     **Factual Background**

Plaintiff Social Technologies LLC ("Plaintiff") alleges that Defendant Apple Inc. ("Defendant") is infringing Plaintiff's trademark "MEMOJI." The MEMOJI mark is the name of an "app" (application software) for the Apple iPhone which allows users to create customized emojis of themselves. (Dkt. 31.) According to the Merriam-Webster online dictionary, an emoji is an "imag[e], symbo[l], or ico[n] used in text fields in electronic communication (as in text messages, e-mail, and social media) to express the emotional attitude of the writer, convey information succinctly, communicate a message playfully without using words[.]" https://www.merriam-webster.com/dictionary/emoji.

Plaintiff filed its Statement of Use for the MEMOJI mark on June 30, 2018, and the Patent and Trademark Office registered Plaintiff's mark on September 18, 2018 (Reg. No. 5,566,242), with a "first use" and use "in commerce" of June 28, 2018. (Dkt. 1.)

Defendant alleges that two other companies, Lucky Bunny LLC and Big 3 Ent LLC (collectively, "Lucky Bunny"), began using the MEMOJI mark for their own app to allow

customers to turn themselves into an emoji in 2014.  (Dkt. 31.)  Lucky Bunny sold its app (the "Lucky Bunny App") on Defendant's "App Store."  Defendant then acquired Lucky Bunny's rights to the MEMOJI mark in May 2018.  (Dkt. 31.)

This litigation began in September 2018.  (Dkt. 1.)  The District Court denied Plaintiff's motion for preliminary injunction, noting:

> Given that, it is also questionable – at best – whether Social Tech will succeed on the merits. Social Tech filed its Statement of Use just two days after rushing to release its MEMOJI app. Absent any evidence regarding when or how many times the app had been sold when Social Tech filed its statement, it is unclear that Social Tech had used the mark "in commerce" as necessary to secure a valid trademark registration. *See* 15 U.S.C. § 1127. And even if Social Tech clears that hurdle, Apple has a reasonable argument that Social Tech's registration should be cancelled based on Lucky Bunny's prior use of the mark. *See* 15 U.S.C. § 1052(d).

(Dkt. 43.)

Plaintiff also acquired rights regarding the MEMOJI mark from a third party – but after this litigation began.  An individual named Christopher Anthony claimed that he had used the MEMOJI mark in commerce beginning in 2014.  (Dkt. 45.)  Justin Grant of FlexDev, Plaintiff's third-party developer, communicated with Anthony in 2018 about Anthony's use of the MEMOJI mark, but Grant's communication with Anthony caused a rift between Grant/FlexDev and Plaintiff.  (Dkt. 92.)  Anthony moved to intervene in this action, and, in opposing Anthony's attempt to intervene in this case, Plaintiff claimed that "Anthony has no rights of value in MEMOJI."  (Dkt. 69.)  The District Court denied Anthony's motion to intervene.  (Dkt. 75.)  After that decision, in May 2019, Plaintiff acquired from Anthony any rights to the MEMOJI mark that Anthony owned.  (Dkt. 92.)

Thus, the use of the MEMOJI mark and the timing of the use by both parties or their predecessors are issues of dispute.

**B.    Motions to Seal**

The Court HEREBY GRANTS the motions to seal filed by both parties.  (Dkts. 94, 96.)  Plaintiff provisionally filed under seal portions of its letter brief as well as Exhibits 4, 5, and 6 in

2

support of its letter brief because they contain information designated as confidential by Defendant. In its motion to seal, Defendant demonstrated that the selected portions of Plaintiff's letter brief, portions of Exhibits 4, 5, and 6, as well as portions of Defendant's letter brief and of its Exhibits A and B may be filed under seal.

The Court will address the separate motion to seal (Dkt. 103) in a separate Order.

### C. Motion to Withdraw Incorrectly Filed Document

Plaintiff moves to withdraw an incorrectly filed document. (Dkt. 104.) The Court GRANTS that motion and ORDERS that Docket 101-1 be removed permanently from the docket.

### D. Timeliness of Motions

Both Plaintiff and Defendant complain about the timeliness of the motions, and each party alleges that the other party did not comply with the Court's Order regarding discovery disputes. The Court accepted that both parties attempted to negotiate and file their disputes at the last minute and thus, in separate Orders (Dkts. 89, 91) allowed the parties additional time to brief the issues fully. In addition, the Court held a hearing on the discovery disputes to ensure that each party could respond to the other party's arguments. For that reason, the Court rejects the arguments regarding timeliness by both parties and considers the discovery disputes on the merits.

### E. Plaintiff's Motion to Compel

Plaintiff Social Technologies LLC ("Plaintiff") seeks to compel production of documents from Defendant Apple, Inc. ("Defendant"). First, Plaintiff seeks information regarding "all recorded metrics for the Lucky Bunny App" and "documents sufficient to identify the number of unique downloads and users." Plaintiff claims that these are responsive to Document Requests Nos. 2 and 8 of the First Set of Requests and to Document Request No. 30 of the Second Set of Requests that Plaintiff issued to Defendant. Plaintiff seek more detailed information about the downloads of the Lucky Bunny App from Defendant's App Store. Defendant argues that it is has already produced information in a spreadsheet about the downloads without the information regarding names, email addresses, and addresses of the people who downloaded the Lucky Bunny App. Plaintiff seeks further information, including the names, email addresses, and addresses of the people who downloaded the Lucky Bunny App. Plaintiff claims that it needs this detailed

information because the identifier Apple uses is not static and changes over time. Defendant points out that its only witness testified that the identifier that it chose for the spreadsheet is a static one and thus the need for personally identifying information is not necessary. The Court agrees with Defendant, as Plaintiff does not point to any evidence conflicting with this testimony.

Second, Plaintiff seeks information from one of Defendant's internal guidelines, called a "Wiki." Plaintiff claims that this information is responsive to Document Request Nos. 34 and 35 of the Second Set of Requests, which seek information about updates and software requirements. The information about the Wiki does not appear to be responsive to these requests. Furthermore, the information about the Wiki is not relevant to this litigation. Plaintiff argued at the hearing on this matter that Defendant violated its own rules in allowing the Lucky Bunny App to remain in the App Store and that the Wiki information will show that Defendant was engaged in "foul play." Even if Defendant did violate its own rules about allowing certain applications to remain in its App Store, that fact is irrelevant to this case of trademark infringement.

Third, Plaintiff seeks information about the functionality of the Lucky Bunny App. Plaintiff cannot point to a document request to which this information is responsive. The requested information is also not relevant to this litigation, and Plaintiff cannot point to any way in which the requested information is relevant.

Fourth, Plaintiff seeks information about specific questions posed in and the "native" version of surveys Defendant conducted regarding Defendant's use of the MEMOJI mark. Defendant argues that the surveys that it provided related to functionality, that the surveys were not marketing surveys, and that "native" version of the surveys are not available because the surveys were administered on-line. The information that Plaintiff seeks is not relevant to this case of trademark infringement, and Plaintiff could proffer no explanation for its relevance at the hearing.

Finally, Plaintiff seeks information regarding a database called "Content Master," a database in which Defendant stores information about apps available on its App Store. Again, Plaintiff can point to no specific request to which this information is responsive. It is also unclear how this information is relevant to this litigation, and Plaintiff could not clarify its relevance in

4

either its discovery letter brief or at the hearing.

Thus, the Court DENIES Plaintiff's motion to compel further production of documents.

**F.     Defendant's Motion to Compel**

Defendant moves to compel production of documents responsive to Document Requests Nos. 21 – 25 in the Second Set of Requests to Plaintiff and Document Request No. 33 in the Third Set of Requests to Plaintiff.  The requested documents address four types of documents:  (1) Plaintiff's communications internally about Anthony's use of the MEMOJI mark (Document Request Nos. 23, 33), (2) Plaintiff's communications with people or entities other than Plaintiff about Anthony's use of the MEMOJI  mark (Document Request Nos. 23, 33), (3) Plaintiff's communications with Anthony about his use of the MEMOJI mark (Document Request Nos. 21, 22), (4) Plaintiff's internal analyses of Anthony's use of the MEMOJI mark (Document Request Nos. 24, 25).

Defendant argues that the requested documents may show that Plaintiff knew that it needed to acquire Anthony's rights in the MEMOJI mark to claim priority in this litigation, that the documents bear on Grant's potential bias in this matter and Plaintiff's motive in filing this litigation to obtain money from Defendant, and that the documents are necessary to impeach witnesses who provided inconsistent testimony.  Of all these purported reasons, the only with potential relevance is the possibility that Plaintiff communicated internally or externally about its belief that Plaintiff needed Anthony's rights in the MEMOJI mark to claim priority in this litigation.  As noted above, the timing and use of the MEMOJI mark – potentially based on acquisition of rights of a third party – are relevant issues in this litigation.  Thus, some of the requested documents are relevant for that reason.  However, communications between Plaintiff and Anthony about his use of the MEMOJI mark (Document Request Nos. 21, 22) are not relevant.  Plaintiff has produced the agreement between Plaintiff and Anthony.  It is unlikely that the communications between adverse parties (Plaintiff and Anthony) on this issue of acquisition of Anthony's rights will be relevant to Plaintiff's internal beliefs about the need to acquire Anthony's rights to the MEMOJI mark, and there is a legitimate concern that the documents may be privileged under Fed. R. Evid. 408.

5

Defendant points out that Plaintiff did not place these documents on a privilege log, but Plaintiff argued at the hearing – with no opposition from Defendant – that the parties had agreed that the parties were not required to place documents created after the litigation began on a privilege log. This is a common practice in litigation, as otherwise the parties would be required to create privilege logs for the many documents protected by attorney work product and attorney-client privilege that are created during litigation. This situation is slightly different, and for that reason, the Court finds that, to the extent Defendant claims any right to privilege for documents responsive to Document Request Nos. 23, 24, 25 and 33, Plaintiff must create a privilege log for any documents withheld on the basis of privilege. The Court ORDERS that Plaintiff produce responsive, non-privileged documents responsive to Document Request Nos. 23, 24, 25, and 33 by August 29, 2019. However, to the extent that a response to Document Request Nos. 23, 24, 25 and 33 encompasses communications between Plaintiff and Anthony, Plaintiff is not required to produce those documents or portions of those documents for the same reason that Plaintiff is not required to produce documents responsive to Document Request Nos. 21 and 22.[1]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] If the document is otherwise responsive, Plaintiff must produce it but may redact any portion constituting a communication with Anthony.

6

1  At the hearing on this matter, Plaintiff could not provide an explanation of what Plaintiff
2 had or had not produced in response to these requests.  Plaintiff offered to provide an explanation
3 that Plaintiff had previously provided to Defendant in a process of meeting and conferring, and the
4 Court allowed Plaintiff to submit its explanation to the Court.  (Dkt. 103-2.)  The Court reviewed
5 the documents Plaintiff submitted, and unfortunately those documents did not provide clarity
6 about what Plaintiff searched and produced or what Plaintiff does or does not possess.  Plaintiff is
7 required to comply with the Federal Rules of Civil Procedure and search for all responsive
8 documents and must provide an updated, written response that complies with Fed. R. Civ. P. 34.,
9 also by August 29, 2019.

**IT IS SO ORDERED**.

Dated: August 7, 2019

SALLIE KIM
United States Magistrate Judge