# EXHIBIT 20

**Generated on:** This page was generated by TSDR on 2019-03-21 10:58:22 EDT

**Mark:** MEMOJI

# MEmoji

| | | | |
|---|---|---|---|
| **US Serial Number:** | 87397135 | **Application Filing Date:** | Apr. 03, 2017 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |

**Status:** An Office action suspending further action on the application has been sent (issued) to the applicant. To view all documents in this file, click on the Trademark Document Retrieval link at the top of this page.

**Status Date:** Dec. 26, 2018

## Mark Information

**Mark Literal Elements:** MEMOJI

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

## Goods and Services

**Note:** The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Computer application software for mobile phones and other computing devices, namely, software for creating and sending emoticons; Downloadable software in the nature of a mobile application for creating and sending emoticons

| | | | |
|---|---|---|---|
| **International Class(es):** | 009 - Primary Class | **U.S Class(es):** | 021, 023, 026, 036, 038 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Oct. 01, 2014 | **Use in Commerce:** | Oct. 01, 2014 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

**Owner Name:** APPLE INC.

**Owner Address:** ONE APPLE PARK WAY
CUPERTINO, CALIFORNIA 95014
UNITED STATES

| | | | |
|---|---|---|---|
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | CALIFORNIA |

APL-STECH_00000287

# Attorney/Correspondence Information

### Attorney of Record

| | |
|---|---|
| **Attorney Name:** | Thomas R. La Perle |
| **Attorney Primary Email Address:** | trademarkdocket@apple.com |

**Attorney Email Authorized:** Yes

### Correspondent

**Correspondent Name/Address:** Thomas R. La Perle
Apple Inc.
One Apple Park Way
MS: 169-3IPL
Cupertino, CALIFORNIA 95014
UNITED STATES

**Phone:** 408-974-2385

**Correspondent e-mail:** trademarkdocket@apple.com  laperle@apple.com

**Correspondent e-mail Authorized:** Yes

### Domestic Representative - Not Found

# Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Dec. 26, 2018 | NOTIFICATION OF LETTER OF SUSPENSION E-MAILED | 6332 |
| Dec. 26, 2018 | LETTER OF SUSPENSION E-MAILED | 6332 |
| Dec. 26, 2018 | SUSPENSION LETTER WRITTEN | 69940 |
| Jul. 11, 2018 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Jun. 13, 2018 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Jun. 06, 2018 | ATTORNEY/DOM.REP.REVOKED AND/OR APPOINTED | |
| Jun. 06, 2018 | TEAS REVOKE/APP/CHANGE ADDR OF ATTY/DOM REP RECEIVED | |
| Jun. 05, 2018 | NOTIFICATION OF LETTER OF SUSPENSION E-MAILED | 6332 |
| Jun. 05, 2018 | LETTER OF SUSPENSION E-MAILED | 6332 |
| Jun. 05, 2018 | SUSPENSION LETTER WRITTEN | 69940 |
| Jun. 05, 2018 | EXAMINER'S AMENDMENT ENTERED | 88888 |
| Jun. 05, 2018 | NOTIFICATION OF EXAMINERS AMENDMENT E-MAILED | 6328 |
| Jun. 05, 2018 | EXAMINERS AMENDMENT E-MAILED | 6328 |
| Jun. 05, 2018 | EXAMINERS AMENDMENT -WRITTEN | 69940 |
| Jan. 18, 2018 | REPORT COMPLETED SUSPENSION CHECK CASE STILL SUSPENDED | |
| Jun. 26, 2017 | NOTIFICATION OF LETTER OF SUSPENSION E-MAILED | 6332 |
| Jun. 26, 2017 | LETTER OF SUSPENSION E-MAILED | 6332 |
| Jun. 26, 2017 | SUSPENSION LETTER WRITTEN | 69940 |
| Jun. 24, 2017 | ASSIGNED TO EXAMINER | 69940 |
| Apr. 11, 2017 | NOTICE OF PSEUDO MARK E-MAILED | |
| Apr. 10, 2017 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Apr. 06, 2017 | NEW APPLICATION ENTERED IN TRAM | |

# TM Staff and Location Information

### TM Staff Information

| | |
|---|---|
| **TM Attorney:** | FERRAIUOLO, DOMINIC J |
| **Law Office Assigned:** | LAW OFFICE 102 |

### File Location

| | |
|---|---|
| **Current Location:** | TMEG LAW OFFICE 102 - EXAMINING ATTORNEY ASSIGNED |
| **Date in Location:** | Dec. 26, 2018 |

# Assignment Abstract Of Title Information

### Summary

| | |
|---|---|
| **Total Assignments:** | 2 |
| **Applicant:** | Lucky Bunny, LLC |

**Assignment 1 of 2**

| | | | |
|---|---|---|---|
| **Conveyance:** | ASSIGNS THE ENTIRE INTEREST | | |
| **Reel/Frame:** | 6348/0044 | **Pages:** | 2 |
| **Date Recorded:** | Jun. 05, 2018 | | |
| **Supporting Documents:** | assignment-tm-6348-0044.pdf | | |

**Assignor**

| | | | |
|---|---|---|---|
| **Name:** | BIG 3 ENT, LLC | **Execution Date:** | May 31, 2018 |
| **Legal Entity Type:** | LIMITED LIABILITY COMPANY | **State or Country Where Organized:** | CALIFORNIA |

| | | | |
|---|---|---|---|
| **Name:** | LUCKY BUNNY, LLC | **Execution Date:** | May 31, 2018 |
| **Legal Entity Type:** | LIMITED LIABILITY COMPANY | **State or Country Where Organized:** | CALIFORNIA |

**Assignee**

| | | | |
|---|---|---|---|
| **Name:** | MEMOFUN APPS LLC | | |
| **Legal Entity Type:** | LIMITED LIABILITY COMPANY | **State or Country Where Organized:** | DELAWARE |
| **Address:** | 1209 ORANGE STREET WILMINGTON, DELAWARE 19801 | | |

**Correspondent**

| | |
|---|---|
| **Correspondent Name:** | THOMAS R. LA PERLE |
| **Correspondent Address:** | APPLE INC. 1 INFINITE LOOP MS 169-3IPL CUPERTINO, CA 95014 |

**Domestic Representative - Not Found**

**Assignment 2 of 2**

| | | | |
|---|---|---|---|
| **Conveyance:** | ASSIGNS THE ENTIRE INTEREST | | |
| **Reel/Frame:** | 6374/0985 | **Pages:** | 2 |
| **Date Recorded:** | Jun. 05, 2018 | | |
| **Supporting Documents:** | assignment-tm-6374-0985.pdf | | |

**Assignor**

| | | | |
|---|---|---|---|
| **Name:** | MEMOFUN APPS LLC | **Execution Date:** | Jun. 04, 2018 |
| **Legal Entity Type:** | LIMITED LIABILITY COMPANY | **State or Country Where Organized:** | DELAWARE |

**Assignee**

| | | | |
|---|---|---|---|
| **Name:** | APPLE INC. | | |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | CALIFORNIA |
| **Address:** | ONE APPLE PARK WAY CUPERTINO, CALIFORNIA 95014 | | |

**Correspondent**

| | |
|---|---|
| **Correspondent Name:** | THOMAS R. LA PERLE |
| **Correspondent Address:** | APPLE INC. 1 INFINITE LOOP MS 169-3IPL CUPERTINO, CA 95014 |

**Domestic Representative - Not Found**

# Proceedings

**Summary**

| | |
|---|---|
| **Number of Proceedings:** | 1 |

**Type of Proceeding: Cancellation**

| | | | |
|---|---|---|---|
| **Proceeding** | 92069578 | **Filing Date:** | Sep 26, 2018 |

| | | | |
|---|---|---|---|
| **Number:** | _____ | | |
| **Status:** | Suspended | **Status Date:** | Nov 28, 2018 |
| **Interlocutory Attorney:** | MARY B MYLES | | |

| **Defendant** |
|---|
| **Name:** Social Technologies LLC |
| **Correspondent Address:** GREG MAVRONICOLAS<br>MAVRONICOLAS & DEE LLP<br>3 PARK AVENUE, 15TH FLOOR<br>NEW YORK NY , 10016<br>UNITED STATES |
| **Correspondent e-mail:** gmavronicolas@mavrolaw.com |

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| MEMOJI | Cancellation Pending | 86961925 | 5566242 |

| **Plaintiff(s)** |
|---|
| **Name:** Apple Inc. |
| **Correspondent Address:** GLENN A GUNDERSEN<br>DECHERT LLP<br>CIRA CENTRE, 2929 ARCH STREET<br>PHILADELPHIA PA , 19104-2808<br>UNITED STATES |
| **Correspondent e-mail:** glenn.gundersen@dechert.com , jennifer.insley-pruitt@dechert.com , trademarks@dechert.com |

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| MEMOJI | Suspension Letter - Mailed | 87397135 | |

| **Prosecution History** | | | |
|---|---|---|---|
| **Entry Number** | **History Text** | **Date** | **Due Date** |
| 1 | FILED AND FEE | Sep 26, 2018 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | Sep 26, 2018 | Nov 05, 2018 |
| 3 | PENDING, INSTITUTED | Sep 26, 2018 | |
| 4 | D MOT TO SUSP PEND DISP CIV ACTION | Oct 24, 2018 | |
| 5 | SUSP PEND DISP OF CIVIL ACTION | Nov 28, 2018 | |

APL-STECH_00000290

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 87397135**
**Filing Date: 04/03/2017**

*NOTE: Data fields with the \* are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

---

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| *MARK | MEmoji |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | MEmoji |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Big 3 ENT, LLC |
| *STREET | 5950 Canoga Ave, Suite 510 |
| *CITY | Woodland Hills |
| *STATE (Required for U.S. applicants) | California |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 91367 |
| WEBSITE ADDRESS | http://thememojiapp.com |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | LIMITED LIABILITY COMPANY |
| * STATE/COUNTRY WHERE LEGALLY ORGANIZED | California |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Luck Bunny, LLC |
| *STREET | 10047 Louise Ave |
| *CITY | Northridge |
| *STATE | |

APL-STECH_00000291

| | |
|---|---|
| **(Required for U.S. applicants)** | California |
| **\*COUNTRY** | United States |
| **\*ZIP/POSTAL CODE** (Required for U.S. and certain international addresses) | 91325 |

| **LEGAL ENTITY INFORMATION** | |
|---|---|
| **\*TYPE** | LIMITED LIABILITY COMPANY |
| **\* STATE/COUNTRY WHERE LEGALLY ORGANIZED** | California |

| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
|---|---|
| **\*INTERNATIONAL CLASS** | 009 |
| **\*IDENTIFICATION** | Computer application software for **mobile phones and other computing devices**, namely, software for **creating and sending emoticons**; Downloadable software in the nature of a mobile application for **creating and sending emoticons** |
| **\*FILING BASIS** | SECTION 1(a) |
| **FIRST USE ANYWHERE DATE** | At least as early as 10/01/2014 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 10/01/2014 |
| **SPECIMEN FILE NAME(S)** | |
| **ORIGINAL PDF FILE** | SPE0-138229215230-20170403223620900984_._Screen_Shot_2014-10-03_at_12.55.48_PM.pdf |
| **CONVERTED PDF FILE(S)** (1 page) | \\TICRS\EXPORT17\IMAGEOUT17\873\971\87397135\xml1\FTK0003.JPG |
| **ORIGINAL PDF FILE** | SPE0-138229215230-20170403223620900984_._MEmoji_-_GIF_selfies_with_emoji_accessories_.pdf |
| **CONVERTED PDF FILE(S)** (8 pages) | \\TICRS\EXPORT17\IMAGEOUT17\873\971\87397135\xml1\FTK0004.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\873\971\87397135\xml1\FTK0005.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\873\971\87397135\xml1\FTK0006.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\873\971\87397135\xml1\FTK0007.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\873\971\87397135\xml1\FTK0008.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\873\971\87397135\xml1\FTK0009.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\873\971\87397135\xml1\FTK0010.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\873\971\87397135\xml1\FTK0011.JPG |
| **SPECIMEN DESCRIPTION** | Screen shots of mark detailing the creation and availability of emoticons from 10/3/14 and 4/3/17. |

| **ADDITIONAL STATEMENTS SECTION** | |
|---|---|
| **\*TRANSLATION** (if applicable) | |
| **\*TRANSLITERATION** (if applicable) | |
| **\*CLAIMED PRIOR REGISTRATION** (if applicable) | |
| **\*CONSENT** (NAME/LIKENESS) | |

| **(if applicable)** | |
|---|---|
| *CONCURRENT USE CLAIM (if applicable) | |
| MISCELLANEOUS STATEMENT | Previous approved application Serial number 86438926 |

## ATTORNEY INFORMATION

| NAME | Joseph M. Sofio |
|---|---|
| FIRM NAME | Law Offices of Joseph M. Sofio |
| STREET | 2600 W. Olive Ave, 5th Floor |
| CITY | Burbank |
| STATE | California |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 91505 |
| PHONE | 818-753-2390 |
| EMAIL ADDRESS | joe@builtentertainment.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## CORRESPONDENCE INFORMATION

| *NAME | Joseph M. Sofio |
|---|---|
| FIRM NAME | Law Offices of Joseph M. Sofio |
| *STREET | 2600 W. Olive Ave, 5th Floor |
| *CITY | Burbank |
| *STATE (Required for U.S. addresses) | California |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE | 91505 |
| PHONE | 818-753-2390 |
| *EMAIL ADDRESS | joe@builtentertainment.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| APPLICATION FILING OPTION | TEAS Plus |
|---|---|
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 225 |
| *TOTAL FEE PAID | 225 |

## SIGNATURE INFORMATION

| * SIGNATURE | /Joseph M. Sofio/ |
|---|---|
| * SIGNATORY'S NAME | Joseph M. Sofio |
| * SIGNATORY'S POSITION | Attorney of Record, CA bar member |
| SIGNATORY'S PHONE NUMBER | 818-753-2390 |

| | |
|---|---|
| * DATE SIGNED | 04/03/2017 |
| * SIGNATURE | /Joseph M. Sofio/ |
| * SIGNATORY'S NAME | Joseph M. Sofio |
| * SIGNATORY'S POSITION | Attorney of Record, CA bar member |
| SIGNATORY'S PHONE NUMBER | 818-753-2390 |
| * DATE SIGNED | 04/03/2017 |

APL-STECH_00000294

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 87397135**
**Filing Date: 04/03/2017**

## To the Commissioner for Trademarks:

**MARK:** MEmoji (Standard Characters, see mark)
The mark in your application is MEmoji.

The applicants, Big 3 ENT, LLC, a limited liability company legally organized under the laws of California, having an address of
   5950 Canoga Ave, Suite 510
   Woodland Hills, California 91367
   United States
Luck Bunny, LLC, a limited liability company legally organized under the laws of California, having an address of
   10047 Louise Ave
   Northridge, California 91325
   United States
request registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
  International Class 009:  Computer application software for mobile phones and other computing devices, namely, software for creating and sending emoticons; Downloadable software in the nature of a mobile application for creating and sending emoticons

Use in Commerce: The applicant is using the mark in commerce on or in connection with the identified goods/services. The applicant attaches, or will later submit, one specimen as a JPG/PDF image file showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, regardless of whether the mark itself is in the standard character format or is a stylized or design mark. The specimen image file may be in color, and the image must be in color if color is being claimed as a feature of the mark.

In International Class 009, the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 10/01/2014, and first used in commerce at least as early as 10/01/2014, and is now in use in such commerce. The applicants are submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) Screen shots of mark detailing the creation and availability of emoticons from 10/3/14 and 4/3/17..

**Original PDF file:**
SPE0-138229215230-20170403223620900984_._Screen_Shot_2014-10-03_at_12.55.48_PM.pdf
**Converted PDF file(s)** (1 page)
Specimen File1
**Original PDF file:**
SPE0-138229215230-20170403223620900984_._MEmoji_-_GIF_selfies_with_emoji_accessories_.pdf
**Converted PDF file(s)** (8 pages)
Specimen File1
Specimen File2
Specimen File3
Specimen File4
Specimen File5
Specimen File6
Specimen File7
Specimen File8

APL-STECH_00000295

**Miscellaneous Statement**
Previous approved application Serial number 86438926

For informational purposes only, applicant's website address is: http://thememojiapp.com
The applicant's current Attorney Information:
    Joseph M. Sofio of Law Offices of Joseph M. Sofio      2600 W. Olive Ave, 5th Floor
    Burbank, California 91505
    United States
    818-753-2390(phone)
    joe@builtentertainment.com (authorized)


The applicant's current Correspondence Information:
    Joseph M. Sofio
    Law Offices of Joseph M. Sofio
    2600 W. Olive Ave, 5th Floor
    Burbank, California 91505
    818-753-2390(phone)
    joe@builtentertainment.com (authorized)
**E-mail Authorization:** I authorize the USPTO to send e-mail correspondence concerning the application to the applicant or the applicant's attorney, or the applicant's domestic representative at the e-mail address provided in this application. I understand that a valid e-mail address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in the loss of TEAS Plus status and a requirement to submit an additional processing fee of $125 per international class of goods/services.

A fee payment in the amount of $225 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

**If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
- The facts set forth in the application are true.

**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application; and
- The facts set forth in the application are true.

To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Joseph M. Sofio/   Date: 04/03/2017
Signatory's Name: Joseph M. Sofio
Signatory's Position: Attorney of Record, CA bar member
Signatory's Phone Number: 818-753-2390

APL-STECH_00000296

Signature: /Joseph M. Sofio/   Date: 04/03/2017
Signatory's Name: Joseph M. Sofio
Signatory's Position: Attorney of Record, CA bar member
Signatory's Phone Number: 818-753-2390
Payment Sale Number: 87397135
Payment Accounting Date: 04/04/2017

Serial Number: 87397135
Internet Transmission Date: Mon Apr 03 22:58:43 EDT 2017
TEAS Stamp: USPTO/FTK-XXX.XXX.XXX.XXX-20170403225843
355548-87397135-58034d4642032fd7968cabef
b8282542be6996559df4e592df0b0c6ecbc5fb5b
-CC-7349-20170403223620900984

APL-STECH_00000297

# MEmoji

APL-STECH_00000298

MEmoji - GIF selfies with emoji accessories! 1.0
● 1.0 Waiting For Review

Versions    Prerelease    Pricing    In-App Purchases    Game Center    Reviews    Newsstand    More ▾

1.0                                                                                                                    Save

ⓘ  You can edit all information while your version is waiting for review. To submit a new build, you must remove this version from review.

Version Information                                                                                                 English ▾

App Video Preview and Screenshots  ?

4.7 inch   5.5-inch   4-inch   3.5-inch   iPad





APL-STECH_00000300





APL-STECH_00000302



APL-STECH_00000303





APL-STECH_00000305



iOS app for capturing and accessorizing GIF selfies!MEmoji allows you to make your own "reaction GIFs" for friends, and accessorize them in your own style.  And MEmoji's sharing options let you send your GIFs to friends via text message, post them to Instagram as a video, tweet them as a photo… anything emoji do, MEmoji does better!

Accessorize your selfie photos and GIFs with an assortment of fun images! Crop around your face in a perfect circle to give yourself that perfect emoji look! GIFs can be converted into other formats for even more sharing options! Googly eyes, people!  Googly eyes!

If you've ever seen an emoji and thought, "I could do better"… WELL NOW YOU CAN.  Enjoy!

P.S.  If you like MEmoji, please consider leaving us a nice review!  Positive reviews help our App Store visibility, so thanks in advance for your support!



👍 Like 3    Share    👍 Like 21    Share

[MEmoji Press Release and Media Kit](#)

© Lucky Bunny LLC and Big 3 Ent LLC

APL-STECH_00000307



APL-STECH_00000308



APL-STECH_00000309





APL-STECH_00000311



APL-STECH_00000312





SCROLL LEFT AND RIGHT FOR MORE MEMOJI PACKS TO CHOOSE FROM!

APL-STECH_00000314



iOS app for capturing and accessorizing GIF selfies!MEmoji allows you to make your own "reaction GIFs" for friends, and accessorize them in your own style.  And MEmoji's sharing options let you send your GIFs to friends via text message, post them to Instagram as a video, tweet them as a photo… anything emoji do, MEmoji does better!

Accessorize your selfie photos and GIFs with an assortment of fun images!  Crop around your face in a perfect circle to give yourself that perfect emoji look!  GIFs can be converted into other formats for even more sharing options!  Googly eyes, people!  Googly eyes!

If you've ever seen an emoji and thought, "I could do better"… WELL NOW YOU CAN.  Enjoy!

P.S.  If you like MEmoji, please consider leaving us a nice review!  Positive reviews help our App Store visibility, so thanks in advance for your support!



👍 Like 3    Share    👍 Like 21    Share

[MEmoji Press Release and Media Kit](MEmoji Press Release and Media Kit)

© Lucky Bunny LLC and Big 3 Ent LLC

APL-STECH_00000316

# MEmoji

APL-STECH_00000317

| | |
|---|---|
| **From:** | TMDesignCodeComments |
| **Sent:** | Tuesday, April 11, 2017 00:22 AM |
| **To:** | joe@builtentertainment.com |
| **Subject:** | Official USPTO Notice of Pseudo Mark: U.S. Trademark SN: 87397135: MEMOJI |

**Docket/Reference Number:**

The USPTO may assign pseudo marks, as appropriate, to new applications to assist in searching the USPTO database for conflicting marks.  They have no legal significance and will not appear on the registration certificate.

A PSEUDO MARK may be assigned to marks that include words, numbers, compound words, symbols, or acronyms that can have alternative spellings or meanings.  For example, if the mark comprises the words 'YOU ARE' surrounded by a design of a box, the pseudo mark field in the USPTO database would display the mark as 'YOU ARE SQUARE'.  A mark filed as 'URGR8' would receive a pseudo mark of 'YOU ARE GREAT'.

Response to this notice is not required; however, to suggest additions or changes to the pseudo mark assigned to your mark, please e-mail TMDesignCodeComments@USPTO.GOV.  You **must** reference your application serial number within your request.  The USPTO will review the proposal and update the record, if appropriate.  For questions, please call 1-800-786-9199 to speak to a Customer Service representative.

The USPTO will not send any further response to your e-mail.  Check TESS in approximately two weeks to see if the requested changes have been entered.  Requests deemed unnecessary or inappropriate will not be entered.

To view this notice and other documents for this application on-line, go to http://tdr.uspto.gov/search.action?sn=87397135.  NOTE: This notice will only be available on-line the next business day after receipt of this e-mail.

**Pseudo marks assigned to the referenced serial number are listed below.**

**PSEUDO MARK:**

ME EMOJI

*** User:dferraiuol ***

| # | Total Marks | Dead Marks | Live Viewed Docs | Live Viewed Images | Status/ Search Duration | Search |
|---|---|---|---|---|---|---|
| 01 | 26 | 16 | 10 | 10 | 0:01 | *memo{"gj"}*[bi,ti] |
| 02 | 1085304 | N/A | 0 | 0 | 0:02 | *m{"eiy"}*[bi,ti] |
| 03 | 2206 | N/A | 0 | 0 | 0:01 | *moj* |
| 04 | 244 | 128 | 104 | 104 | 0:01 | 2 and 3 |

Session started 6/26/2017 2:05:50 PM
Session finished 6/26/2017 2:11:12 PM
Total search duration 0 minutes 5 seconds
Session duration 5 minutes 22 seconds
Defaut NEAR limit=1ADJ limit=1

Sent to TICRS as Serial Number: 87397135

APL-STECH_00000319

| To: | Big 3 ENT, LLC (joe@builtentertainment.com) |
|---|---|
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 87397135 - MEMOJI - N/A |
| **Sent:** | 6/26/2017 2:11:23 PM |
| **Sent As:** | ECOM102@USPTO.GOV |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
#### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**U.S. APPLICATION SERIAL NO.** 87397135

**MARK:** MEMOJI

**CORRESPONDENT ADDRESS:**
　JOSEPH M. SOFIO
　LAW OFFICES OF JOSEPH M. SOFIO
　2600 W. OLIVE AVE, 5TH FLOOR
　BURBANK, CA 91505

**APPLICANT:** Big 3 ENT, LLC

**CORRESPONDENT'S REFERENCE/DOCKET NO :**
　N/A
**CORRESPONDENT E-MAIL ADDRESS:**
　joe@builtentertainment.com

# *87397135*

**GENERAL TRADEMARK INFORMATION:**
**http://www.uspto.gov/trademarks/index.jsp**

VIEW YOUR APPLICATION FILE

## SUSPENSION NOTICE: NO RESPONSE NEEDED

**ISSUE/MAILING DATE: 6/26/2017**

The trademark examining attorney is suspending action on the application for the reason(s) stated below. *See* 37 C.F.R. §2.67; TMEP §§716 *et seq.*

**PRIOR-FILED PENDING APPLICATION(S) FOUND:** The trademark examining attorney has searched the USPTO's database of registered and pending marks and has found no similar registered marks that would bar registration under Trademark Act Section 2(d). TMEP §704.02; *see* 15 U.S.C. §1052(d). However, a mark(s) in a prior-filed pending application(s) may present a bar to registration of applicant's mark.

The effective filing date of the pending application(s) identified below precedes the filing date of applicant's application. If the mark in the referenced application(s) registers, applicant's mark may be refused registration under Section 2(d) because of a likelihood of confusion with that registered mark(s). *See* 15 U.S.C. §1052(d); 37 C.F.R. §2.83; TMEP §§1208 *et seq.* Therefore, action on this application is suspended until the earlier-filed referenced application(s) is either registered or abandoned. 37 C.F.R. §2.83(c). A copy of information relevant to this referenced application(s) is attached.

　- Application Serial No(s). 86961925

The USPTO will periodically conduct a status check of the application to determine whether suspension remains appropriate, and the trademark examining attorney will issue as needed an inquiry letter to applicant regarding the status of the matter on which suspension is based. TMEP §§716.04, 716.05. Applicant will be notified when suspension is no longer appropriate. *See* TMEP §716.04.

No response to this notice is necessary; however, if applicant wants to respond, applicant should use the "Response to Suspension Inquiry or Letter of Suspension" form online at http://teasroa.uspto.gov/rsi/rsi.

/DominicJFerraiuolo/
Examining Attorney, U.S.P.T.O.
Law Office 102
tel: 571-272-9156
fax: 571-273-9102
email: dominic.ferraiuolo@uspto.gov

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:**  To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/.  Please keep a copy of the TSDR status screen.  If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199.  For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:**  Use the Trademark Electronic Application System (TEAS) form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

APL-STECH_00000321

**Print: Jun 26, 2017**                          **86961925**

**DESIGN MARK**

**Serial Number**
86961925

**Status**
PRIORITY ACTION MAILED

**Word Mark**
MEMOJI

**Standard Character Mark**
No

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
SOCIAL TECHNOLOGIES LLC LIMITED LIABILITY COMPANY GEORGIA 881 N.
HIGHLAND AVENUE NE APT. 19 ATLANTA GEORGIA 30306

**Goods/Services**
Class Status -- ACTIVE.  IC 009.  US  021 023 026 036 038.  G & S:
Computer application software for mobile phones, namely, software for
recording, editing, and distributing images, videos, and audio.;
Computer application software for mobile phones, computers, and
tablets, namely, software for recording, editing, and distributing
images, videos, and audio.; Downloadable mobile applications for
recording, editing, and distributing images, videos, and audio.;
Downloadable software in the nature of a mobile application for
recording, editing, and distributing images, videos, and audio.

**Description of Mark**
The mark consists of the stylized wording "MEMOJI" appearing in white
on a black background with a white oval with gray highlighting
replacing the letter "O", a woman's cross-eyed face appearing within
the oval with brown hair, tan skin, brown eyebrows, black and white
eyes, pink cheeks and red lips. A partial reflection of the wording
and design appears inverted directly below "MEMOJI" in gray, tan,
brown, black red and pink.

**Colors Claimed**
The color(s) black, white, gray, brown, tan, red and pink is/are
claimed as a feature of the mark.

-1-

APL-STECH_00000322

**Print: Jun 26, 2017**                    **86961925**

**Filing Date**
2016/04/01

**Examining Attorney**
KERTGATE, AMY

-2-

APL-STECH_00000323



APL-STECH_00000324

| To: | Big 3 ENT, LLC (joe@builtentertainment.com) |
|---|---|
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 87397135 - MEMOJI - N/A |
| **Sent:** | 6/26/2017 2:11:24 PM |
| **Sent As:** | ECOM102@USPTO.GOV |
| **Attachments:** | |

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

## IMPORTANT NOTICE REGARDING YOUR
## U.S. TRADEMARK APPLICATION

USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED
ON **6/26/2017** FOR U.S. APPLICATION SERIAL NO. 87397135

Please follow the instructions below:

**(1) TO READ THE LETTER:** Click on this link or go to http://tsdr.uspto.gov/, enter the U.S. application serial number, and click on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2) QUESTIONS:** For questions about the contents of the Office action itself, please contact the assigned trademark examining attorney. For *technical* assistance in accessing or viewing the Office action in the Trademark Status and Document Retrieval (TSDR) system, please e-mail TSDR@uspto.gov.

## WARNING

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:** Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations. These companies often use names that closely resemble the USPTO and their solicitations may look like an official government document. Many solicitations require that you pay "fees."

Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation. All official USPTO correspondence will be mailed only from the "United States Patent and Trademark Office" in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov." For more information on how to handle private company solicitations, see http://www.uspto.gov/trademarks/solicitation_warnings.jsp.

APL-STECH_00000325

| | |
|---|---|
| **To:** | Big 3 ENT, LLC (joe@builtentertainment.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 87397135 - MEMOJI - N/A |
| **Sent:** | 6/5/2018 2:18:13 PM |
| **Sent As:** | ECOM102@USPTO.GOV |
| **Attachments:** | |

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**U.S. APPLICATION
SERIAL NO.** 87397135

**MARK:** MEMOJI

**CORRESPONDENT
ADDRESS:**
   JOSEPH M. SOFIO
   LAW OFFICES OF
JOSEPH M. SOFIO
   2600 W. OLIVE AVE,
5TH FLOOR
   BURBANK, CA 91505

**APPLICANT:** Big 3 ENT,
LLC

**CORRESPONDENT'S
REFERENCE/DOCKET
NO:**
   N/A
**CORRESPONDENT E-
MAIL ADDRESS:**

joe@builtentertainment.com

# *87397135*

**GENERAL TRADEMARK
INFORMATION:**
http://www.uspto.gov/trademarks/index.jsp

VIEW YOUR APPLICATION FILE

## SUSPENSION NOTICE: NO RESPONSE NEEDED

**ISSUE/MAILING DATE: 6/5/2018**

The trademark examining attorney is suspending action on the application for the reason(s) stated below. *See* 37 C.F.R. §2.67; TMEP §§716 *et seq.*

The effective filing date of the pending application(s) identified below precedes the filing date of applicant's application. If the mark in the referenced application(s) registers, applicant's mark may be refused registration under Section 2(d) because of a likelihood of confusion with that registered mark(s). *See* 15 U.S.C. §1052(d); 37 C.F.R. §2.83; TMEP §§1208 *et seq.* Therefore, action on this application is suspended until the earlier-filed referenced application(s) is either registered or abandoned. 37 C.F.R. §2.83(c). A copy of information relevant to this referenced application(s) was sent previously.

   - Application Serial No(s). 86961925

The USPTO will periodically conduct a status check of the application to determine whether suspension remains appropriate, and the trademark examining attorney will issue as needed an inquiry letter to applicant regarding the status of the matter on which suspension is based. TMEP §§716.04, 716.05. Applicant will be notified when suspension is no longer appropriate. *See* TMEP §716.04.

No response to this notice is necessary; however, if applicant wants to respond, applicant should use the "Response to Suspension Inquiry or Letter of Suspension" form online at http://teasroa.uspto.gov/rsi/rsi.

Ferraiuolo, Dominic
/DominicJFerraiuolo/
Examining Attorney, U.S.P.T.O.
Law Office 102
tel: 571-272-9156
fax: 571-273-9102
email: dominic.ferraiuolo@uspto.gov

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/. Please keep a copy of the TSDR status screen. If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199. For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:** Use the Trademark Electronic Application System (TEAS) form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

APL-STECH_00000327

| To: | Big 3 ENT, LLC (joe@builtentertainment.com) |
|---|---|
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 87397135 - MEMOJI - N/A |
| **Sent:** | 6/5/2018 2:18:15 PM |
| **Sent As:** | ECOM102@USPTO.GOV |
| **Attachments:** | |

## UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

## IMPORTANT NOTICE REGARDING YOUR
## U.S. TRADEMARK APPLICATION

USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED
ON **6/5/2018** FOR U.S. APPLICATION SERIAL NO.87397135

Please follow the instructions below:

**(1) TO READ THE LETTER:** Click on this link or go to http://tsdr.uspto.gov/, enter the U.S. application serial number, and click on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2) QUESTIONS:** For questions about the contents of the Office action itself, please contact the assigned trademark examining attorney. For *technical* assistance in accessing or viewing the Office action in the Trademark Status and Document Retrieval (TSDR) system, please e-mail TSDR@uspto.gov.

## WARNING

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:** Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations. These companies often use names that closely resemble the USPTO and their solicitations may look like an official government document. Many solicitations require that you pay "fees."

Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation. All official USPTO correspondence will be mailed only from the "United States Patent and Trademark Office" in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov." For more information on how to handle private company solicitations, see http://www.uspto.gov/trademarks/solicitation_warnings.jsp.

APL-STECH_00000328

# NOTE TO THE FILE

SERIAL NUMBER:       87397135

DATE:                06/05/2018

NAME:                dferraiuolo

NOTE:

**Searched:**
___  Google
___  Lexis/Nexis
___  OneLook
___  Wikipedia
___  Acronym Finder                    ___   Protest evidence reviewed
___  Other:

**Checked:**
___  Geographic significance
___  Surname
___  Translation
___  ID with ID/CLASS mailbox

__ Checked list of approved Canadian attorneys and agents

**Discussed file with**
**Attorney Joesph Sofio via:**
   _X_  phone: "Luck Bunny LLC" typo in filing should be "Lucky Bunny LLC" correction entered via Examiner's
Amendment

                            ___  Left message with
___   email                      Attorney/Applicant

___  Requested Law Library search      ___   Issued Examiner's Amendment
     for:                              and entered changes in TRADEUPS

___   **PRINT** ___  **DO NOT PRINT**   ___   Added design code in TRADEUPS
___  Description of the mark
___  Translation statement             ___   Re-imaged standard character
                                       drawing
___  Negative translation statement
___  Consent of living individual      ___   Contacted TM MADRID ID/CLASS
                                       about misclassified definite ID
___  Changed TRADEUPS to:

___  OTHER:

| To: | Big 3 ENT, LLC (joe@builtentertainment.com) |
| Subject: | U.S. TRADEMARK APPLICATION NO. 87397135 - MEMOJI - N/A |
| Sent: | 6/5/2018 2:16:01 PM |
| Sent As: | ECOM102@USPTO.GOV |
| Attachments: | |

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
#### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**U.S. APPLICATION
SERIAL NO.** 87397135

**MARK:** MEMOJI

**\*87397135\***

**CORRESPONDENT
ADDRESS:**
   JOSEPH M. SOFIO
   LAW OFFICES OF
JOSEPH M. SOFIO
   2600 W. OLIVE AVE,
5TH FLOOR
   BURBANK, CA 91505

**GENERAL TRADEMARK
INFORMATION:**
http://www.uspto.gov/trademarks/index.jsp

VIEW YOUR APPLICATION FILE

**APPLICANT:** Big 3 ENT,
LLC

**CORRESPONDENT'S
REFERENCE/DOCKET
NO:**
   N/A
**CORRESPONDENT E-
MAIL ADDRESS:**

   joe@builtentertainment.com

## EXAMINER'S AMENDMENT

**ISSUE/MAILING DATE: 6/5/2018**

**APPLICATION HAS BEEN AMENDED:** In accordance with the authorization granted by Joseph M. Sofio on June 5, 2018, the trademark examining attorney has amended the application as indicated below. Please advise the undersigned immediately of any objections. Otherwise, no response is necessary. TMEP §707. Any amendments to the identification of goods and/or services may clarify or limit the goods and/or services, but may not add to or broaden the scope of the goods and/or services. 37 C.F.R. §2.71(a); *see* TMEP §§1402.06 *et seq.*

The name of co-owner "Luck Bunny, LLC" is corrected to "Lucky Bunny, LLC".

Ferraiuolo, Dominic
/DominicJFerraiuolo/
Examining Attorney, U.S.P.T.O.
Law Office 102
tel: 571-272-9156
fax: 571-273-9102
email: dominic.ferraiuolo@uspto.gov

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/. Please keep a copy of the TSDR status screen. If the status shows no change for more than six months, contact the

Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199.  For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:**  Use the Trademark Electronic Application System (TEAS) form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

APL-STECH_00000331

| | |
|---|---|
| **To:** | Big 3 ENT, LLC (joe@builtentertainment.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 87397135 - MEMOJI - N/A |
| **Sent:** | 6/5/2018 2:16:03 PM |
| **Sent As:** | ECOM102@USPTO.GOV |
| **Attachments:** | |

## UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

## IMPORTANT NOTICE REGARDING YOUR
## U.S. TRADEMARK APPLICATION

USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED
ON **6/5/2018** FOR U.S. APPLICATION SERIAL NO.87397135

Please follow the instructions below:

**(1)  TO READ THE LETTER:**  Click on this link or go to http://tsdr.uspto.gov/, enter the U.S. application serial number, and click on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2)  QUESTIONS:**  For questions about the contents of the Office action itself, please contact the assigned trademark examining attorney. For *technical* assistance in accessing or viewing the Office action in the Trademark Status and Document Retrieval (TSDR) system, please e-mail TSDR@uspto.gov.

## WARNING

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:**  Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations. These companies often use names that closely resemble the USPTO and their solicitations may look like an official government document. Many solicitations require that you pay "fees."

Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation. All official USPTO correspondence will be mailed only from the "United States Patent and Trademark Office" in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov."  For more information on how to handle private company solicitations, see http://www.uspto.gov/trademarks/solicitation_warnings.jsp.

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 2196 (Rev 09/2005)
OMB No. 0651-0056 (Exp 11/30/2020)

# Revocation, Appointment, and/or Change of Address of Attorney/Domestic Representative

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 87397135 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 102 |
| **MARK SECTION** | |
| **MARK** | MEMOJI (see, https://tmng-al.uspto.gov/resting2/api/img/87397135/large) |
| **ATTORNEY SECTION** | |
| **ORIGINAL ADDRESS** | JOSEPH M. SOFIO<br>2600 W. OLIVE AVE, 5TH FLOOR<br>BURBANK California 91505<br>US<br>818-753-2390<br>joe@builtentertainment.com |
| **NEW ATTORNEY INFORMATION** | |
| **STATEMENT TEXT** | By submission of this request, the undersigned REVOKES the power of attorney currently of record, as listed above, and hereby APPOINTS the following new attorney. |
| **NAME** | Thomas R. La Perle |
| **FIRM NAME** | Apple Inc. |
| **INTERNAL ADDRESS** | MS: 169-3IPL |
| **STREET** | One Apple Park Way |
| **CITY** | Cupertino |
| **STATE** | California |
| **COUNTRY** | United States |
| **POSTAL/ZIP CODE** | 95014 |
| **EMAIL** | trademarkdocket@apple.com |
| **ATTORNEY AUTHORIZED TO COMMUNICATE VIA E-MAIL** | YES |
| **NEW OTHER APPOINTED ATTORNEYS** | All other attorneys in the Trademark Group |
| **NEW CORRESPONDENCE ADDRESS** | |
| **NAME** | Thomas R. La Perle |
| **FIRM NAME** | Apple Inc. |
| **INTERNAL ADDRESS** | MS: 169-3IPL |
| **STREET** | One Apple Park Way |
| **CITY** | Cupertino |
| **STATE** | California |

APL-STECH_00000333

| COUNTRY | United States |
|---|---|
| POSTAL/ZIP CODE | 95014 |
| PHONE | 408-974-2385 |
| EMAIL | trademarkdocket@apple.com; laperle@apple.com |
| AUTHORIZED TO COMMUNICATE VIA E-MAIL | YES |
| INDIVIDUAL ATTORNEY DOCKET/REFERENCE NUMBER | |
| **SIGNATURE SECTION** | |
| SIGNATURE | /Thomas R. La Perle/ |
| SIGNATORY NAME | Thomas R. La Perle |
| SIGNATORY DATE | 06/06/2018 |
| SIGNATORY POSITION | Assistant Secretary |
| SIGNATORY PHONE NUMBER | 408-974-2385 |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Wed Jun 06 14:57:14 EDT 2018 |
| TEAS STAMP | USPTO/RAA-XX.XX.XXX.XXX-2 0180606145714712204-87397 135-610aa7f61de51b395109c 7a7ea1fc3db3936bd02e86d9d cf18416abfd3be8d085-N/A-N /A-20180606145132924370 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 2196 (Rev 09/2005)
OMB No. 0651-0056 (Exp 11/30/2020)

# Revocation, Appointment, and/or Change of Address of Attorney/Domestic Representative

To the Commissioner for Trademarks:
**MARK:** MEMOJI (see, https://tmng-al.uspto.gov/resting2/api/img/87397135/large)
**SERIAL NUMBER:** 87397135

**The original attorney information:**
JOSEPH M. SOFIO
2600 W. OLIVE AVE, 5TH FLOOR
BURBANK California 91505
US
818-753-2390
joe@builtentertainment.com

**Original Correspondence Address :**
JOSEPH M. SOFIO
LAW OFFICES OF JOSEPH M. SOFIO
2600 W. OLIVE AVE, 5TH FLOOR
BURBANK California 91505
US
818-753-2390
joe@builtentertainment.com

By submission of this request, the undersigned REVOKES the power of attorney currently of record, as listed above, and hereby APPOINTS the following new attorney. In addition, any additional previously-appointed attorneys that are currently listed in the application are replaced with the new "Other Appointed Attorneys" listed below.

**New attorney information:**
Thomas R. La Perle
Apple Inc.
MS: 169-3IPL
One Apple Park Way
Cupertino, California 95014
United States
trademarkdocket@apple.com (authorized)

**New Other Appointed Attorneys:**
All other attorneys in the Trademark Group

**The following is to be used as the correspondence address:**
Thomas R. La Perle
Apple Inc.
MS: 169-3IPL
One Apple Park Way
Cupertino, California 95014
United States

408-974-2385
trademarkdocket@apple.com;laperle@apple.com (authorized)

Signature: /Thomas R. La Perle/     Date: 06/06/2018
Signatory's Name: Thomas R. La Perle
Signatory's Position: Assistant Secretary

Signatory's Phone Number: 408-974-2385

Serial Number: 87397135
Internet Transmission Date: Wed Jun 06 14:57:14 EDT 2018
TEAS Stamp: USPTO/RAA-XX.XX.XXX.XXX-2018060614571471
2204-87397135-610aa7f61de51b395109c7a7ea
1fc3db3936bd02e86d9dcf18416abfd3be8d085-
N/A-N/A-20180606145132924370

APL-STECH_00000336

## Trademark Snap Shot Amendment & Mail Processing Stylesheet
(Table presents the data on Amendment & Mail Processing Complete)

### OVERVIEW

| | | | |
|---|---|---|---|
| SERIAL NUMBER | 87397135 | FILING DATE | 04/03/2017 |
| REG NUMBER | 0000000 | REG DATE | N/A |
| REGISTER | PRINCIPAL | MARK TYPE | TRADEMARK |
| INTL REG # | N/A | INTL REG DATE | N/A |
| TM ATTORNEY | FERRAIUOLO, DOMINIC J | L.O. ASSIGNED | 102 |

### PUB INFORMATION

| | |
|---|---|
| RUN DATE | 06/06/2018 |
| PUB DATE | N/A |
| STATUS | 653-SUSPENSION LETTER - MAILED |
| STATUS DATE | 06/05/2018 |
| LITERAL MARK ELEMENT | MEMOJI |

| | | | |
|---|---|---|---|
| DATE ABANDONED | N/A | DATE CANCELLED | N/A |
| SECTION 2F | NO | SECTION 2F IN PART | NO |
| SECTION 8 | NO | SECTION 8 IN PART | NO |
| SECTION 15 | NO | REPUB 12C | N/A |
| RENEWAL FILED | NO | RENEWAL DATE | N/A |
| DATE AMEND REG | N/A | | |

### FILING BASIS

| FILED BASIS | | CURRENT BASIS | | AMENDED BASIS | |
|---|---|---|---|---|---|
| 1 (a) | YES | 1 (a) | YES | 1 (a) | NO |
| 1 (b) | NO | 1 (b) | NO | 1 (b) | NO |
| 44D | NO | 44D | NO | 44D | NO |
| 44E | NO | 44E | NO | 44E | NO |
| 66A | NO | 66A | NO | | |
| NO BASIS | NO | NO BASIS | NO | | |

### MARK DATA

| | |
|---|---|
| STANDARD CHARACTER MARK | YES |
| LITERAL MARK ELEMENT | MEMOJI |
| MARK DRAWING CODE | 4-STANDARD CHARACTER MARK |
| COLOR DRAWING FLAG | NO |

### CURRENT OWNER INFORMATION

| | |
|---|---|
| PARTY TYPE | 10-ORIGINAL APPLICANT |
| NAME | Big 3 ENT, LLC |
| ADDRESS | 5950 Canoga Ave, Suite 510<br>Woodland Hills, CA 91367 |
| ENTITY | 16-LTD LIAB CO |

APL-STECH_00000337

| CITIZENSHIP | California |
|---|---|
| PARTY TYPE | 10-ORIGINAL APPLICANT |
| NAME | Lucky Bunny, LLC |
| ADDRESS | 10047 Louise Ave<br>Northridge, CA 91325 |
| ENTITY | 16-LTD LIAB CO |
| CITIZENSHIP | California |

## GOODS AND SERVICES

| INTERNATIONAL CLASS | 009 |
|---|---|
| DESCRIPTION TEXT | Computer application software for mobile phones and other computing devices, namely, software for creating and sending emoticons; Downloadable software in the nature of a mobile application for creating and sending emoticons |

## GOODS AND SERVICES CLASSIFICATION

| INTERNATIONAL CLASS | 009 | FIRST USE DATE | 10/01/2014 | FIRST USE IN COMMERCE DATE | 10/01/2014 | CLASS STATUS | 6-ACTIVE |
|---|---|---|---|---|---|---|---|

## MISCELLANEOUS INFORMATION/STATEMENTS

| CHANGE IN REGISTRATION | NO |
|---|---|
| PSEUDO MARK | ME EMOJI |

## PROSECUTION HISTORY

| DATE | ENT CD | ENT TYPE | DESCRIPTION | ENT NUM |
|---|---|---|---|---|
| 06/05/2018 | GNS3 | O | NOTIFICATION OF LETTER OF SUSPENSION E-MAILED | 015 |
| 06/05/2018 | GNSL | S | LETTER OF SUSPENSION E-MAILED | 014 |
| 06/05/2018 | CNSL | R | SUSPENSION LETTER WRITTEN | 013 |
| 06/05/2018 | XAEC | I | EXAMINER'S AMENDMENT ENTERED | 012 |
| 06/05/2018 | GNEN | O | NOTIFICATION OF EXAMINERS AMENDMENT E-MAILED | 011 |
| 06/05/2018 | GNEA | O | EXAMINERS AMENDMENT E-MAILED | 010 |
| 06/05/2018 | CNEA | R | EXAMINERS AMENDMENT -WRITTEN | 009 |
| 01/18/2018 | RCSC | S | REPORT COMPLETED SUSPENSION CHECK CASE STILL SUSPENDED | 008 |
| 06/26/2017 | GNS3 | O | NOTIFICATION OF LETTER OF SUSPENSION E-MAILED | 007 |
| 06/26/2017 | GNSL | F | LETTER OF SUSPENSION E-MAILED | 006 |
| 06/26/2017 | CNSL | R | SUSPENSION LETTER WRITTEN | 005 |
| 06/24/2017 | DOCK | D | ASSIGNED TO EXAMINER | 004 |
| 04/11/2017 | MPMK | E | NOTICE OF PSEUDO MARK E-MAILED | 003 |
| 04/10/2017 | NWOS | I | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | 002 |
| 04/06/2017 | NWAP | I | NEW APPLICATION ENTERED IN TRAM | 001 |

## CURRENT CORRESPONDENCE INFORMATION

| ATTORNEY | Joseph M. Sofio |
|---|---|
| CORRESPONDENCE ADDRESS | JOSEPH M. SOFIO<br>LAW OFFICES OF JOSEPH M. SOFIO<br>2600 W. OLIVE AVE, 5TH FLOOR<br>BURBANK, CA 91505 |
| DOMESTIC REPRESENTATIVE | NONE |

APL-STECH_00000338

APL-STECH_00000339

# MEmoji

APL-STECH_00000340

| | |
|---|---|
| **To:** | APPLE INC. (trademarkdocket@apple.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 87397135 - MEMOJI - N/A |
| **Sent:** | 12/26/2018 2:11:51 PM |
| **Sent As:** | ECOM102@USPTO.GOV |
| **Attachments:** | |

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**U.S. APPLICATION
SERIAL NO.** 87397135

**MARK:** MEMOJI

**CORRESPONDENT
ADDRESS:**
   Thomas R. La Perle
   Apple Inc.
   MS: 169-3IPL
   One Apple Park Way
   Cupertino CA 95014

**APPLICANT:** APPLE INC.

**CORRESPONDENT'S
REFERENCE/DOCKET
NO:**
   N/A

**CORRESPONDENT E-
MAIL ADDRESS:**

   trademarkdocket@apple.com

# *87397135*

**GENERAL TRADEMARK
INFORMATION:**
**http://www.uspto.gov/trademarks/index.jsp**

VIEW YOUR APPLICATION FILE

## SUSPENSION NOTICE: NO RESPONSE NEEDED

**ISSUE/MAILING DATE: 12/26/2018**

The trademark examining attorney is suspending action on the application for the reason(s) stated below. *See* 37 C.F.R. §2.67; TMEP §§716 *et seq.*

Cited prior pending application 86961925 registered on 09/18/2018 as 5566242 currently is pending Cancellation proceedings and therefore maintained as a potential bar to registration.

The USPTO will periodically conduct a status check of the application to determine whether suspension remains appropriate, and the trademark examining attorney will issue as needed an inquiry letter to applicant regarding the status of the matter on which suspension is based. TMEP §§716.04, 716.05. Applicant will be notified when suspension is no longer appropriate. *See* TMEP §716.04.

No response to this notice is necessary; however, if applicant wants to respond, applicant should use the "Response to Suspension Inquiry or Letter of Suspension" form online at http://teasroa.uspto.gov/rsi/rsi.

      Ferraiuolo, Dominic
      /DominicJFerraiuolo/
      Examining Attorney, U.S.P.T.O.
      Law Office 102
      tel: 571-272-9156
      fax: 571-273-9102

APL-STECH_00000341

email: dominic.ferraiuolo@uspto.gov

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/. Please keep a copy of the TSDR status screen. If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199. For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:** Use the Trademark Electronic Application System (TEAS) form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

APL-STECH_00000342

| | |
|---|---|
| **To:** | APPLE INC. (trademarkdocket@apple.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 87397135 - MEMOJI - N/A |
| **Sent:** | 12/26/2018 2:11:52 PM |
| **Sent As:** | ECOM102@USPTO.GOV |
| **Attachments:** | |

## UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

## IMPORTANT NOTICE REGARDING YOUR
## U.S. TRADEMARK APPLICATION

USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED
ON **12/26/2018** FOR U.S. APPLICATION SERIAL NO. 87397135

Please follow the instructions below:

**(1) TO READ THE LETTER:** Click on this link or go to http://tsdr.uspto.gov/, enter the U.S. application serial number, and click on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2) QUESTIONS:** For questions about the contents of the Office action itself, please contact the assigned trademark examining attorney. For *technical* assistance in accessing or viewing the Office action in the Trademark Status and Document Retrieval (TSDR) system, please e-mail TSDR@uspto.gov.

## WARNING

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:** Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations. These companies often use names that closely resemble the USPTO and their solicitations may look like an official government document. Many solicitations require that you pay "fees."

Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation. All official USPTO correspondence will be mailed only from the "United States Patent and Trademark Office" in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov." For more information on how to handle private company solicitations, see http://www.uspto.gov/trademarks/solicitation_warnings.jsp.

APL-STECH_00000343

900453462   06/05/2018

## TRADEMARK ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

ETAS ID: TM476862

| SUBMISSION TYPE: | NEW ASSIGNMENT |
| --- | --- |
| NATURE OF CONVEYANCE: | ASSIGNMENT OF THE ENTIRE INTEREST AND THE GOODWILL |

CONVEYING PARTY DATA

| Name | Formerly | Execution Date | Entity Type |
| --- | --- | --- | --- |
| BIG 3 ENT, LLC | | 05/31/2018 | Limited Liability Company: CALIFORNIA |
| LUCKY BUNNY, LLC | | 05/31/2018 | Limited Liability Company: CALIFORNIA |

RECEIVING PARTY DATA

| | |
| --- | --- |
| Name: | MEMOFUN APPS LLC |
| Street Address: | 1209 Orange Street |
| City: | Wilmington |
| State/Country: | DELAWARE |
| Postal Code: | 19801 |
| Entity Type: | Limited Liability Company: ~~UNITED STATES~~ *DELAWARE* |

PROPERTY NUMBERS Total: 1

| Property Type | Number | Word Mark |
| --- | --- | --- |
| Serial Number: | 87397135 | MEMOJI |

CORRESPONDENCE DATA

Fax Number:

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| | |
| --- | --- |
| Email: | trademarkdocket@apple.com, laperle@apple.com |
| Correspondent Name: | THOMAS R. LA PERLE |
| Address Line 1: | Apple Inc., 1 Infinite Loop |
| Address Line 2: | MS 169-3IPL |
| Address Line 4: | Cupertino, CALIFORNIA 95014 |

| NAME OF SUBMITTER: | Spencer Jolfrion |
| --- | --- |
| SIGNATURE: | /Spencer Jolfrion/ |
| DATE SIGNED: | 06/05/2018 |

Total Attachments: 1
source=Memoji Agreement (executed)#page1.tif

APL-STECH_00000344

## TRADEMARK ASSIGNMENT

WHEREAS LUCKY BUNNY LLC, a California limited liability company whose address is 10047 Louise Avenue, Northridge, California 91325, and BIG 3 ENT, LLC, a California limited liability company whose address is 5950 Canoga Avenue, Suite 510, Woodland Hills, California 91367 (together, "Assignors") have applied to register the mark MEMOJI (the "Mark") with the U.S. Patent and Trademark Office pursuant to application Serial No. 87/397,135; and

WHEREAS MEMOFUN APPS LLC, a Delaware limited liability company whose address is 1209 Orange Street, Wilmington, Delaware 19801 ("Assignee"), desires to acquire all of Assignors' right, title and interest in the Mark, the Application, and the goodwill of the business connected with the use of and symbolized by the Mark.

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, Assignors hereby irrevocably transfer and assign to Assignee all right, title and interest in and to the Mark and Application (including without limitation all common law rights and any other rights in, and any registrations or other applications for registration of, the Mark and all other marks that consist of or incorporate the term MEMOJI in any form), together with the goodwill connected with the use of and symbolized by the Mark, and all rights of action arising from the Mark, to be held and enjoyed by Assignee for its own use and benefit and for Assignee's successors and assigns as the same would have been held by Assignors had this assignment not been made (collectively, the "Transferred Rights").

BIG 3 ENT, LLC

By: _____

Name:  Alexander Shultz
Title:  Partner

LUCKY BUNNY LLC

By: _____

Name:  Jacob DeMonte-Finn
Title:  CEO

Effective May 31, 2018

APL-STECH_00000345

Case 3:18-cv-05945-VC   Document 125-20   Filed 10/30/19   Page 61 of 97

# TRADEMARK ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

ETAS ID: TM476866

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT OF THE ENTIRE INTEREST AND THE GOODWILL |

**CONVEYING PARTY DATA**

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| MEMOFUN APPS LLC | | 06/04/2018 | Limited Liability Company: DELAWARE |

**RECEIVING PARTY DATA**

| | |
|---|---|
| Name: | APPLE INC. |
| Street Address: | One Apple Park Way |
| City: | Cupertino |
| State/Country: | CALIFORNIA |
| Postal Code: | 95014 |
| Entity Type: | Corporation: CALIFORNIA |

**PROPERTY NUMBERS Total: 1**

| Property Type | Number | Word Mark |
|---|---|---|
| Serial Number: | 87397135 | MEMOJI |

**CORRESPONDENCE DATA**

**Fax Number:**

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| | |
|---|---|
| **Email:** | trademarkdocket@apple.com, laperle@apple.com |
| **Correspondent Name:** | THOMAS R. LA PERLE |
| **Address Line 1:** | Apple Inc. 1 Infinite Loop |
| **Address Line 2:** | MS 169-3IPL |
| **Address Line 4:** | Cupertino, CALIFORNIA 95014 |

| NAME OF SUBMITTER: | Spencer Joffrion |
|---|---|
| SIGNATURE: | /Spencer Joffrion/ |
| DATE SIGNED: | 06/05/2018 |

**Total Attachments: 1**
source=MEMOJI trademark assignment - Memofun to Apple - executed#page1.tif

*(right margin, vertical text)* CH $40.00   87397135

APL-STECH_00000346

## TRADEMARK ASSIGNMENT

WHEREAS MEMOFUN APPS LLC, a Delaware limited liability company with an address at 1209 Orange Street, Wilmington, Delaware 19801 ("Assignor") is the owner of the mark MEMOJI (the "Mark") and is the applicant for U.S. registration of the Mark pursuant to application Serial No. 87/397,135; and

WHEREAS Apple Inc., a California corporation with an address at One Apple Park Way, Cupertino, California 95014 ("Assignee"), desires to acquire all of Assignor's right, title and interest in the Mark, the Application, and the goodwill of the business connected with the use of and symbolized by the Mark.

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, Assignor hereby irrevocably transfers and assigns to Assignee all right, title and interest in and to the Mark and Application (including without limitation all common law rights and any other rights in, and any registrations or other applications for registration of, the Mark and all other marks that consist of or incorporate the term MEMOJI in any form), together with the goodwill connected with the use of and symbolized by the Mark, and all rights of action arising from the Mark, to be held and enjoyed by Assignee for its own use and benefit and for Assignee's successors and assigns as the same would have been held by Assignor had this assignment not been made.

MEMOFUN APPS LLC

By: _____

Name: Thomas R. La Perle
Title: Manager

Effective June 4, 2018

APL-STECH_00000347

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

September 26, 2018

Cancellation No. 92069578
Registration No. 5566242

SOCIAL TECHNOLOGIES LLC

881 N. HIGHLAND AVENUE NE APT. 19
ATLANTA, GA 30306

*APPLE INC.*

*v.*

*SOCIAL TECHNOLOGIES LLC*

Glenn A. Gundersen
DECHERT LLP
CIRA CENTRE, 2929 ARCH STREET
PHILADELPHIA, PA 19104-2808

**ESTTA924674**

**NOTICE OF INSTITUTION**
The petitioner (plaintiff) identified above has filed a petition to cancel the above-identified registration owned by respondent (defendant). This notice of institution is forwarded pursuant to Trademark Rules 2.113(b) and (c), and constitutes service of the petition to cancel on respondent. An electronic version of the petition to cancel is viewable on TTABVUE at http://ttabvue.uspto.gov/ttabvue/. *See* Trademark Rule 2.113(a). The parties should diligently monitor this proceeding via TTABVUE.

**RESPONDENT MUST FILE ANSWER THROUGH ESTTA**
As required in the schedule below, **respondent must file an answer within forty (40) days from the date of this order**. Failure to file a timely answer may result in the entry of default judgment and cancellation of the registration. Regarding when a deadline falls on a Saturday, Sunday or federal holiday, *see* Trademark Rule

2.196. Respondent must file the answer through ESTTA - Electronic System for Trademark Trials and Appeals, unless ESTTA is unavailable due to technical problems or extraordinary circumstances are present. An answer filed on paper under these limited circumstances must be accompanied by a Petition to the Director (and the required fee under Trademark Rule 2.6). *See* Trademark Rule 2.114(b)(1). In substance, respondent's answer must comply with Fed. R. Civ. P. 8(b); it must admit or deny the allegations in the petition to cancel, and may include available defenses and counterclaims. Regarding the form and content of an answer, *see* Trademark Rule 2.114(b)(2) and TBMP § 311.

**DUTY TO MAINTAIN ACCURATE CORRESPONDENCE INFORMATION**
Throughout this proceeding, the parties, and their attorneys or representatives, must notify the Board of any correction or update of physical address and email address, and should use the ESTTA change of address form. *See* Trademark Rule 2.18(b); TBMP § 117.

**SERVICE OF ANSWER AND OF ALL SUBMISSIONS**
The service of the answer, and all other submissions in this proceeding, and of all matters that are required to be served but not required to be filed in the proceeding record, **must** be by **email** unless the parties stipulate otherwise. Trademark Rule 2.119(b). In the absence of a stipulation, service may be by other means **only** under the **limited** circumstances and in a manner specified in Trademark Rule 2.119(b). Regarding the signing and service of all submissions, *see* TBMP §§ 113-113.04.

The answer, and all other submissions, **must** include proof of service. As noted in TBMP § 113.03, proof of service may be in the following certificate of service form:

> *I hereby certify that a true and complete copy of the foregoing (insert title of submission) has been served on (insert name of opposing counsel or party) by forwarding said copy on (insert date of mailing), via email (or insert other appropriate method of delivery) to:  (set out name, and address or email address of opposing counsel or party).*
>
> *Signature_____*
> *Date_____*

**SUBMIT ALL FILINGS ONLINE VIA ESTTA**
Submissions **must** be filed via ESTTA, the Board's online filing system, unless ESTTA is unavailable due to technical problems or extraordinary circumstances are present. Trademark Rule 2.126(a). Submissions may be filed in paper form **only** under the **limited** circumstances specified in Trademark Rule 2.126(b), with a required written explanation. ESTTA is accessible at the Board's web page: http://estta.uspto.gov/. The page has instructions and tips. ESTTA offers various

- 2 -

forms, some of which may require attachments and/or a fee. For technical questions, a party may call 571-272-8500 (Mon. - Fri. 8:30 - 5:00 ET) or email ESTTA@uspto.gov. This proceeding involves several deadlines, and due to potential technical issues, parties should not wait until the deadline to submit filings. The Board may **decline to consider** an untimely submission. Moreover, Trademark Rule 2.126 sets forth the required form and format for all submissions (*e.g.*, page limitations), and the Board may **decline to consider** any submission that does not comply with this rule, including, but not limited to motions, briefs, exhibits, and deposition transcripts.

## CONFERENCE, DISCOVERY, DISCLOSURE AND TRIAL SCHEDULE

| | |
|---|---|
| Time to Answer | 11/5/2018 |
| Deadline for Discovery Conference | 12/5/2018 |
| Discovery Opens | 12/5/2018 |
| Initial Disclosures Due | 1/4/2019 |
| Expert Disclosures Due | 5/4/2019 |
| Discovery Closes | 6/3/2019 |
| Plaintiff's Pretrial Disclosures Due | 7/18/2019 |
| Plaintiff's 30-day Trial Period Ends | 9/1/2019 |
| Defendant's Pretrial Disclosures Due | 9/16/2019 |
| Defendant's 30-day Trial Period Ends | 10/31/2019 |
| Plaintiff's Rebuttal Disclosures Due | 11/15/2019 |
| Plaintiff's 15-day Rebuttal Period Ends | 12/15/2019 |
| Plaintiff's Opening Brief Due | 2/13/2020 |
| Defendant's Brief Due | 3/14/2020 |
| Plaintiff's Reply Brief Due | 3/29/2020 |
| Request for Oral Hearing (option) Due | 4/8/2020 |

## PARTIES ARE REQUIRED TO HOLD DISCOVERY CONFERENCE

The parties are required to schedule and hold a discovery conference by the deadline in the schedule in this order, or as reset by the Board. In the conference, the parties are required to discuss, at a minimum, 1) the nature and basis of their claims and defenses, 2) the possibility of promptly settling, or at least narrowing the scope of claims or defenses, and 3) arrangements for disclosures, discovery, preserving discoverable information and introduction of evidence at trial. For guidance, *see* Fed. R. Civ. P. 26(f), Trademark Rule 2.120(a)(2)(i) and TBMP §§ 401.01 and 408.01(a).

The parties must hold the conference in person, by telephone or by a means on which they agree. A Board interlocutory attorney or administrative trademark judge will participate in the conference either upon request of any party made no later than ten (10) days prior to the conference deadline, or when the Board deems it useful to have Board involvement. *See* Trademark Rule 2.120(a)(2)(i). A request for Board participation must be made either through ESTTA, or by telephone call to

- 3 -

the assigned interlocutory attorney named on the TTABVUE record for this proceeding. A party requesting Board participation should first determine possible dates and times when all parties are available. A conference with a Board attorney's participation will be by telephone in accordance with the Board's instructions.

For efficiency, the parties may stipulate to various procedural and substantive disclosure, discovery and trial matters (*e.g.*, modification of deadlines and obligations) upon written stipulation and approval by the Board. Trademark Rule 2.120(a)(2)(iv) provides a non-exhaustive list of matters to which parties may stipulate. The best practice is to reduce all stipulations to writing. If email service is not practical, such as for voluminous document production in discovery, the parties should discuss in the conference how production will be made. The parties, and their attorneys or representatives, have **a duty to cooperate** in the discovery process. TBMP § 408.01.

## PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION

The Board's Standard Protective Order is automatically imposed in all *inter partes* proceedings, and is available at: https://www.uspto.gov/trademarks-application-process/appealing-trademark-decisions/standard-documents-and-guidelines-0. During their conference, the parties should discuss whether they will use an alternative or modified protective order, subject to approval by the Board. *See* Trademark Rule 2.116(g) and TBMP § 412. The standard order does not automatically protect confidential information; its provisions for designating confidential information must be utilized as needed by the parties. Trademark Rule 2.126(c) sets forth the procedure for filing confidential submissions.

## ACCELERATED CASE RESOLUTION (ACR)

During their conference, the parties are to discuss whether they wish to seek mediation or arbitration, and whether they can stipulate to the Board's Accelerated Case Resolution (ACR) process for a more efficient and cost-effective means of obtaining the Board's determination of the proceeding. For details, and examples of ACR proceedings, *see* TBMP § 528, and the Board's webpage: http://www.uspto.gov/ttab.

## INITIAL DISCLOSURES AND DISCOVERY

Regarding the deadline for and contents of initial disclosures, *see* Trademark Rules 2.120(a)(1) and (2)(i), and TBMP § 401.02. Regarding deadlines for serving and responding to discovery, *see* Trademark Rule 2.120(a)(3) and TBMP § 403.03. Certain provisions of Fed. R. Civ. P. 26 are applicable in modified form. Note that written discovery (interrogatories, requests for production, requests for admission) must be served **early** enough so that responses will be due **no later than** the close of discovery. Regarding the scope and limits of discovery, *see* TBMP 414; discoverable items may include documents, tangible things, and electronically stored information (ESI).

APL-STECH_00000351

## MOTIONS

Certain provisions of Fed. R. Civ. P. 11 apply to all submissions in Board proceedings. *See* TBMP § 527.02. Regarding available motions, *see* TBMP Chapter 500. Regarding applicable deadlines to respond to motions, depending on the motion filed, *see* Trademark Rules 2.127(a) and (e)(1). When a party timely files a potentially dispositive motion the proceeding is suspended with respect to all matters not germane to the motion. *See* Trademark Rule 2.127(d). In addressing motions or other filings, if it appears to the Board that a telephone conference would be beneficial, or upon request of one or both parties, the Board may schedule a conference. *See* Trademark Rule 2.120(j)(1) and TBMP § 502.06(a).

## PRETRIAL DISCLOSURES, TRIAL AND BRIEFING

Regarding the procedures and deadlines for pretrial disclosures and trial, and specifically the noticing, taking, serving and submitting of evidence and testimony, *see* Trademark Rules 2.120(k), 2.121, 2.122, 2.123 and 2.125, as well as TBMP Chapter 700. The parties should review these authorities. For example: witness testimony may be submitted in the form of affidavit or declaration subject to the right to oral cross examination; transcripts of testimony depositions, with exhibits, must be served on each adverse party within thirty (30) days after completion of taking the testimony; certified transcripts and exhibits must be filed, with notice of such filing served on each adverse party; and all notices of reliance must be submitted during the submitting party's assigned testimony period and must indicate generally the relevance the evidence and associate it with one or more issues.

Main briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing is not required, but will be scheduled upon separate notice timely filed pursuant to Trademark Rule 2.129(a). Regarding briefs and oral hearings, *see* TBMP §§ 801-802.

## LEGAL RESOURCES AVAILABLE AT WEB PAGE

For a general description of Board proceedings, *see* TBMP §102.03. Proceedings are governed by the Trademark Rules of Practice in Parts 2 and 7 of Title 37 of the Code of Federal Regulations. These rules, the Manual of Procedure (TBMP), information on Accelerated Case Resolution (ACR) and Alternative Dispute Resolution (ADR), and many Frequently Asked Questions, are available on the Board's web page, at:

http://www.uspto.gov/ttab. The parties should check the web page for important changes, announcements, etc., many of which apply to proceedings already in progress.

## PARTIES NOT REPRESENTED BY COUNSEL

This proceeding is similar to a civil action in a federal district court and can be complex. The Board **strongly** advises all parties to secure the services of an attorney who is familiar with trademark law and Board procedure. The Board cannot aid

- 5 -

in the selection of an attorney. *See* TBMP § 114.02. The Board requires strict compliance with all applicable authorities whether or not the party is represented by counsel.

**NOTIFY BOARD OF ALL PENDING ACTIONS**

If the parties are, or during the pendency of this proceeding become, parties in another Board proceeding or a civil action involving the same or related marks, or involving any issues of law or fact which are also in this proceeding, they shall notify the Board immediately. *See* Trademark Rule 2.106(b)(3)(i). The Board will consolidate and/or suspend related Board proceedings, as appropriate. *See* Trademark Rule 2.117(c); TBMP §§ 510 and 511.

APL-STECH_00000353

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

| ESTTA Tracking number: | **ESTTA924674** |
|---|---|
| Filing date: | **09/26/2018** |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

## Petition for Cancellation

Notice is hereby given that the following party has filed a petition to cancel the registration indicated below.

## Petitioner Information

| Name | APPLE INC. | | |
|---|---|---|---|
| Entity | Corporation | Citizenship | CALIFORNIA |
| Address | ONE APPLE PARK WAY<br>CUPERTINO, CA 95014<br>UNITED STATES | | |

| Attorney information | Glenn A. Gundersen<br>DECHERT LLP<br>CIRA CENTRE, 2929 ARCH STREET<br>PHILADELPHIA, PA 19104-2808<br>UNITED STATES<br>glenn.gundersen@dechert.com, jennifer.insley-pruitt@dechert.com, trademarks@dechert.com<br>215-994-2183 |
|---|---|

## Registration Subject to Cancellation

| Registration No. | 5566242 | Registration date | 09/18/2018 |
|---|---|---|---|
| Registrant | SOCIAL TECHNOLOGIES LLC<br>881 N. HIGHLAND AVENUE NE<br>APT. 19<br>ATLANTA, GA 30306<br>UNITED STATES<br>Email: gmavronicolas@mavrolaw.com | | |

## Goods/Services Subject to Cancellation

Class 009. First Use: 2018/06/28 First Use In Commerce: 2018/06/28
All goods and services in the class are subject to cancellation, namely: Computer application software for mobile phones, namely, software for recording, editing, and distributing images, videos, and audio; computer application software for mobile phones, computers, and tablets, namely, software for recording, editing, and distributing images, videos, and audio; downloadable mobile applications for recording, editing, and distributing images, videos, and audio; downloadable software in the nature of a mobile application for recording, editing, and distributing images, videos, and audio

## Grounds for Cancellation

| Priority and likelihood of confusion | Trademark Act Sections 14(1) and 2(d) |
|---|---|

## Mark Cited by Petitioner as Basis for Cancellation

APL-STECH_00000354

| U.S. Application No. | 87397135 | Application Date | 04/03/2017 |
|---|---|---|---|
| Registration Date | NONE | Foreign Priority Date | NONE |
| Word Mark | MEMOJI | | |
| Design Mark | MEmoji | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 009. First use: First Use: 2014/10/01 First Use In Commerce: 2014/10/01 Computer application software for mobile phones and other computing devices, namely, software for creating and sending emoticons; Downloadable software in the nature of a mobile application for creating and sending emoticons | | |

| Attachments | 87397135#TMSN.png( bytes ) MEMOJI Petition for Cancellation.pdf(126744 bytes ) |
|---|---|

| Signature | /Jennifer Insley-Pruitt/ |
|---|---|
| Name | Jennifer Insley-Pruitt |
| Date | 09/26/2018 |

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

In re Registration No. 5,566,242
Trademark:  MEMOJI & Design

| | |
|---|---|
| Apple Inc., <br><br>                    Petitioner, <br><br>      v. <br><br> Social Technologies LLC, <br><br>                    Registrant. | Cancellation No. _____ |

## PETITION FOR CANCELLATION

Petitioner Apple Inc., a California corporation with an address at One Apple Park Way, Cupertino, California 95014, believes that it will be damaged by the continued registration of U.S. Registration No. 5,566,242 of the mark MEMOJI & Design and hereby petitions to cancel the same.  As grounds for its petition for cancellation, Apple, by its attorneys Dechert LLP, alleges as follows:

1.      Apple is the owner of use-based Application Serial No. 87/397,135 ("Apple's Application") to register the mark MEMOJI (the "MEMOJI Mark") for "computer application software for mobile phones and other computing devices, namely, software for creating and sending emoticons; [d]ownloadable software in the nature of a mobile application for creating and sending emoticons" in International Class 9.

APL-STECH_00000356

2.     The MEMOJI Mark was first used in connection with the software identified in Apple's Application as early as October 1, 2014, and has been used since then by Apple or its predecessors in interest.

3.     Apple's MEMOJI software uses video of an individual to create emoji that resemble the individual.

4.     Apple's MEMOJI software has attracted extensive press coverage, with articles about the product appearing in general interest publications such as *The Wall Street Journal*, *New York Magazine*, *Salon*, *Slate*, and CNBC.com and in Gizmodo, TechCrunch, CNET, and other technology-oriented sources.

5.     Upon information and belief, Registrant Social Technologies LLC ("Registrant") is a Georgia limited liability company with an address at 881 N. Highland Avenue NE, Apt. 19, Atlanta, Georgia 30306.

6.     According to the online records of the United States Patent and Trademark Office ("USPTO"), on April 1, 2016, Registrant filed Application Serial No. 86/961,925 ("Registrant's Application") to register MEMOJI & Design (the "Registered Mark"), as shown below, based on an alleged intent to use that mark in connection with "[c]omputer application software for mobile phones, namely, software for recording, editing, and distributing images, videos, and audio; computer application software for mobile phones, computers, and tablets, namely, software for recording, editing, and distributing images, videos, and audio; downloadable mobile applications for recording, editing, and distributing images, videos, and audio; downloadable software in the nature of a mobile application for recording, editing, and distributing images, videos, and audio" in International Class 9.

APL-STECH_00000357



7.    According to the records of the USPTO, on June 30, 2018 Registrant filed a Statement of Use with respect to Registrant's Application, claiming to have first used the Registered Mark on June 28, 2018.

8.    The specimen of use submitted with Registrant's Statement of Use describes its MEMOJI software as a "messaging app that will capture the facial impression of the end user with full-motion capabilities, and transpose the image into a custom, personalized emoji of the users [sic] actual face."

9.    According to the records of the USPTO, on September 18, 2018, Registrant's Application matured to registration as U.S. Registration No. 5,566,242 (the "Registration").

10.    On June 26, 2017 and again on June 5, 2018, the USPTO issued a Suspension Notice suspending action on Apple's Application pending the registration of Registrant's Application.

11.    In the Suspension Notice dated June 5, 2018, the Examining Attorney stated that "[i]f the mark in [Registrant's Application] registers, [Apple's MEMOJI Mark] may be refused registration under Section 2(d) because of a likelihood of confusion with that registered mark[]."

COUNT 1:
PRIORITY AND LIKELIHOOD OF CONFUSION

12.    Apple repeats and re-alleges the allegations set forth in paragraphs 1 through 11 as though fully set forth herein.

- 3 -

APL-STECH_00000358

13.     Upon information and belief, the filing date of Registrant's Application is the earliest date upon which Registrant can rely to establish rights in the Registered Mark.

14.     The filing date of Registrant's Application is long after the date of first use of Apple's MEMOJI Mark.

15.     As such, Apple's rights in the MEMOJI Mark are prior and superior to any rights Registrant could claim in the Registered Mark.

16.     The Registered Mark is identical in sound and commercial impression to Apple's prior used MEMOJI Mark.

17.     The identification of goods in the Registration also describes the goods in connection with which Apple's MEMOJI Mark has been used since prior to the filing date of Registrant's Application.

18.     Upon information and belief, the app in connection with which Registrant uses the Registered Mark has the same fundamental functionality as the app in connection with which Apple uses its MEMOJI Mark – namely, it allows users to create personalized emojis.

19.     Given the similarity of the parties' respective goods and marks, Registrant's use of the Registered Mark in connection with Registrant's goods is likely to cause confusion as to the source of Registrant's goods.

20.     The Examining Attorney has indicated that the Registration will be a basis for refusing Apple's Application, despite the fact that Apple's rights in the MEMOJI Mark are prior and superior to any rights that Registrant may claim in the Registered Mark.

- 4 -

21.    The continued presence of the Registration on the federal trademark register is therefore inconsistent with Apple's prior rights in its MEMOJI Mark and is causing injury and damage to Apple by preventing Apple from registering its MEMOJI Mark.

22.    By reason of the foregoing, Apple is likely to be harmed by continued registration of the Registered Mark.

Wherefore, it is respectfully requested that this Petition for Cancellation be sustained and that U.S. Registration No. 5,566,242 be cancelled.

Dated:  September 26, 2018                    By:  _____

                                                    Glenn A. Gundersen
                                                    Jennifer Insley-Pruitt
                                                    DECHERT LLP
                                                    Cira Centre
                                                    2929 Arch Street
                                                    Philadelphia, PA  19104-2808
                                                    (215) 994-2183

                                                    *Counsel for Petitioner*

- 5 -

APL-STECH_00000360

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

| | |
|---|---|
| ESTTA Tracking number: | **ESTTA930749** |
| Filing date: | **10/24/2018** |

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
### BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Proceeding | 92069578 |
| Party | Defendant<br>SOCIAL TECHNOLOGIES LLC |
| Correspondence Address | SOCIAL TECHNOLOGIES LLC<br>881 N. HIGHLAND AVENUE NE, APT. 19<br>ATLANTA, GA 30306<br>UNITED STATES<br>gmavronicolas@mavrolaw.com<br>no phone number provided |
| Submission | Motion to Suspend for Civil Action |
| Filer's Name | Greg Mavronicolas |
| Filer's email | gmavronicolas@mavrolaw.com |
| Signature | /Greg Mavronicolas/ |
| Date | 10/24/2018 |
| Attachments | TTAB Motion for Suspension .pdf(519214 bytes ) |

APL-STECH_00000361

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

In the matter of Registration No.: 5,566,242
Trademark: MEMOJI & Design
--------------------------------------------------------

| | | |
|---|---|---|
| Apple Inc., | ) | |
| | ) | |
| Petitioner, | ) | |
| V. | ) | Cancellation No. 92069578 |
| | ) | |
| Social Technologies LLC, | ) | |
| | ) | |
| Registrant. | ) | |

--------------------------------------------------------

**MOTION TO SUSPEND PROCEEDING IN VIEW OF PENDING CIVIL
ACTION  PURSUANT TO TRADEMARK RULE 2.117(a)**

The parties are engaged in a civil action which may have a bearing on this proceeding. Accordingly, Social Technologies LLC ("**Registrant**") hereby requests suspension of this proceeding pending a final determination of the civil action. Trademark Rule 2.117(a), 37 C.F.R. § 2.117(a).  In support of this Motion, Registrant submits herewith Exhibit A, which is a copy of a Complaint filed on September 26, 2018 by Registrant. The civil action is pending in the United States District Court, Northern District of California.

Whenever it comes to the attention of the Board that the parties to a case before it are involved in a civil action which may be dispositive of the Board case, the proceedings before the Board may be suspended upon final determination of the civil action. TBMP § 510.02(a). However, a civil action need not be dispositive on the issues for the Board to suspend proceedings. Ordinarily, the Board will suspend proceedings in the case before it if the final determination of the other proceedings may have a bearing on the issues before the Board. TBMP § 510.02, citing 37 C.F.R. § 2.117(a); see, e.g., New Orleans Louisiana Saints LLC v. Who Dat? Inc., 99

U.S.P.Q.2d 1550, 1552 (TTAB 2011) (civil action need not be dispositive of Board proceeding, but only needs to have bearing on issues before the Board).

In the Complaint, Registrant alleges willful, deliberate infringement of the MEMOJI mark by Petitioner. Suspension of Board proceedings is within the discretion of the TTAB, and will generally be granted when a final decision of the court will likely be controlling on the issues to be decided by the TTAB. In Whopper Burger, Inc. v. Burger King Corp., 171 U.S.P.Q. 805, 807 (TTAB 1971), the Board suspended proceedings, finding that "There can be no doubt that issues involved in the civil action are involved here, specifically the determination of ownership of the contested mark."  In view of the fact that the pending civil action involves the determination of ownership of the contested mark, and that issue will impact the pending trademark application and the opposition to the same, the determination of these issues in the civil action will likely be dispositive of, or will at least have bearing on, this proceeding. Applicant therefore respectfully requests suspension of these proceedings pending determination of the civil action.

Dated:  October 24, 2018

_____
Greg Mavronicolas
MAVRONICOLAS & DEE LLP
3 PARK AVENUE, 15TH FLOOR
NEW YORK, NY 10016
TELEPHONE: (646) 484-9569
FAX: (866) 774-9005
Email: gmavronicolas@mavrolaw.com

*Attorney for Registrant*

**CERTIFICATE OF SERVICE**

I certify that on this date a copy of the foregoing **Motion to Suspend Proceeding in View of Pending Civil Action** was served on counsel for Petitioner, this 24th Day of October 2018, by sending the same via email to: glenn.gundersen@dechert.com, Jennifer.insley-pruitt@dechert.com, trademarks@dechert.com

_____
Greg Mavronicolas
MAVRONICOLAS & DEE LLP
3 PARK AVENUE, 15TH FLOOR
NEW YORK, NY 10016
TELEPHONE: (646) 484-9569
FAX: (866) 774-9005
Email: gmavronicolas@mavrolaw.com

_Attorney for Registrant_

APL-STECH_00000364

**EXHIBIT A**

APL-STECH_00000365

1   Nicholas Ranallo (SBN 275016)
    nick@ranallolawoffice.com
2   Of Counsel, Mavronicolas & Dee LLP
    2443 Fillmore St., #380-7508
3   San Francisco, CA 94115
    T: (831) 607-9229
4   F: (831) 533-5073

5
    Peter Dee (*pro hac vice* to be filed)
6   pdee@mavrolaw.com
    Mavronicolas & Dee LLP
7   3 Park Avenue, 15th Floor
    New York, NY 10016
8   T: (646) 770-1256
    F: (866) 774-9005
9

10  *Attorneys for Plaintiff Social Technologies LLC*

11
                **UNITED STATES DISTRICT COURT**
12              **NORTHERN DISTRICT OF CALIFORNIA**

13

14  SOCIAL TECHNOLOGIES LLC, a Georgia         Case Number:
    limited liability company,
15

16              Plaintiff,                     **COMPLAINT FOR**

17          vs.                                **(1) Trademark Infringement
                                                   (Lanham Act)**
18  APPLE INC., a California corporation,
                                               **(2) Trademark Infringement
19              Defendant.                         (Common Law)**

20
                                               **(3) Unfair Competition (Cal. Bus.
21                                                 & Prof. Code §17200)**

22                                             **(4) Declaratory Judgment of Validity**

23
                                               **(5) Declaratory Judgment of Non-
24                                             Infringement**

25
                                               **DEMAND FOR JURY TRIAL**
26

27

28
                            1
                        Complaint

APL-STECH_00000366

Plaintiff Social Technologies Inc. ("Social Tech") brings this action to enjoin Apple, Inc.'s ("Apple") illegal use of Social Tech's MEMOJI trademark. Social Tech seeks preliminary and permanent injunctive relief and all other remedies available under the laws of the United States and the State of California and alleges with knowledge as to itself and its own acts, and on information and belief as to all other matters, as follows:

## NATURE OF ACTION

1. In April, 2016, Social Tech filed an intent-to-use application with the PTO for a stylized mark which includes as its dominant element the word "MEMOJI".

2. Social Tech uses the mark in commerce in connection with a messaging mobile application and has received a registered trademark (hereinafter "MEMOJI").

3. Before Social Tech obtained the registration, and with full notice of Social Tech's pending application, Apple, upon information and belief, formed a subsidiary - non-party Memofun Apps LLC ("Memofun") - to become the assignee of purported goodwill connected to a forgotten and abandoned mobile application using the name Memoji, and a suspended trademark application that went along with it, from non-party assignors Big 3 ENT, LLC and Lucky Bunny, LLC.

4. Memofun then assigned those purported rights to Defendant Apple on June 4, 2018.

5. On the same day, Apple announced a feature for its new operating system, which was subsequently released to the public on September 17, 2018, called and marketed as "Memoji" (hereinafter the "Infringing Memoji").

6. Apple's Infringing Memoji feature allows users to make animated caricatures of themselves and send them in messages to friends and family.

7. As Apple well knew, however, Social Tech had a pending trademark application and had used the MEMOJI mark in commerce on an app available in the Google Play store since June 28, 2018, and in online marketing prior thereto.

APL-STECH_00000367

8. Social Tech's MEMOJI app allows users to send edited pictures and videos in messages to others.

9. The United States Patent and Trademark Office ("PTO") registered MEMOJI to Social Tech on September 18, 2018 (Reg. No. 5,566,242).

10. Apple's Infringing Memoji deliberately infringes on Social Tech's MEMOJI mark. Social Tech thus brings this action for preliminary and permanent injunctive relief and all other remedies available to address Apple's deliberate and unlawful conduct.

## PARTIES

11. Plaintiff Social Technologies LLC is a limited liability company organized and existing under the laws of the State of Georgia and has a principal place of business in Atlanta, Georgia.

12. Defendant Apple, Inc. is a corporation organized and existing under the laws of the State of California and has a principal place of business in Cupertino, California.

## JURISDICTIONAL STATEMENT

### Jurisdiction

13. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, 15 U.S.C. § 1116 and 1125, and 28 U.S.C. § 1367.

### Venue

14. Venue lies within this district because a substantial part of the events giving rise to these claims occurred in this district and Apple resides in this district for purposes of 28 U.S.C. § 1391(b) and (c).

### Intradistrict Assignment

15. This action arises in Santa Clara County because a substantial part of the events giving rise to the claim occurred in Santa Clara County. This is an intellectual property action subject to district-wide assignment pursuant to Civil L.R. 3-2(c).

APL-STECH_00000368

**FACTUAL ALLEGATIONS**

**Social Tech's MEMOJI App**

16.     Social Tech is a company focused on the development of mobile applications to enhance the personal messaging experience.   Social Tech has previously released an app known as "HELLOJIS" and another more recently, "MEMOJI".

17.     Social Tech's MEMOJI app allows users to edit videos and photographs and send as messages.   Social Tech came up with the name MEMOJI in 2016 and filed an intent-to-use application on April 1, 2016 after seeing that the name was not in use.

Social Tech's MEMOJI trademark is:



18.     On November 15, 2017, the PTO issued a "Notice of Publication" for MEMOJI, explaining that "The mark of the application identified appears to be entitled to registration," and that the mark would be published on December 5, 2017.

19.     No opposition was filed with the PTO, and the PTO entered a Notice of Allowance on January 30, 2018.

20.     On or around May 21, 2018, an unknown person believed to be acting at the direction of Apple left a message with Social Tech inquiring about buying its rights in the name MEMOJI.

21.     Social Tech returned the call and, after the inquiring person declined to identify the company he worked for, indicated that its rights in the name MEMOJI were not for sale.

4

Complaint

APL-STECH_00000369

22.     Social Tech filed its Statement of Use on June 30, 2018 and the PTO registered Social Tech's MEMOJI mark on September 18, 2018 (Reg. No. 5,566,242}, with a "first use" and use "in commerce" of June 28, 2018 - the date the app became available through the Google Play store:



### Apple Announces "Memoji" for Its New iPhone

23.     On June 4, 2018, Apple announced its new iPhone operating system for the iPhone. Among the new features Apple touted in the press release was the Infringing Memoji.

5

Complaint

APL-STECH_00000370

Newsroom

**Memoji and Fun Camera Effects**



New features in Messages and FaceTime make every message more personal and expressive.

Apple's press release detailed the Infringing Memoji feature in more detail:

> New features make communicating with friends and family from iPhone X more expressive with new Animoji and personalized Memoji characters that are customizable and fun. Create beautifully designed Memoji right within Messages by choosing from a set of inclusive and diverse characteristics to form a unique personality. The existing set of Animoji also expands with ghost, koala, tiger and T. rex. All Animoji and Memoji now feature winks and tongue detection to capture even more expressions.

https://www.apple.com/newsroom/2018/06/apple-previews-ios-12/

24.     Apple aggressively marketed the Infringing Memoji as a part of the launch of its new operating system.

### Apple's Willful Infringement Causes Confusion and Damage

25.     Apple's launch of the Infringing Memoji completely swamped Social Tech's efforts to associate the MEMOJI mark with its own brand.

26.     MEMOJI is an invented word that does not appear in any common dictionaries.

6

Complaint

APL-STECH_00000371

27. Both Social Tech and Apple are using MEMOJI for very similar products: software to create images using a device's camera that are edited, embedded into messages and sent. Both have filed PTO applications under the same Class (09 Computer Application Software – Social Tech's has matured to registration; Apple's is "suspended" because of Social Tech's prior filed application and likelihood of confusion).

28. Both Social Tech and Apple are marketing their MEMOJI brands using very similar messaging: for Social Tech, that MEMOJI is "The world's best messaging app that will capture the facial expression of the end user with full-motion capabilities, and transpose the image into a custom, personalized emoji of the users actual face;" for Apple, its Infringing Memoji feature "make[s] communicating with friends and family from iPhone X more expressive with . . . personalized Memoji characters that are customizable and fun".

29. Both Social Tech and Apple are using their products through the same channels, namely, through mobile phones and devices—for Social Tech MEMOJI is available through the Google Play store for use on Android phones; for Apple, Infringing Memoji is touted as a messaging feature for iPhones and iPads.

30. These obvious similarities, coupled with the sheer size of Apple compared to small startup Social Tech, make it difficult for Social Tech to protect its MEMOJI brand and reputation, and to develop goodwill and identity.

31. After Apple used its biggest platform - its yearly keynote address - to announce the Infringing Memoji, Social Tech decided to cut its funding and development process short and advance the timeline for its MEMOJI app (to stem whatever loss it could from Apple's use of the Infringing Memoji.

32. Social Tech released a basic but functional version of its app through the Google Play store on June 28, 2018.

APL-STECH_00000372

33.     If Apple had not announced its Infringing Memoji product, Social Tech could have proceeded with the full development of the MEMOJI app on its planned schedule and released a more complete product rather than having to rush to market with a more basic product.

34.     Apple's infringing product has, since the day of its announcement, caused Social Tech to lose control of its brand: a Google search and YouTube search for MEMOJI is dominated by Apple's Infringing Memoji.

35.     Apple is a classic willful infringer. Apple knew about Social Tech's senior rights to MEMOJI, both as a matter of registration with the PTO and a matter of use by Social Tech in commerce.

36.     Apple knew that its Infringing Memoji feature was such a closely related service to Social Tech's MEMOJI app that confusion was virtually certain, and Apple knew or should have known that its assignment from Lucky Bunny was in gross.  Yet, Apple still went ahead and used the Infringing Memoji mark anyway.

37.     As expected, comments posted online by users and potential users have expressed actual confusion and frustration after finding Social Tech's MEMOJI instead of Apples, a classic case of reverse confusion. In one instance, a negative review was left on Social Tech's Google Play store because Social Tech MEMOJI didn't offer the same functionality as Apple's Infringing Memoji.

38.     Counsel for Social Tech sent a letter to Apple on June 13, 2018, informing Apple of Social Tech's full intention to release its MEMOJI app and carry through filing the of Statement of Use to obtain a registration.

39.     Despite this notice and subsequent registration of Social Tech's MEMOJI mark on September 18, 2018, Apple has not changed the name of its Infringing Memoji feature or stopped its willful, deliberate infringement of Social Tech's mark.

8

Complaint

APL-STECH_00000373

40.     In or about September 2018, Apple released its new operating system to the general public with the Infringing Memoji feature included.

41.     This release has exacerbated the confusion that Apple started with its June 4, 2018 product announcement and will result in the further association of the MEMOJI mark with Apple even though the name belongs to Social Tech.

## FIRST CAUSE OF ACTION

### (Trademark Infringement – Lanham Act)

42.     Social Tech repeats and realleges each and every previous allegation and incorporates them by reference as if fully set forth herein.

43.     Social Tech has used the MEMOJI mark to seek investors since April 2016.

44.     Social Tech has used the MEMOJI mark since January 4, 2017 on its website and on YouTube.

45.     Social Tech has used the MEMOJI mark since June 28, 2018 on the Google Play store where its app is offered, as well as on Facebook and other social media, in an effort to identify with MEMOJI across the United States, including California, and worldwide.

46.     In addition, Social Tech has a valid, registered trademark (Reg. No. 5,566,242) for MEMOJI. Social Tech thus has an action under the Lanham Act's protections for registered and unregistered marks.

47.     Apple's use of the Infringing Memoji mark infringes on Social Tech's MEMOJI mark and has caused and will likely continue to cause confusion as to source, sponsorship, affiliation, or association.

48.     With two companies using the near identical mark consisting of a made-up word to sell a very similar product (both related to mobile messaging), confusion is highly likely: actual or

potential customers of Social Tech's MEMOJI are likely to be confused and believe Apple is the true source, sponsor, or approver of Social Tech's app, and vice versa; actual or potential customers of Apple's Infringing Memoji may be confused and believe Social Tech is the true source, sponsor, or approver of Apple's "Memoji."

49.    Apple's wrongful activities have caused Social Tech irreparable injury. Even after receiving the June 13, 2018 letter from Social Tech's counsel, Apple continues to use the Infringing Memoji mark. This causes injury and loss of control over Social Tech's goodwill and reputation, and loss of identity and ability to move into new markets that cannot be remedied through damages, and Social Tech has no adequate remedy at law.

50.    Social Tech is entitled to preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116 restraining and enjoining Apple and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the Infringing Memoji mark or any colorable imitation thereof.

51.    Pursuant to 15 U.S.C. § 1117, Social Tech is also entitled to recover (1) Apple's profits (2) Social Tech's ascertainable damages, and (3) Social Tech's costs of suit.

52.    Apple's willful infringement of Social Tech's MEMOJI mark without excuse or justification renders this an exceptional case and entitles Social Tech to its reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### (Trademark Infringement – Common Law)

53.    Social Tech repeats and realleges each and every previous allegation and incorporates them by reference as if fully set forth herein.

54.    Social Tech has common law rights in the MEMOJI mark under California law. Social Tech has used the MEMOJI mark since April 2016 in seeking investors, since January 4,

Complaint

APL-STECH_00000375

2017 on its website and on YouTube, and since June 28, 2018 on the Google Play store where its app is offered, as well as on Facebook and other social media, all starting several years before Apple announced its Infringing Memoji feature on June 4, 2018.

55. Apple's use of the Infringing Memoji mark infringes on Social Tech's MEMOJI mark and has caused and will likely continue to cause confusion as to source, sponsorship, affiliation, or association.

56. Apple's wrongful activities have caused Social Tech irreparable injury which cannot be remedied through damages, and Social Tech has no adequate remedy at law. Social Tech is entitled to preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116 restraining and enjoining Apple and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the Infringing Memoji mark or any colorable imitation thereof.

57. Social Tech is also entitled to recover (1) Apple's profits (2) Social Tech's ascertainable damages, and (3) Social Tech's costs of suit. Apple's willful infringement of Social Tech's MEMOJI mark without excuse or justification entitles Social Tech to its reasonable attorney fees and punitive damages.

## THIRD CAUSE OF ACTION

### (Unfair Competition – Cal. Bus. & Prof. Code § 17200 and Common Law)

58. Social Tech repeats and realleges each and every previous allegation and incorporates them by reference as if fully set forth herein.

59. Apple's acts, as alleged above, constitute unlawful and/or unfair business practices in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.

Complaint

APL-STECH_00000376

60.     Apple's acts are unlawful and/or unfair under the UCL because Apple's use of the Infringing Memoji mark in California is likely to confuse consumers as to the source, origin, or affiliation of both Social Tech's and Apple's services.

61.     Apple's acts of unfair competition in the state of California have caused Social Tech irreparable injury. Social Tech believes that unless said conduct is enjoined by this Court, Apple will continue and expand these activities to the continued and irreparable injury of Social Tech. This injury includes injury to Social Tech's reputation that cannot be remedied through damages, and Social Tech has no adequate remedy at law.

62.     Social Tech is entitled to preliminary and permanent injunction restraining and enjoining Apple and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the Infringing Memoji trademark or any colorable imitation thereof.

63.     As a direct and proximate result of Apple's statutory unfair competition, Apple has been unjustly enriched in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (DECLARATORY JUDGMENT THAT SOCIAL TECH'S TRADEMARK REGISTRATONS ARE VALID AND ENFORCEABLE UNDER THE REQUIREMENTS OF THE PTO AND THE LANHAM ACT)

64.     Social Tech repeats and realleges each and every previous allegation and incorporates them by reference as if fully set forth herein.

65.     An actual case or controversy exists between Social Tech and Apple as to whether Social Tech has the right to use the trademarks they created under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and that Social Tech's U.S. Trademark Registration No. 5,566,242 for the stylized wording "MEMOJI" is a valid and enforceable registration as issued by the United States Patent and Trademark Office.

APL-STECH_00000377

66.     In a letter dated June 14, 2018, counsel for Apple stated to Social Tech, through counsel, that if Social Tech's application matured to registration, which it since has, "Apple will be able to cancel the registration because Apple's common law rights in the MEMOJI mark predate your client's April 1, 2016 filing date."

67.     Apple stated in the same letter that, assuming likelihood of confusion – which Apple has since admitted - Social Tech's use of its MEMOJI mark infringes Apple's Infringing Memoji "because Apple's rights are prior to those of [Social Tech]".

67.     Apple has no common law rights in the MEMOJI mark.

68.     A judicial declaration is therefore necessary and appropriate so that Social Tech may ascertain its rights regarding the use of its trademark registration under 15 U.S.C. §§ 1051 et seq.

69.     Social Tech seeks a declaration that it owns and has the right to use its MEMOJI trademark for any and all purposes and that its MEMOJI Mark is a valid, enforceable and federally registered mark protectible under the Lanham Act as issued by the PTO.  In addition, Social Tech seeks a declaration that Apple is not entitled to a federal registration for the mark MEMOJI.

## FIFTH CAUSE OF ACTION

### (DECLARATION OF NON-INFRINGEMENT UNDER COMMON LAW)

70.     Social Tech repeats and realleges each and every previous allegation and incorporates them by reference as if fully set forth herein.

70.     Social Tech's seeks a judicial declaration that its use of its MEMOJI mark does not infringe, and at all times has not infringed, any existing and valid marks owned by Apple through common law use.

APL-STECH_00000378

**PRAYER FOR RELIEF**

WHEREFORE, Social Tech hereby requests that this Court:

A. Enter preliminary and permanent injunctions restraining and enjoining Apple and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the Infringing Memoji mark or any colorable imitation or confusingly similar variation thereof;

B. Award Social Tech its ascertainable damages, costs, and attorney fees, including royalty fees, damages for corrective advertising, and punitive damages;

C. Award Social Tech Apple's profits attributable to Apple's unauthorized use of Social Tech's MEMOJI mark;

D. Award Social Tech all amounts by which Apple has been unjustly enriched through its use of Social Tech's MEMOJI mark;

E. Declare that Social Tech that it owns and has the right to use its MEMOJI trademark for any and all purposes and that its MEMOJI Mark is a valid, enforceable and federally registered mark protectible under the Lanham Act as issued by the PTO, and that Apple is not entitled to a federal registration for the mark MEMOJI.

F. Declare that Social Tech's use of its MEMOJI mark does not infringe any existing and valid marks owned by Apple through common law use.

G. Award such other and further relief as this Court deems just and proper.

Social Tech demands a trial by jury on all issues so triable.

Dated: September 27, 2018

Respectfully submitted,

14

Complaint

1

/s/Nicholas Ranallo

2

Nicholas Ranallo, Attorney at Law
nranallo@mavrolaw.com

3

Of Counsel, Mavronicolas & Dee LLP
2443 Fillmore St. #380-7508

4

San Francisco, CA 94115

5

P: (831) 607-9229
F: (831) 533-5073

6

7

Peter Dee (*pro hac vice* to be filed)
pdee@mavrolaw.com

8

3 Park Avenue, 15th Floor
New York, NY 10016

9

T: (646) 770-1256
F: (866) 774-9005

10

11

*Attorneys for Plaintiff Social Technologies LLC*

12

13

14

## DEMAND FOR TRIAL BY JURY

15

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury

16

trial on all issues and causes of action triable to a jury.

17

Respectfully submitted,

18

/s/Nicholas Ranallo

19

Nicholas Ranallo, Attorney at Law
nranallo@mavrolaw.com

20

Of Counsel, Mavronicolas & Dee LLP
2443 Fillmore St. #380-7508

21

San Francisco, CA 94115

22

P: (831) 607-9229
F: (831) 533-5073

23

24

Peter Dee (*pro hac vice* to be filed)
pdee@mavrolaw.com

25

3 Park Avenue, 15th Floor
New York, NY 10016

26

T: (646) 770-1256
F: (866) 774-9005

27

28

*Attorneys for Plaintiff Social Technologies LLC*

15

Complaint

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

nmt/mbm

November 28, 2018

Cancellation No. 92069578

*Apple Inc.*

*v.*

*Social Technologies LLC*

**Mary Beth Myles, Interlocutory Attorney:**

The motion (filed October 24, 2018) to suspend this proceeding pending final determination of Civil Action No. 3:18-cv-05945 filed in the United States District Court for the Northern District of California is granted as conceded. *See* Trademark Rules 2.127(a) and 2.117(a).

Accordingly, proceedings are suspended pending final disposition of the civil action.

Within twenty days after the final determination of the civil action, the parties shall so notify the Board so that this proceeding may be called up for appropriate action.[1] Such notification to the Board should include a copy of any final order or final judgment which issued in the civil action.

---

[1] A proceeding is considered to have been finally determined when an order or ruling that ends litigation has been rendered, and no appeal has been filed, or all appeals filed have been decided and the time for any further review has expired. *See* TBMP § 510.02(b).

APL-STECH_00000381

Cancellation No. 92069578

During the suspension period, the parties must notify the Board of any address or email address changes for the parties or their attorneys. In addition, the parties are to promptly inform the Board of any other related cases, even if they become aware of such cases during the suspension period. Upon resumption, if appropriate, the Board may consolidate related Board cases.

APL-STECH_00000382