# EXHIBIT 21

# PUBLIC REDACTED VERSION

## TRADEMARK AGREEMENT

This Trademark Agreement (the "Agreement") is made and effective as of May 31, 2018 (the "Effective Date"), by and among LUCKY BUNNY LLC, a California limited liability company whose address is 10047 Louise Avenue, Northridge, California 91325 ("Lucky"), BIG 3 ENT, LLC, a California limited liability company whose address is 5950 Canoga Avenue, Suite 510, Woodland Hills, California 91367 ("Big 3"), and MEMOFUN APPS LLC, a Delaware limited liability company whose address is 1209 Orange Street, Wilmington, Delaware 19801 ("Memofun"), with Lucky and Big 3 Ent to be referred to together as "Sellers" and each as a "Seller."

### Background

Sellers use the mark MEMOJI (the "Mark") as the name of a computer software application that they offer on the Apple App Store (the "App"), as shown at the App Store Preview page at https://itunes.apple.com/us/app/memoji-gif-selfies-with-emoji-accessories/id921847909?mt=8 and at their website at http://thememojiapp.com/ (the "Website") attached as Exhibit A. Sellers have filed application Serial No. 87/397,135 seeking U.S. trademark registration of MEMOJI (the "Application"). Memofun wishes to acquire all of Sellers' rights in the Mark, the Application, and the domain name *thememojiapp.com* (the "Domain Name"), and Sellers have agreed to transfer such rights to Memofun, pursuant to the terms of this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants contained herein, and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereby agree as follows:

### Terms

1.  <u>Assignment</u>.  Sellers hereby irrevocably transfer and assign to Memofun all right, title and interest in and to the Mark, Domain Name, and Application (including without limitation all common law rights and any other rights in, and any registrations or other applications for registration of, the Mark and all other marks that consist of or incorporate the term MEMOJI in any form), together with the goodwill connected with the use of and symbolized by the Mark, and all rights of action arising from the Mark (collectively, the "Transferred Rights"), to be held and enjoyed by Memofun for its own use and benefit and for Memofun's successors and assigns as the same would have been held by Sellers had this assignment not been made. Simultaneously with the execution of this Agreement, Sellers shall execute and deliver to Memofun the assignment in the form attached as <u>Exhibit B</u> (the "Assignment"), and shall amend the Application pursuant to Section 1201.02(c) of the *Trademark Manual of Examining Procedure* to correct Lucky's name from "Luck Bunny, LLC" to "Lucky Bunny, LLC". In order to consummate the transfer of the Domain Name, Sellers will

THOMAS LAPERLE
6/18/19
**EXHIBIT**
**101**
Ashala Tylor
CSR, RPR, CRR, CLR

HIGHLY CONFIDENTIAL                                                                APL-STECH_00000867

upon Memofun's request provide Memofun with the authorization code for the Domain Name, unlock the Domain Name, consent to the transfer of the Domain Name, and take such other steps as may be reasonably necessary to transfer the Domain Name from Sellers' registration account to such registration account as Memofun may designate. On or after the Effective Date, Sellers will execute such other documents, take such other action, and provide Memofun with such other information and documentation, as Memofun may reasonably request to evidence and fully consummate the irrevocable transfer and assignment to Memofun of the Transferred Rights and to record title to the Application in Memofun's name at the U.S. Patent and Trademark Office, including such action as Memofun may request to permit the transfer of the Application notwithstanding the erroneous spelling of Lucky's name as applicant. Memofun shall not assume, and shall have no obligation with respect to, any liabilities of Sellers.

2. **Consideration**. In consideration of the assignment of the Transferred Rights, Memofun shall pay Sellers ███████ ███████████████ ████████. Memofun shall make payment to Sellers within ten (10) business days after the Effective Date by wire transfer of immediately available funds to such account as Sellers specify in writing. Sellers agree to provide Memofun with (a) complete and accurate wire transfer instructions and (b) a complete, accurate, and executed IRS Form W-9 on or shortly after the Effective Date to allow for the wire transfer.

3. **Use of Mark after Effective Date**. Sellers shall make no further use of the Mark on or after the Effective Date, with the sole exception that for a period ending on July 30, 2018, Sellers may continue to offer the current version 1.1.1 of the App under the Mark at the Apple App Store and to promote the App at the Website, in the form shown at Exhibit A, and Memofun hereby grants Sellers a limited license to use the Mark solely for that purpose. If Sellers continue to offer the App after July 30, 2018, they will adopt a mark for the App that is not similar in sight, sound, or meaning to the Mark. If Sellers establish a new website for the purpose of promoting the App after July 30, 2018, they will use a domain name that is not similar in sight, sound, or meaning to the Mark or the Domain Name. After the Effective Date, Sellers will make no further postings to the Instagram and Twitter accounts with the handle *thememojiapp* or to any other social media accounts that use the Mark as part or all of the name or handle, and within ten (10) business days after the Effective Date, Sellers will shut down, disable, or terminate or will rename those accounts using a name that is not similar in sight, sound, or meaning to the Mark.

4. **Representations and Warranties**. Sellers represent and warrant that (a) Lucky is the sole owner of the Domain Name, and Sellers are the joint owners of the Mark and the other Transferred Rights, and no other entity or individual can claim any right, title, or interest in the Application, in the Domain Name, or in the Mark as used in connection with the App; (b) Sellers are transferring the Mark and other Transferred Rights free and clear of all security interests and other liens and encumbrances; (c) neither Seller has made any transfer of the Mark or

any other Transferred Rights to any other party, granted any licenses of the Mark or other Transferred Rights to any other party, granted any third-party consents related to the Mark or other Transferred Rights, or entered into any other agreements granting any third party any right, title, or interest in the Mark or other Transferred Rights; (d) each Seller has the authority to enter into this Agreement (limited by Sellers' need to act in concert with each other, as agreed herein) and to make and consummate the representations, warranties, covenants, and transfer of rights set forth in this Agreement; (e) a Seller's entry into this Agreement and fulfillment of its obligations under this Agreement will not result in a violation or breach of any existing agreement between a Seller and any third party, or of any other obligation by which a Seller is bound (provided that Sellers act in concert with each other, as agreed herein); (f) no consent, waiver, or approval from any non-Seller third party is required in connection with a Seller's execution, delivery, or performance of this Agreement, the consummation of the transfer of the Mark and other Transferred Rights, or the fulfillment of its obligations under this Agreement; (g) neither Sellers nor any of their members, owners, officers, or employees directly or indirectly owns or holds in any jurisdiction any registrations or applications for registration of the Mark other than the Application, or any domain name incorporating any form of the term MEMOJI other than the Domain Name; (h) Sellers do not hold or use any social media handles or names consisting of or incorporating the Mark other than the Instagram and Twitter handles *thememojiapp*; and (i) there are no pending or threatened claims of third-party mark owners that Sellers' use of the Mark infringes, dilutes, or otherwise violates the trademarks or other intellectual property rights of any third party, and there are no pending or threatened claims of third-party mark owners regarding Sellers's ownership of or right to use the Mark.

5.  <u>Maintenance and Infringement Actions; Other Obligations of Sellers</u>. Following the Effective Date, Sellers will provide Memofun with such cooperation as Memofun may reasonably request to assist Memofun in maintaining, defending, and enforcing Memofun's rights in the Mark and prosecuting the Application, including providing Memofun with evidence of Sellers's historical and geographic use of the Mark. Each Seller covenants and agrees that after the Effective Date, it will not directly or indirectly (i) claim ownership, seek registration, or acquire any rights in or registration of any MEMOJI Mark, (ii) oppose, seek to cancel, or challenge any application for, or registration of, any MEMOJI Mark filed or held by Memofun or any of its successors or assigns, or challenge the title in or validity of any such registration or any assignment of the Transferred Rights to Memofun or any of its successors or assigns, (iii) challenge or seek to enjoin the use of any MEMOJI Mark by Memofun or any of its affiliates, licensees, successors, or assigns, (iv) register any domain name consisting of or incorporating any MEMOJI Mark, or (v) use any social media handle or name consisting of or incorporating any MEMOJI Mark. As used in this Section 5, an "MEMOJI Mark" means any mark, tagline, slogan, corporate name, or trade name that consists of the term MEMOJI, contains the term ME together with a form of the term EMOJI, incorporates the term MEMOJI together with

HIGHLY CONFIDENTIAL

APL-STECH_00000869

other words, characters, designs or devices, or is phonetically identical to the term MEMOJI.

6.      Miscellaneous Terms. Each Seller and its members, owners, officers, or employees will keep this Agreement and its terms confidential, and will not disclose the existence of this Agreement or any of its terms to any other party except as required by law or court order, or otherwise authorized in writing by Memofun. This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors and assigns. Memofun may transfer or assign all or any part of its rights and obligations under this Agreement. This Agreement represents the entire understanding between the parties and supersedes any prior discussions or understandings with respect to its subject matter. Any amendment to this Agreement must be in writing referring to this Agreement and signed by all Parties. This Agreement shall be governed by the laws of the State of California. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, and all of which together shall constitute the entire agreement. Any notice or other communication required to be given pursuant to this Agreement shall be in writing and delivered by a recognized overnight courier or express delivery service, to the addresses listed in the first paragraph of this Agreement, or to such other address as a party specifies to the other by written notice, and shall be deemed given when deposited with such courier or delivery service for overnight delivery.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed by their duly authorized representatives and made effective as of the date set forth above.

BIG 3 ENT, LLC

By: _____
Name:   Alexander Shultz
Title:   Partner

LUCKY BUNNY LLC

By: _____
Name:   Jacob DeMonte-Finn
Title:   CEO

MEMOFUN APPS LLC

By: _____
Name:   K. Lam
Title:   Manager

HIGHLY CONFIDENTIAL

APL-STECH_00000870

**EXHIBIT A**

HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL

APL-STECH_00000872



HIGHLY CONFIDENTIAL



HIGHLY CONFIDENTIAL

APL-STECH_00000874

**EXHIBIT B**

HIGHLY CONFIDENTIAL

APL-STECH_00000875

## TRADEMARK ASSIGNMENT

WHEREAS LUCKY BUNNY LLC, a California limited liability company whose address is 10047 Louise Avenue, Northridge, California 91325, and BIG 3 ENT, LLC, a California limited liability company whose address is 5950 Canoga Avenue, Suite 510, Woodland Hills, California 91367 (together, "Assignors") have applied to register the mark MEMOJI (the "Mark") with the U.S. Patent and Trademark Office pursuant to application Serial No. 87/397,135; and

WHEREAS MEMOFUN APPS LLC, a Delaware limited liability company whose address is 1209 Orange Street, Wilmington, Delaware 19801 ("Assignee"), desires to acquire all of Assignors' right, title and interest in the Mark, the Application, and the goodwill of the business connected with the use of and symbolized by the Mark.

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, Assignors hereby irrevocably transfer and assign to Assignee all right, title and interest in and to the Mark and Application (including without limitation all common law rights and any other rights in, and any registrations or other applications for registration of, the Mark and all other marks that consist of or incorporate the term MEMOJI in any form), together with the goodwill connected with the use of and symbolized by the Mark, and all rights of action arising from the Mark, to be held and enjoyed by Assignee for its own use and benefit and for Assignee's successors and assigns as the same would have been held by Assignors had this assignment not been made (collectively, the "Transferred Rights").

BIG 3 ENT, LLC

By: _____

Name: Alexander Shultz
Title: Partner

LUCKY BUNNY LLC

By: _____

Name: Jacob DeMonte-Finn
Title: CEO

Effective May 31, 2018

HIGHLY CONFIDENTIAL

APL-STECH_00000876