# EXHIBIT 26

**Pierce Bainbridge Beck Price & Hecht LLP**
John M. Pierce (SBN 250443)
jpierce@piercebainbridge.com
600 Wilshire Boulevard, Suite 500
Los Angeles, California 90017
(213) 262-9333

David L. Hecht (*pro hac vice*)
dhecht@piercebainbridge.com
20 West 23rd St Fifth Floor
New York, NY 10010
(212) 484-9866

Attorneys for Plaintiff

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Social Technologies LLC,** | Case No. CV 18-05945-VC |
| Plaintiff, | |
| v. | **PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES** |
| **Apple Inc.** | |
| Defendant. | |

PROPOUNDING  PARTY:   Defendant Apple Inc.

RESPONDING PARTY:     Plaintiff Social Technologies LLC

SET NUMBER:               Two

<u>**OBJECTIONS AND RESPONSES OF PLAINTIFF TO**</u>
<u>**DEFENDANT'S SECOND SET OF INTERROGATORIES**</u>

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Social Technologies LLC ("Social Tech") hereby responds to the Second Set of Interrogatories propounded by Defendant Apple Inc. ("Apple").

<u>**GENERAL OBJECTIONS**</u>

Each of Plaintiff's responses, in addition to any specifically stated objections, is subject to and incorporates the following General Objections.  The assertion of the same, similar, or additional objections, or a partial response to an individual Interrogatory does not waive any of Plaintiff's General Objections.

1.      Social Tech objects to any Interrogatory to the extent that it seeks information constituting or containing information concerning communications between Social Tech and its counsel, which are protected by the attorney-client privilege.

2.      Social Tech objects to any Interrogatory that seeks information constituting or containing information prepared in anticipation of or as a result of litigation or which is otherwise protected by the work product doctrine or any other available privilege or protection.

3.      Social Tech objects to any Interrogatory to the extent that it purports to impose upon them any obligation beyond those imposed by the Federal Rules of Civil Procedure, including, but not limited to, any Interrogatory that exceeds the scope of Federal Rules of Civil Procedure 26(b) and 33.

4.      Social Tech objects to these Interrogatories to the extent that they are overbroad, unduly burdensome, vague, ambiguous, confusing, require speculation to determine their meaning or use imprecise specifications of the information sought.

5.      Social Tech objects to any Interrogatory as unduly and unnecessarily burdensome to the extent that it seeks information that is matter public record, already in Apple's possession, or otherwise readily available to Apple, and, therefore, may be accessed and obtained by Apple with less burden than Social Tech can identify and provide requested information.

6.      Social Tech objects to any Interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7.      Social Tech objects to any Interrogatory to the extent it is a contention interrogatory. Pursuant to Fed. R. Civ. P. 33(c), Social Tech objects to any such interrogatory on the grounds that it

is premature in light of the present stage of discovery.  Social Tech expects to receive further documents through discovery that will concern and provide information responsive to such interrogatories.  Accordingly, in response to any such contention interrogatory, Social Tech will provide a response encompassing the current state of their knowledge, belief, and understanding, but reserves the right to supplement their interrogatory response pursuant to Fed. R. Civ. P. 26 at the conclusion of discovery, both as to the merits of this action and with respect to experts designated to testify at trial.

8.      The following Responses reflect Social Tech's present knowledge, information and belief and may be subject to change or modification based on Social Tech's further discovery, or facts or circumstances which may change or come to Social Tech's knowledge.  Social Tech reserves the right to alter, supplement, amend, or otherwise modify these objections and responses at any time, if necessary, in light of subsequently discovered information and documents, expert analysis, or information and documents known but the specific relevance, applicability, or significance of which has not yet been ascertained.

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 18:**

Identify with particularity all communications You (or anyone acting on Your behalf, including Justin Grant or Sam Bonet) have had with Christopher Anthony (or anyone acting on his behalf), including by providing the date, persons involved, the subject matter, the medium, and any written agreements, or draft or proposed agreements, communicated from You (or anyone acting on Your behalf) to Anthony or vice versa.

**RESPONSE TO ROG NO. 18:**

Social Tech incorporates the General Objections as if fully set forth herein.  Social Tech further objects to this Interrogatory to the extent it seeks privileged attorney-client communications or attorney work-product.  Social Tech further objects to this Interrogatory on the grounds that it seeks information not relevant to any claim or defense in this Action.

**INTERROGATORY NO. 19:**

Identify all facts supporting Your contention, set forth in Your responses to Apple's

interrogatories, that "the defunct Lucky Bunny MEmoji app was apparently abandoned and residually existed online," including Your knowledge of whether or not the MEmoji app was available for download, Your knowledge of whether or not the MEmoji app continued to function, and all actions You took to determine these supposed facts.

**RESPONSE TO ROG NO. 19:**

Social Tech incorporates the General Objections as if fully set forth herein.  Social Tech further objects to this Interrogatory as compound and therefore improper.  Social Tech further objects to this Interrogatory as ambiguous with respect to the terms the terms "available for download" and "function."  Social Tech further objects to this Interrogatory as not relevant to any of the claims or defenses at issue in this action.

Subject to and without waiving its objections to this Interrogatory, Social Tech responds that prior to Social Tech's filing of its MEMOJI intent-to-use trademark application with the United States Patent and Trademark Office, Samuel Bonet performed searches on TESS and Google to determine if the MEMOJI trademark was available.  Samuel Bonet found that TESS indicated that Lucky Bunny's trademark application had been abandoned.  Samuel Bonet also found that Lucky Bunny had not updated its app since shortly after its release in November of 2014.   Similarly, Samuel Bonet found that Lucky Bunny's Twitter account and website had not been updated or shown any activity since 2014.

**INTERROGATORY NO. 20:**

Identify with particularity all uses of the MEMOJI mark or any mark containing the word "memoji" in Your "attempts to procure investors" "as early as 2016" and "as early as January 2017 in advertising [Your] then forthcoming MEMOJI app," as set forth in Your responses to Apple's Interrogatories 17 and 18, including by identifying the dates or date ranges of all such uses, to whom any documents using such mark(s) were provided or shown, and the title and type of such documents.

**RESPONSE TO ROG NO. 20:**

Social Tech incorporates the General Objections as if fully set forth herein. Social Tech objects to this Interrogatory to the extent that it seeks "all" uses of the MEMOJI mark. Social Tech further objects to this Interrogatory to the extent it seeks confidential and personal information regarding non-parties to the present Action.

Subject to and without waiving its objections to this Interrogatory, Social Tech responds as follows:

Samuel Bonet and Robert Long of Social Tech sought investors to develop their planned innovative app idea called MEMOJI starting in 2016. Social Tech made several presentations to investors and uploaded videos online prior to the release of its MEMOJI app in 2018.

Between April 13, 2016 and May 26, 2016, Social Tech met with Roger House, Tim White, Maureen Herrmann, Joel Shapiro, and Jeff Clark regarding capital procurement to develop Social Tech's MEMOJI app idea. Social Tech used the MEMOJI mark during those meetings, provided PowerPoint presentations, and showed videos.

On May 6, 2016, Social Tech uploaded a video to Vimeo called "MeMOJI SHOPPING Master 60 fps." On May 20, 2016, Social Tech uploaded a video to YouTube called "MeMOJI App Edit Screen speed up."

As of January 4, 2017, the MEMOJI "Park" Commercial and MEMOJI "Shopping" Commercial were published on YouTube.

Social Tech further responds pursuant to Rule 33(d) of the Federal Rules of Civil Procedure by referring Apple Social Tech's initial production, which includes presentations Social Tech made to investors. Social Tech further refers Apple to documents to be produced and will supplement its response to this Interrogatory as discovery continues.

**INTERROGATORY NO. 21:**

Identify with particularity all investigations You have done (or any other person, including Justin Grant or Sam Bonet, has done on Your behalf) concerning the rights of any persons to any mark that consists of or includes the term "memoji" (including but not limited to those of Apple and Christopher Anthony), including the identity of any persons involved, their role, the dates of their work, and the information such persons discovered, learned or conveyed to You.

**RESPONSE TO ROG NO. 21:**

Social Tech incorporates the General Objections as if fully set forth herein. Social Tech further objects to this Interrogatory to the extent it seeks information not relevant to the claims or defenses in this Action. Social Tech further objects to this Interrogatory to the extent it seeks privileged attorney-client communications or protected attorney work product.

Subject to and without waiving its objections to this Interrogatory, Social Tech responds that prior to Social Tech's filing of its MEMOJI intent-to-use trademark application with the United States Patent and Trademark Office, Samuel Bonet performed searches on TESS and Google to determine if the MEMOJI trademark was available. Samuel Bonet found that TESS indicated that Lucky Bunny's trademark application had been abandoned. Samuel Bonet also found that Lucky Bunny had not updated its app since shortly after its release in November of 2014. Similarly, Samuel Bonet found that Lucky Bunny's Twitter account and website had not been updated or shown any activity since 2014.

**INTERROGATORY NO. 22:**

Identify all persons You have employed, in any way, to perform services for you related to Your App, including any persons who have solicited investors, developed or helped to develop Your App, marketed Your App, acquired or attempted to acquire trademark rights.

**RESPONSE TO ROG NO. 22:**

Social Tech incorporates the General Objections as if fully set forth herein. Social Tech

further objects to this Interrogatory to the extent it seeks information not relevant to the claims or

defenses in this Action.  Social Tech further objects to this Interrogatory as ambiguous with respect to

the terms "employed" and "solicited investors"

Social Tech responds that it is aware of the following persons that have performed services

related to Social Tech's App:

1.  Samuel Bonet, Social Technologies LLC

2.  Robert Long, Social Technologies LLC

3.  Nicola Printer, Social Technologies LLC

4.  Justin Grant, FlexDev

5.  Idrees Ashraf, FlexDev

6.  Muhammad Adil, FlexDev

7.  Jarred Martin, Flex Dev

Dated: May 10, 2019                 **Pierce Bainbridge Beck Price & Hecht LLP**


By:  */s/ David L. Hecht*
David L. Hecht (*pro hac vice*)
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

On May 10, 2019, I caused a copy of the foregoing **PLAINTIFF'S OBJECTIONS AND**

**RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES** to be served via

email to:

**COUNSEL FOR DEFENDANT:**

Dale Cendali
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
212-446-4800
dale.cendali@kirkland.com

Mary Mazzello
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
212-446-4800
212-446-4900 (fax)
mary.mazzello@kirkland.com

Megan Leigh McKeown
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
212-446-4800
212-446-4900 (fax)
megan.mckeown@kirkland.com

Lauren J. Schweitzer
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
213-680-8252
lauren.schweitzer@kirkland.com

Diana Marie Torres
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
213-680-8400
213-680-8500 (fax)
diana.torres@kirkland.com

Dated: May 10, 2019

*/s/ Melody McGowin*
Melody McGowin