**PIERCE BAINBRIDGE**

David L. Hecht
Partner
277 Park Avenue, 45th Floor
New York, NY 10172
dhecht@piercebainbridge.com
Office: (212) 484-9866
Direct: (646) 493-9636

**VIA ECF**

December 16, 2019

Hon. Judge Vince Chhabria
San Francisco Courthouse
Courtroom 4 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Social Technologies LLC v. Apple Inc.*, No. 18-cv-05945

Dear Hon. Judge Chhabria,

  During the hearing on Cross Motions for Summary Judgment and Summary Adjudication held on December 12, 2019, Defendant Apple Inc. made the first-time argument that Plaintiff Social Technologies LLC had waived claims based on common law trademark rights through Christopher Anthony's prior use of Memoji. Plaintiff pleaded its ownership of the Memoji trademark based on a valid trademark registration as well as on common law rights based on the assignment of rights by Christopher Anthony. *See* Dkt No. 115, Social Tech's Motion For Partial Summary Judgment at 3-4, 10 n.2.

  Waiver can only occur where a party is required to assert an argument. Here, Plaintiff did not move for summary judgment on its common law rights in trademark and was not required to do so. Neither did Defendant move for summary judgment on Plaintiff's common law rights based on Christopher Anthony's prior use of Memoji – only arguing that Plaintiff does not have common law rights that predate Apple's common law rights based on Plaintiff's own prior use. *See* Dkt. No. 124, Apple's Motion for Summary Judgment at 10.

  Instead, Plaintiff's common law priority of use is based on Christopher Anthony's trademark rights, which Plaintiff purchased. Defendant only asserted facts related to Christopher Anthony's trademark rights in a footnote. *See* Apple's Motion for Summary Judgment at 10 n.4. A mere mention in a footnote of its brief in support of Defendant's Motion for Summary Judgment does not constitute a proper ground for dismissal on summary judgment grounds, to which the Plaintiff would be required to respond. *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006)

Pierce Bainbridge Beck Price & Hecht LLP
BOS | CLE | DC | LA | NY

December 16, 2019
Page 2 of 2

("arguments raised in footnotes are not preserved."); *First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F.Supp.2d 929, 935 n.1 (N.D.Cal.2008) ("A footnote is the wrong place for substantive arguments on the merits of a motion...."). In fact, in Defendant's final brief, Defendant uses Plaintiff's assertion of Christopher Anthony's trademark rights, which Plaintiff purchased, to assert an alternative opposition to Plaintiff's motion for partial summary judgment. *See* Dkt. No. 134 at 1 n.2, Apple's Reply In Support of Its Motion for Summary Judgment.

If this Court is inclined to entertain Defendant's new waiver of common law rights based on Christopher Anthony's prior use argument, then Plaintiffs respectfully request that full briefing of the issues be afforded both parties.


Respectfully Submitted,

*/s/ David L. Hecht*
David L. Hecht