# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

Dale M. Cendali, P.C.
To Call Writer Directly:
+1 212 446 4846
dale.cendali@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

December 17, 2019

**Via ECF**

Honorable Judge Vince Chhabria
San Francisco Courthouse
Courtroom 4 - 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     Social Technologies LLC v. Apple Inc., No. 18-cv-05945

Dear Hon. Judge Chhabria:

We write in response to Plaintiff Social Technologies LLC's letter dated December 16, 2019, which improperly seeks to reopen the question of whether Social Tech waived its ability to assert the purported trademark rights it acquired from Christopher Anthony to rebut Apple's summary judgment motion.  As a preliminary matter, Social Tech's letter is procedurally improper.  Briefing on cross-motions for summary judgment closed on November 26, 2019, and the Court held oral argument on December 12, 2019.  Parties may not submit supplemental materials once their motions are filed.  Local Rule 7-3(d)(1).

Social Tech's letter also is wrong.  Social Tech claims that it was not required to assert arguments as to rights acquired from Anthony in its opposition to Apple's motion for summary judgment.  But Apple moved to dismiss Social Tech's entire common law claim, including any rights it might have acquired from Anthony.  Dkt. No. 123-04, at 1, 10 & n.6.  It was thus incumbent on Social Tech pursuant to Federal Rule of Civil Procedure 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986) to come forward with evidence and law to the contrary.

This was not a minor argument.  Apple's preliminary statement specifically highlighted the Anthony issue by stating:

> [A]lthough Social Tech tellingly did not make its eleventh-hour acquisition of Christopher Anthony's purported rights in the MEMOJI mark part of its motion, ***it is part of Apple's motion because it is clear that Anthony had no valid rights to assign***. As this Court may recall, Anthony sought to intervene in this lawsuit. In response, Social Tech argued that Anthony "fails to establish continuous use of any alleged mark" and "has no trademark rights related to Memoji." Dkt. 69, at 7–8. Discovery has only confirmed this. Anthony thus had no rights to assign.

## KIRKLAND & ELLIS LLP

Honorable Judge Vince Chhabria
December 17, 2019
Page 2

Dkt. No. 123-04, at 4 (emphasis added).  Apple's brief then had a whole portion of its fact section dedicated to Anthony, in which Apple detailed that Anthony had not made continuous use of his purported mark.  *Id*., at 9.  Specifically, there are no records of downloads of Anthony's app between July 2015 and November 2018.  *Id*., at 9 n.3; *see also* Dkt. No. 125-39, at '1335-36.  And Anthony admitted his app was unavailable from August 2016 through at least late October 2018, four months after Apple announced its Memoji software feature.  Dkt. No. 132-04, at 9; *see also* Dkt. No. 125-36, at 102:4–104:13; Dkt. No. 65, at 3.  Then, the very first portion of the argument section of Apple's brief, Section A, argued that Social Tech had no common law rights, whether of its own making or through its assignment from Anthony.  *Id*., at 10 & n. 4.  Footnote one on page one also specifically explained that Apple was moving on all of Social Tech's claims, except claim number five (which is *not* Social Tech's common law claim).  *Id*., at 1 n. 1.  The footnote also explained that granting Apple's motion would dispose of the entire case, as Apple would drop its claim that Social Tech infringed Apple's rights, further confirming that Apple's motion included Anthony.  *Id*.  Thus, Social Tech was well aware that Apple was moving with respect to the purported common law rights Social Tech may have received from Anthony.

Yet, although Apple repeatedly put Social Tech on notice that it was moving for summary judgment on Social Tech's *entire* common law claim, Social Tech chose not to address this issue or mention Anthony at all on reply.  Dkt. No. 132.  It thus failed to meet its burden under *Celotex* and waived any arguments it might have to the contrary.  Moreover, Apple's waiver argument should hardly have come as a surprise at the hearing.  The first page of Apple's reply brief stated, "Social Tech does not dispute that it lacks common law rights to assert against Apple, thus conceding its common law claims."  Dkt. No. 134, at 1.  Apple's reply brief also explicitly noted that Social Tech "does not dispute that Anthony had no rights."  *Id*. at 5 n. 8.

Of course it should also be noted that even had Social Tech not waived its ability to counter Apple's motion for summary judgment with respect to Anthony, the evidence in the record is clear that Anthony had no common law rights, as he lacked the "continuing use" necessary to maintain such rights.  *See Casual Corner Assocs., Inc. v. Casual Stores of Nev., Inc.*, 493 F.2d 709, 712 (9th Cir. 1974) (no continuous use, and thus no common law rights, where there was a one year gap in use).  In fact, Social Tech made this same argument when it successfully opposed Anthony's motion to intervene. Dkt. No. 69 at 6–8.  Further, Anthony only put his app back on the App Store *after* Social Tech's app developer contacted Anthony, which led to conversations during which Anthony was promised "a life changing, possibly lottery-type offer" for his supposed rights.  Dkt. No. 125-36, at 184:3–6; *see also* Dkt. No. 123-04, at 9.  Consistent with this and Social Tech's entire approach to this litigation, Anthony's purported "consideration" for assigning his rights to Social Tech is a percentage of Social Tech's recovery from this lawsuit.  Dkt. No. 125-41, at '870–71 ¶ 2.

When Your Honor indicated at the summary judgment hearing that the Court was tentatively inclined to find Social Tech's trademark registration invalid, Social Tech switched gears to make an argument it had both criticized and abandoned in a belated effort to avoid summary judgment.  Unsatisfied, Social Tech now takes a third chance to make its argument and

## KIRKLAND & ELLIS LLP

Honorable Judge Vince Chhabria
December 17, 2019
Page 3

asks for a fourth—in the form of supplemental briefing.  Apple respectfully requests that Social Tech's letter be rejected, and Apple's motion for summary judgment on Social Tech's common law claims (as well as Social Tech's other infringement and unfair competition claims, and Apple's counterclaim for cancellation) be granted, just as requested in Apple's opening brief. Dkt. No. 123-04, at 1, 4, 10.

Sincerely,

Dale M. Cendali, P.C.