# EXHIBIT 6

**Pierce Bainbridge Beck Price & Hecht LLP**
John M. Pierce (SBN 250443)
jpierce@piercebainbridge.com
600 Wilshire Boulevard, Suite 500
Los Angeles, California 90017-3212
Telephone: (213) 262-9333

David L. Hecht (admitted *pro hac vice*)
dhecht@piercebainbridge.com
20 W. 23rd St., Fifth Floor
New York, New York 10010
Telephone: (212) 484-9866
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Social Technologies LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Apple Inc.<br><br>    Defendant. | No. 18-cv-05945-VC (SK)<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION** |

PROPOUNDING PARTY:   Defendant Apple Inc.

RESPONDING PARTY:    Plaintiff Social Technologies LLC

SET NUMBER:          One

---

## OBJECTIONS AND RESPONSES OF PLAINTIFF TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Social Technologies LLC, by and through its undersigned attorneys, hereby responds and objects to Defendant Apple Inc.'s First Set of Requests for Production. Plaintiff reserves the right to supplement, revise, correct, add to, or modify the Responses and Objections set forth herein and the production made pursuant hereto at any time. If Plaintiff identifies responsive documents or information at a future date, it expressly reserves the right at that time to amend its Responses and Objections, including, without limitation, to evaluate whether any privilege applies to such documents or information and to assert such privilege. Plaintiff also reserves the right to rely on, at any time, information omitted from these Responses and Objections as a result of mistake, error, oversight, or inadvertence. Plaintiff reserves the right to redact documents produced in response to these requests.

## GENERAL OBJECTIONS

The following General Objections are incorporated into each specific response below as if fully repeated in each response and are intended and shall be deemed to be in addition to any specific objection included therein. The production of any documents or information by Plaintiff pursuant to the Requests and these Responses and Objections shall be without prejudice to any objections Plaintiff may have to the competency, relevance, or admissibility of any document or information at any hearing or trial in this action, and shall not be deemed a waiver of any such objections.

1. Plaintiff objects to the Requests to the extent they call for the production of documents that are already in Defendant's possession, custody, or control.

– 2 –
**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST
SET OF REQUESTS FOR PRODUCTION**

2. Plaintiff objects to the Requests to the extent they call for the production of documents in the possession, custody, or control of persons other than Plaintiff.

3. Plaintiff objects to the Requests to the extent they call for the production of documents that can be obtained by Defendant from public sources.

4. Plaintiff objects to the Requests to the extent they call for the production of documents that can more readily, conveniently, and in a less burdensome fashion be obtained by Defendant from others.

5. Plaintiff objects to the Requests to the extent the "Definitions" and "Instructions" incorporated therein attempt to impose obligations on Plaintiff beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, the individual practices of the District Judge and Magistrate Judge assigned to this case, or any applicable order of this Court.

6. Plaintiff objects to the Requests to the extent that they are vague, ambiguous, overbroad, or unduly burdensome.

7. Plaintiff objects to the Requests to the extent they call for the production of documents that were prepared in anticipation of litigation, constitute or reflect attorney work product, contain privileged attorney-client communications, or are otherwise protected from disclosure under applicable privileges, laws, or rules.

8. Plaintiff objects to the Requests on the grounds that they seek documents that are disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

– 3 –
**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST
SET OF REQUESTS FOR PRODUCTION**

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

9. Plaintiff objects to the Requests on the grounds that they seek documents that are not relevant, material, or necessary to this action and which are not likely to lead to the discovery of admissible evidence.

10. Any production of a privileged or confidential document by Plaintiff shall be construed as inadvertent and shall not waive the privilege accorded or the confidential nature of any such document.

11. Plaintiff's statement that he will produce any non-privileged responsive documents subject to the General Objections set forth herein and any Specific Objection does not constitute an acknowledgement that any such documents exist.

12. Consistent with the Local Rules and Federal Rules, Plaintiff will meet and confer with Defendant to determine the best and most efficient means of identifying documents or information withheld on the basis of privilege.

13. Where Plaintiff agrees to produce any relevant, responsive, non-privileged documents found after a reasonably diligent search subject to the General Objections set forth herein and any Specific Objection, such production is subject to the negotiation of approved custodians and search terms, where appropriate.

14. These General Objections shall be deemed continuing as to each Request, incorporated in response to each Request, whether or not specifically stated in response to each Request, and are not waived or in any way limited by the following responses.

15. These responses are based on discovery available as of the date hereof. Further discovery, independent investigation, or other analysis may lead to the discovery of additional

– 4 –
**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST
SET OF REQUESTS FOR PRODUCTION**

information or documents, which may lead to additions or changes to the responses set forth herein. These responses are given without prejudice to Plaintiff's right to produce or rely on subsequently discovered information or documents.

16. Social Tech objects to the term "Prior Owners" to the extent it purports to assert that anyone other than Social Tech has ever owned any rights, at common law or otherwise, in any mark consisting of or containing the word "memoji."

## SPECIFIC OBJECTIONS

**REQUEST NO. 1:**

Documents sufficient to show each download of Social Tech's App since its launch, including the date (or, if the specific date is not available, then the year) and the location from which each download occurred).

**OBJECTION AND RESPONSE TO REQUEST NO. 1:**

Subject to, and without waiving the General Objections, each of which are specifically incorporated herein, Plaintiff does not have any responsive materials in his possession, custody, or control. Plaintiff has reached out to Google for the information, but Google has not responded.

**REQUEST NO. 2:**

Documents sufficient to show the date Social Tech's App became available to the public.

**OBJECTION AND RESPONSE TO REQUEST NO. 2:**

Subject to, and without waiving the General Objections, each of which are specifically incorporated herein, Plaintiff will produce any relevant, responsive, non-privileged documents found after a reasonably diligent search.

– 5 –
**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION**

**REQUEST NO. 20:**

All documents relating to or reflecting communications with Lucky Bunny concerning the MEMOJI mark.

**OBJECTION AND RESPONSE TO REQUEST NO. 20:**

To date, Plaintiff has never "communicat[ed] with Lucky Bunny concerning the MEMOJI mark." Thus, Plaintiff does not have any responsive materials to produce.

Dated: March 13, 2019

/s/ David L. Hecht
John M. Pierce (S.B.N. 264703)
jpierce@piercebainbridge.com
PIERCE BAINBRIDGE
BECK PRICE & HECHT LLP
600 Wilshire Boulevard, Suite 500
Los Angeles, CA 90017-3212
Telephone: (213) 262-9333

David L. Hecht (admitted *pro hac vice*)
dhecht@piercebainbridge.com
PIERCE BAINBRIDGE
BECK PRICE & HECHT LLP
20 W. 23rd St., Fifth Floor
New York, New York 10010
Telephone: (212) 484-9866
*Attorneys for Plaintiff*

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION**

# CERTIFICATE OF SERVICE

On March 13, 2019, I caused a copy of the foregoing **PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION** to be served via email to:

**COUNSEL FOR DEFENDANT:**

| | |
|---|---|
| Dale Cendali<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>212-446-4800<br>dale.cendali@kirkland.com | Mary Mazzello<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>212-446-4800<br>212-446-4900 (fax)<br>mary.mazzello@kirkland.com |
| Megan Leigh McKeown<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>212-446-4800<br>212-446-4900 (fax)<br>megan.mckeown@kirkland.com | Lauren J. Schweitzer<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, CA 90071<br>213-680-8252<br>lauren.schweitzer@kirkland.com |
| Diana Marie Torres<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, CA 90071<br>213-680-8400<br>213-680-8500 (fax)<br>diana.torres@kirkland.com | |

Dated: March 13, 2019

*/s/ Melody McGowin*
Melody McGowin

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION**