# EXHIBIT 7

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| SOCIAL TECHNOLOGIES LLC | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:18-cv-05945-VC |
| | ) |
| APPLE INC. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Google LLC c/o Corp. Serv. Co. Which Will Do Business in California as CSC - Lawyers Incorporating Serv. 2710 Gateway Oaks Drive, Suite 150N, Sacramento CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Attn: Diana Torres, Kirkland & Ellis LLP<br>555 California Street<br>San Francisco, CA 94104 | Date and Time:<br>05/14/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/30/19

CLERK OF COURT                                    OR    /s/ Diana Torres

_____                    _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Apple Inc._____, who issues or requests this subpoena, are:

Diana Torres, Kirkland & Ellis LLP, 333 S. Hope St., Los Angeles, CA 90071, diana.torres@kirkland.com, 213-680-8338

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:18-cv-05945-VC

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 3:18-cv-05945-VC   Document 162-8   Filed 02/05/20   Page 4 of 12

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## GENERAL INSTRUCTIONS

1. These Requests are intended to cover all documents in your possession, custody or control, whether located at any of your offices, or at the offices of your successors or assigns, accountants, agents, employees, directors, officers, representatives, attorneys, assistants, bankers, brokers, or others, or at any other place. If any document was, but is no longer, in your possession or subject to your control, or in existence, state whether it (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred, voluntarily or involuntarily, to others (and if so, to whom); or (iv) has been disposed of in some other manner.

2. If any of the requested documents cannot be disclosed or produced in full, produce the documents to the extent possible, and specify your reasons for your inability to produce the remainder, stating whatever information, knowledge, or belief you have concerning the unproduced portions.

3. If any of the documents requested below are claimed to be privileged or are otherwise withheld, you are requested to provide a privilege log which identifies: (i) the basis for asserting the claim of privilege, and the precise ground on which the document is withheld; (ii) the type of document; (iii) the identity of the document's author(s) and its addressee(s), and every person who prepared or received the document or any portion thereof; (iv) the relationship of its author(s) and its addressee(s); (v) the title and other identifying data of the document; (vi) the creation date, and if applicable latest modification date, of the document; and (vii) the subject matter of the document and/or any attachment(s) to the document; (viii) the number of pages comprising the document; and (ix) whether the document is typewritten or handwritten.

4. All documents or other things responsive to a Request shall be produced as they are kept in the usual course of business pursuant to Federal Rule of Civil Procedure 45(e), or shall be organized and labeled to correspond to the Request to which they are responsive.

5.      If it is otherwise not possible to produce any document called for by any Request, or if any part of any Request is objected to, the reasons for the objection should be stated with specificity as to all grounds and, for the convenience of the Court and the parties, each Request should be quoted in full immediately preceding the objection.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

Documents submitted to Google to publish the application "Memoji," offered by Social Technologies LLC and formerly available on Google Play, including documents concerning any draft of the "Memoji" application.



**REQUEST FOR PRODUCTION NO. 2:**

Documents submitted to Google to publish the application "Memoji - by Social Technologies LLC" offered by Samuel Ernesto and currently available on Google Play at https://play.google.com/store/apps/details?id=com.socialTechx.app.memoji, including documents concerning any draft of the "Memoji - by Social Technologies LLC" application.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show the download data associated with the application "Memoji," offered by Social Technologies LLC and formerly available on Google Play, including the date of each download and the location from which each download occurred.



**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show the download data associated with the application "Memoji - by Social Technologies LLC" offered by Samuel Ernesto and currently available on Google Play at https://play.google.com/store/apps/details?id=com.socialTechx.app.memoji, including the date of each download and the location from which each download occurred.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show the date and reason for removing the application "Memoji" offered by Social Technologies LLC from Google Play.



**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show the date and reason for reinstating or not reinstating the application "Memoji" offered by Social Technologies LLC on Google Play.



**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show the download data associated with the application "Memoji - by Social Technologies LLC" offered by Samuel Ernesto and currently available on Google Play at https://play.google.com/store/apps/details?id=com.socialTechx.app.memoji, including the date of each download and the location from which each download occurred.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show the date and reason for removing the application "Memoji" offered by Social Technologies LLC from Google Play.



**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show the date and reason for reinstating or not reinstating the application "Memoji" offered by Social Technologies LLC on Google Play.



**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show the date and reason for removing, if it ever were removed, the application "Memoji - by Social Technologies LLC" offered by Samuel Ernesto and currently available at https://play.google.com/store/apps/details?id=com.socialTechx.app.memoji from Google Play.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show the date and reason for reinstating or not reinstating, if it were ever removed and reinstated, the application "Memoji - by Social Technologies LLC" offered by Samuel Ernesto on Google Play and currently available at https://play.google.com/store/apps/details?id=com.socialTechx.app.memoji.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show the date and reason for the application "Memoji - by Social Technologies LLC" offered by Samuel Ernesto being made available on Google Play at https://play.google.com/store/apps/details?id=com.socialTechx.app.memoji.

**REQUEST FOR PRODUCTION NO. 10:**

Documents concerning any request for download data for the application "Memoji" offered by Social Technologies LLC, including any requests made by Social Technologies

LLC, Samuel Bonet, Samuel Ernesto, or any person purporting to act on his, its, or their behalf, including but not limited to their attorneys, agents, representatives, assigns, directors, or officers.

**REQUEST FOR PRODUCTION NO. 11:**

Documents concerning any request for download data for the application "Memoji - by Social Technologies LLC" offered by Samuel Ernesto on Google Play and currently available at https://play.google.com/store/apps/details?id=com.socialTechx.app.memoji, including any requests made by Social Technologies LLC, Samuel Bonet, Samuel Ernesto, or any person purporting to act on his, its, or their behalf, including but not limited to their attorneys, agents, representatives, assigns, directors, or officers.

**REQUEST FOR PRODUCTION NO. 12:**

All documents (including communications) provided to or exchanged with any person related to the application "Memoji" offered by Social Technologies LLC, including any documents provided to or exchanged with Social Technologies LLC, Samuel Bonet, Samuel Ernesto, or any person purporting to act on his, its, or their behalf, including but not limited to their attorneys, agents, representatives, assigns, directors, or officers.



**REQUEST FOR PRODUCTION NO. 13:**

All documents (including communications) provided to or exchanged with any person related to the application "Memoji - by Social Technologies LLC" offered by Samuel Ernesto on Google Play and currently available at https://play.google.com/store/apps/details?id=com.socialTechx.app.memoji, including any documents provided to or exchanged with Social Technologies LLC, Samuel Bonet, Samuel Ernesto, or any person purporting to act on his, its, or their behalf, including but not limited to their attorneys, agents, representatives, assigns, directors, or officers.