Diana M. Torres (S.B.N. 162284)
diana.torres@kirkland.com
Lauren J. Schweitzer (S.B.N. 301654)
lauren.schweitzer@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, California 90071
Telephone: (213) 680-8400

Dale M. Cendali (S.B.N. 1969070)
dale.cendali@kirkland.com
Mary Mazzello (admitted *pro hac vice*)
mary.mazzello@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800

Megan L. McKeown (admitted *pro hac vice*)
megan.mckeown@kirkland.com
KIRKLAND & ELLIS LLP
609 Main Street
Houston, Texas 77002
Telephone: (713) 836-3499

Attorneys for Defendant Apple Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SOCIAL TECHNOLOGIES LLC, a Georgia limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 3:18-cv-05945-VC<br><br>**SUPPLEMENTAL DECLARATION OF DALE M. CENDALI IN SUPPORT OF APPLE INC.'S MOTION FOR ATTORNEYS' FEES** |

I, Dale M. Cendali, declare as follows:

1. I am admitted in the Northern District of California and am a partner at Kirkland & Ellis LLP ("Kirkland"), located at 601 Lexington Avenue, New York, New York 10022.

2. I am counsel of record for Defendant Apple Inc. ("Apple"). I make this supplemental declaration in support of Apple's Motion for Attorneys' Fees.

3. This declaration is based on personal knowledge and/or knowledge from the review of facts and records in this case, and if called to testify as a witness, I could and would do so competently under oath.

**<u>It Was Reasonable to Send More Than One Attorney to Depositions and Hearings</u>**

4. In light of the size of this case, the critical nature of the relief Social Technologies LLC ("Social Tech") sought, and the multitude of issues that Social Tech raised, Kirkland often had more than one attorney participate in depositions and court proceedings (including hearings and conferences). This complexity included a request for injunctive relief that would have required changes to the operating systems for Apple's mobile devices, and a wide variety of issues including market penetration, continuous use, bona fide use, trademark assignment validity, tacking, and likelihood of confusion. This decision was also made because each attorney who was present has different experience, skills, and factual knowledge to contribute.

5. No more than two Kirkland attorneys, however, were ever present at depositions or witness preparation meetings. The staffing arrangement for fact depositions was that one partner and one associate would attend, with the partner typically taking or defending the deposition and the associate providing assistance. In this arrangement, the partner would focus on big-picture strategy for summary judgment and trial and be able to use her extensive experience and expertise to Apple's benefit at the deposition. In contrast, the associate would focus more on the factual details of the

case and would contribute her in-depth knowledge of the documentary record. The associate would also generally assist by conducting legal and factual research, along with similar tasks, while the partner focused on the witness. The associate would also keep notes of aspects of the testimony expected to be important for summary judgment and trial. In addition, both attorneys would be in a position to judge the demeanor of the witness and make important assessments in anticipation of trial.

6. For all but one of the expert depositions, only one Kirkland attorney attended the deposition.

7. For all court proceedings except the hearings on Social Tech's preliminary injunction motion and the parties' summary judgment motions, no more than two Kirkland attorneys participated. In such court proceedings, the participating attorneys always had different knowledge, experience, and/or skills to contribute. The team was typically comprised of attorneys who had focused primarily on different aspects of the case—either they had focused on different discrete issues that were pertinent to the hearing or there was a more senior attorney who was focused more on big-picture strategy and a more junior attorney who was more familiar with the details of the factual record. Given the number of issues presented and importance of these hearings, four Kirkland attorneys attended the preliminary injunction hearing and three Kirkland attorneys attended the summary judgment hearing. In both instances, the attending attorneys were intimately involved in drafting the relevant briefs and each had focused on different issues or aspects of the case. Whenever more than one Kirkland attorney attended a court proceeding, any attorney not speaking was prepared to conduct additional research, obtain documents, or point out some discovery-related fact and to otherwise assist the speaking attorney.

8. In my experience, Kirkland's staffing arrangements on this case were typical of cases of this size and complexity. The number of Kirkland attorneys who participated in depositions (including preparation sessions) and hearings in this case was similar to the number of attorneys who have participated in such proceedings in other cases involving allegations of trademark infringement and related claims.

9. Social Tech also had similar staffing arrangements for depositions and hearings, which I believe shows Social Tech's recognition that such arrangements are reasonable. For example, two attorneys from Pierce Bainbridge attended the deposition of Social Tech's principal (Samuel Bonet). Additionally, at the hearing on the parties' summary judgment motions, three attorneys entered appearances for Social Tech and I believe a fourth attorney was also present from Pierce Bainbridge, as our team recalls a person at counsel's table other than the three attorneys who argued. And two attorneys from Mavronicolas & Dee, LLP (Social Tech's counsel at the time) attended the hearing on Social Tech's preliminary injunction motion. Based on the current website for Mavronicolas & Dee, LLP, the firm has only eight attorneys.

**<u>Social Tech Took Extensive Depositions and Improperly Withheld Documents</u>**

10. Social Tech deposed four Apple witnesses. Those witnesses were designated as Apple's 30(b)(6) witnesses and covered, collectively, more than 20 of Social Tech's designated 30(b)(6) deposition topics.

11. Social Tech also deposed one witness from Lucky Bunny.

12. In addition, in opposition to Apple's motion for attorneys' fees, Social Tech relied on its engagement letter with Tyler Droll. *See* Dkt. 168-8. Social Tech, however, did not produce this engagement letter during discovery, despite the fact that Apple expressly called for the production of "[a]ll documents not previously produced in this Action relating to Social Tech's retention of any

expert in this Action, including Tyler Droll and Andreas Groehn, which relates to or reflects: (1) compensation for the expert's work in this action[.]" Attached as **Exhibit 1** is a true and correct copy of Apple's Fifth Set of Requests for Production Directed to Plaintiff Social Technologies LLC, dated August 14, 2019.

13. Nevertheless, Social Tech never produced this engagement letter and only disclosed it in opposition to this motion.

14. During Mr. Droll's deposition, I asked Mr. Droll when he was retained as an expert in this matter. He could not recall the date but indicated that his engagement letter would help him remember. I thus called for the production of Mr. Droll's engagement letter, but counsel for Social Tech objected. A true and correct copy of an excerpt from the deposition of Tyler Droll is attached hereto as **Exhibit 2**.

**Articles Regarding Pierce Bainbridge's Involvement in Litigation Funding**

15. Attached hereto as **Exhibit 3** is a true and correct copy of a March 10, 2020 *Law360* article titled "With Pierce Chief On Leave, New Suit Claims Funding Antics."

16. Attached hereto as **Exhibit 4** is a true and correct copy of a March 10, 2020 article from *The Recorder* titled "Pierce Bainbridge Leader John Pierce Is On Leave Amid Financing Questions."

17. Attached hereto as **Exhibit 5** is a true and correct copy of a March 16, 2020 *Law360* article titled "Pierce Bainbridge Funding Deal Raises Ethical Red Flags."

**Social Tech's Inflammatory Social Media Posts About Apple and This Litigation**

18. Shortly before the hearing on the parties' cross motions for summary judgment, counsel for Social Tech posted on LinkedIn that "Apple continues its blatant infringement of Social Tech's federally registered trademark, MEMOJI. I'm looking forward to explaining this to the court

next week! Apple seems to forget that I was on the team that prevailed in the first ever exclusion order against it at the ITC. They are not going to be happy when they are finally enjoined from using MEMOJI…" Social Tech's principal—Sam Bonet—shared this post, writing that "David Hecht and the Pierce Bainbridge All Stars are rolling in hot to summary judgement next week! #justicewillprevail #rottenapples #appleadaykeepsinnovationaway." A screenshot of this post is attached hereto as **Exhibit 6**.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: March 18, 2020

Respectfully submitted,

Dale M. Cendali (S.B.N. 1969070)
dale.cendali@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800

Attorney for Defendant Apple Inc.