# EXHIBIT 1

Dale M. Cendali (S.B.N. 1969070)
dale.cendali@kirkland.com
Mary Mazzello (*pro hac vice*)
mary.mazzello@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800

Diana M. Torres (S.B.N. 162284)
diana.torres@kirkland.com
Lauren J. Schweitzer (S.B.N. 301654)
lauren.schweitzer@kirkland.com
Yungmoon Chang (S.B.N. 311673)
yungmoon.chang@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400

Attorneys for Defendant Apple Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIAL TECHNOLOGIES LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br><br>        Defendant. | CASE NO. 3:18-cv-05945-VC<br><br>**DEFENDANT APPLE INC.'S FIFTH SET OF REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFF SOCIAL TECHNOLOGIES LLC** |

**PROPOUNDING PARTY:** Defendant

**RESPONDING PARTY:** Plaintiff

**SET:** Five

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this judicial district, Defendant Apple Inc. ("Apple") hereby demands that Plaintiff Social Technologies LLC ("Social Tech") produce the following categories of documents within thirty (30) calendar days of service to the offices of Kirkland & Ellis LLP, 333 S. Hope Street, Los Angeles, California, 90071.  The following definitions and instructions are applicable to all requests contained herein.

## DEFINITIONS

1. "Apple" shall refer to Defendant Apple Inc.

2. "Social Tech," "You," "Your," and "Yours," shall refer to Plaintiff Social Technologies LLC and its subsidiaries, affiliates, directors, officers, employees, agents, and attorneys.

3.  "Memoji Software Feature" shall refer to the Memoji software feature in Apple's iOS 12 operating system.

4. "Social Tech's App" or "Your App" shall refer to the app Social Tech alleges it released on June 28, 2018, as referenced in paragraph 7 of Social Tech's Complaint, or any iteration thereof, including under the title "Memoji - by Social Technologies LLC."

5. "Anthony's App" refers to the mobile application bearing a title consisting of or including the word "memoji" owned or claimed to be owned by Christopher Anthony, as referenced in the Motion by Christopher Anthony for Leave to Intervene Under FRCP Rule 24 (Dkt. 65) and Your Opposition to Christopher Anthony's Motion to Intervene (Dkt. 69).

6. The "Action" or this "Action" refers to the lawsuit in which this discovery is being conducted, captioned *Social Technologies LLC v. Apple Inc.*, Case No. 3:18-cv-05945-VC.

7. The "Complaint" refers to the initial complaint filed in the Action.

8. The terms "persons" or "individuals" refer to and will include, without limitation and in the singular as well as in the plural, natural persons, partnerships, corporations, firms, joint ventures, groups, associations, and all other organizations, unless the context specifically indicates otherwise.

9. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. The term "including" shall mean including, but not limited to.

11. The term "persons" refers to and will include, without limitation and in the singular as well as in the plural, natural persons, partnerships, corporations, firms, joint ventures, groups, associations, and all other organizations, unless the context specifically indicates otherwise.

12. The term "document" or "documents" shall have the broadest meaning possible under Federal Rule of Civil Procedure 34.  Further, the word "document" or "documents" includes, but is not limited to, any written or graphic matter of any kind or character, however produced or reproduced; any electronically or magnetically recorded matter of any kind or character, however produced or reproduced; and any other matter constituting the recording of data or information upon any tangible thing by any means, as well as any tangible thing on which information is recorded in writing, sound, electronic or magnetic impulse, or in any other manner, including but not limited to paper, cards, tapes, film, electronic facsimile, e-mail, computer storage devices, video discs or any other media.  For the purposes of this definition, "matter" shall include, but shall not be limited to paper, cards, tapes, film, electronic facsimile, e-mail, computer storage devices, video discs, letters, memoranda, notes, law books, contracts, agreements, opinions, programs, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, records and recordings of oral conversations, and work papers, and shall also include, but shall not be limited to, originals plus all copies which are different in any way from the original whether by handwritten notes, interlineation, receipt stamp notation, indication of copies sent or received, or otherwise, as well as all preliminary versions, drafts or revisions of any of the foregoing and any supporting, underlying or preparatory material, which are in your possession, custody, or control or in the

possession, custody, or control of your present or former agents, representatives, or attorneys, or any and all persons acting on their behalf.

13. Unless otherwise indicated in a specific interrogatory, the term "identify" means:

(i) As to an individual, state his or her full name, the present or last known business and residence addresses, phone numbers and facsimile numbers (if applicable);

(ii) As to any entity other than an individual, state its legal name and the name, if different, by which it does business and the address of its principal place of business; and

(iii) As to any document, state the title of the document and the type of document, its date, author, and addressee or recipient, and its Bates number, if any.

14. The term "facts" refers to and will include, without limitation and in the singular as well as in the plural, all circumstances, occurrences, occasions, events, incidents, oral communications, writings, electronic transmissions, episodes, experiences, happenings, transactions, and all kinds of other affairs, matters, or things.

15. The term "communication" refers to and will include, without limitation and in the singular as well as in the plural, all conversations, telephone conversations, statements, discussions, debates, arguments, discourses, colloquies, interviews, consultations, and every other kind of oral utterance.

16. The terms "relating," "relate," or "relates to" shall mean asserting, constituting, comprising, containing, concerning, embodying, evidencing, reflecting, identifying, stating, referring to, dealing with, setting forth, showing, disclosing, describing, explaining, reflecting, summarizing, supporting, or referred to, directly or indirectly.

17. The terms "supports" or "supporting" shall mean providing a basis or foundation for, promoting, substantiating, upholding, lending credence to, defending, corroborating, or advocating.

18. The words "any" or "all" shall mean "any and all" as appropriate in order to bring within the scope of these requests all responses that might otherwise be beyond their scope.

19.     The term "concerning" shall mean relating to, referring to, describing, reflecting, evidencing, constituting, comprising, supporting, negating, contradicting, proving or disproving.

20.     The singular shall include the plural and vice versa, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope. "Each" and "any'' shall be construed to include both the singular and the plural.

21.     The past tense shall include the present tense and vice versa, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed outside the scope.

22.     Any term that is not defined herein has its usual and customary meaning.

## INSTRUCTIONS

1.      These requests are intended to cover all documents in your possession, custody or control, whether located at any of your offices, or at the offices of your successors or assigns, accountants, agents, employees, directors, officers, representatives, attorneys, assistants, bankers, brokers, or others, or at any other place. If any document was, but is no longer, in your possession or subject to your control, or in existence, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others (and if so, to whom); or (d) has been disposed of in some other manner (and, if so, how). If you have reason to believe a responsive document is in the possession of a third party, identify: (i) the basis for this belief; (ii) the person believed to be in possession of the responsive document; (iii) where you believe the responsive document may be located; and (iv) other information as is sufficient to identify the document for a subpoena duces tecum.

2.      The production should include every document known to you and every such document which can be located or discovered by reasonably diligent efforts by you.

3.      If you claim that any of the requested documents are responsive but that portions of such responsive documents need not be disclosed or produced for any reason other than privilege, produce the documents in a redacted form and state your basis for withholding the redacted portions of the documents.

4.      If you contend that a response to a request calls for the disclosure of privileged information, in whole or in part, or if you otherwise object to any part of any request, you are required to provide a complete response to the portion of the request that is not privileged or objectionable.  With respect to the remainder of the request, state the following:

(i)     the reason for such objection or ground for exclusion;

(ii)    the identity of each person having knowledge of the factual basis and the identity of the individual documents, if any, on which the privilege or other ground is asserted;

(iii)   the nature of the claim or privilege; and

(iv)    the brief description of the item, document or thing in a manner so as not to waive the privilege.

5.      The documents or other things responsive to the requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the request to which they are responsive.  Each page shall bear a unique tracking number, such as a Bates number or the equivalent.  Subsequent sets of production shall utilize consecutive tracking numbers.

6.      If you object to any term or phrase as vague, ambiguous, or indefinite, then provide your understanding of the term or phrase and respond accordingly.  If you object to the scope or time period of a request and refuse to respond for that scope or time period, state your objection and respond for the scope or time period you believe is appropriate.  If any request cannot be answered in full after exercising due diligence to secure the information, please so state.  If your response is qualified in any particular manner, set forth the details of such qualification.

7.      When documents, data, knowledge or information in your possession are requested, such request includes the knowledge of your attorneys, accountants, agents, representatives and experts, and any professional employed or retained by you, relating to any of the facts or issues involved in this proceeding.

8.      These requests shall be considered continuing, and you are to supplement your response in a timely manner if additional responsive information is discovered or comes into existence.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 35:**

All documents not previously produced in this Action relating to Social Tech's retention of any expert in this Action, including Tyler Droll and Andreas Groehn, which relates to or reflects: (1) compensation for the expert's work in this Action; (2) facts, data, or any other information related to this Action that Social Tech or its counsel provided to the expert; (3) opinions or assumptions Social Tech or its counsel provided to the expert; (4) all documents independently acquired by the expert related to this Action; and (5) all materials considered by, created by (or at the direction of), or relied upon by the expert in forming his or her opinions in this Action, including work papers, transcripts, affidavits, reference materials, articles, treatises, witness interview notes or summaries, industry publications, and the results of the "pretest" survey conducted by Andreas Groehn, referenced in paragraph 52 of his July 31, 2019 report.

Dated:  August 14, 2019                              Respectfully submitted,

                                                     KIRKLAND & ELLIS LLP


                                                     /s/ *Diana M. Torres*
                                                     Diana M. Torres

                                                     Attorney for Defendant Apple Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2019, I caused a copy of the foregoing **DEFENDANT APPLE INC.'S FIFTH SET OF REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFF SOCIAL TECHNOLOGIES LLC** to be served as follows:

**COUNSEL FOR PLAINTIFF:**

| | |
|---|---|
| John M. Pierce<br>Pierce Bainbridge Beck Price & Hecht LLP<br>355 S. Grand Ave., 44th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 262-9333 | ☒ **VIA ELECTRONIC MAIL**<br>(jpierce@piercebainbridge.com)<br>(dhecht@piercebainbridge.com) |
| David L. Hecht<br>Pierce Bainbridge Beck Price & Hecht LLP<br>277 Park Ave., 45th Floor<br>New York, New York 10017<br>Email: dhecht@piercebainbridge.com | |

*/s/ Yungmoon Chang*
Yungmoon Chang