UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIAL TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 18-cv-05945-VC<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 162 |

    Apple moves for attorney's fees under the Lanham Act, which provides that courts in "exceptional" trademark cases "may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Under this totality-of-the-circumstances standard, an "exceptional" case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014); *see SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (per curiam).

    Whether to award fees in this case is an exceedingly close question, because Social Tech's behavior comes close to crossing the line into exceptional territory. As any reasonable jury would have been compelled to find, Social Tech cobbled together a minimally functional (and frequently dysfunctional) app with the sole aim of filing an opportunistic lawsuit against Apple, not with the aim of competing in the marketplace. *See* Dkt. No. 142. Social Tech's overeager pursuit of a big payout—Lamborghinis and all—led the company to overlook the crucial requirement that the distribution of its application be "made in the ordinary course of

trade." *Electro Source LLC v. Brandess-Kalt-Aetna Group, Inc.*, 458 F.3d 931, 939 n.6 (9th Cir. 2006); *see* 15 U.S.C. § 1127.

But viewing Social Tech's conduct in context, this case is not so far outside the mine-run of failed trademark cases to warrant an award of fees. Prior to Apple's announcement of its Memoji software, Social Tech had filed an intent-to-use application for MEMOJI and taken some (very) preliminary steps toward developing a phone application with that design mark. So Social Tech didn't fabricate its claims out of whole cloth. *Cf. Segan LLC v. Zynga Inc*, 131 F. Supp. 3d 956, 961–62 (N.D. Cal. 2015). Nor is Social Tech's conduct in discovery and in this litigation sufficiently egregious to make the case exceptional. Apple's motion for attorney's fees is accordingly denied.[1]

**IT IS SO ORDERED.**

Dated: June 19, 2020

VINCE CHHABRIA
United States District Judge

---

[1] Apple's motion to seal, Dkt. No. 161, is granted.